# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUSSELL KAEMMERLING** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 07-1046 (RBW)** |
| | ) |
| **ALBERTO GONZALES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## FEDERAL DEFENDANTS' MOTION TO DISMISS

The Federal Defendants, Alberto Gonzales, Gregory R. Miller, Janet Reno, and P. Michael Patterson, in their official capacity,[1] respectfully move this Court to dismiss this case for improper venue and failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(3) and (6). The Federal Defendants also request that this case be dismissed as frivolous pursuant to the Prisoner Litigation Reform Act.

In support of this Motion, Federal Defendants refer the Court to the accompanying memorandum of points and authorities. A proposed Order consistent with this Motion also is attached. Pro se Plaintiff should note that the assertions contained in the accompanying declarations and other attachments in support of Defendants' motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence

---

[1] Defendants assume Plaintiff is suing them in their official capacity. To the extent he is suing Defendants in their individual capacity, they are protected by absolute immunity. See infra at n.4.

contradicting Defendants' declarations and attachments.[2]    Because this is a dispositive motion,

and because Plaintiff is a *pro se* litigant, Defendants' counsel has not conferred with Plaintiff

regarding the motion.  See LCvR 7(m).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
555 4th Street, N.W. Rm. 4112-E
Washington, D.C. 20530
(202) 307-0338

---

[2] Any factual assertions contained in documents in support of this Motion must be
accepted by the Court as true unless Plaintiff submits his own affidavit or other competent
evidence contradicting the assertions in the documents.  See Neal v. Kelly, 963 F.2d 453, 456-57
(D.C. Cir. 1992); Local Rules 7(h) and 56.1; and Fed. R. Civ. P. 56(e), which provides as
follows:

> When a motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations or denials of the
> adverse party's pleading, but the adverse party's response, by affidavits or as
> otherwise provided in this rule, must set forth specific facts showing that there is a
> genuine issue for trial.  If the adverse party does not so respond, summary
> judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUSSELL KAEMMERLONG** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 07-1046 (RBW)** |
| | ) |
| **ALBERTO GONZALES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## FEDERAL DEFENDANTS' STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Federal Defendants respectfully submit this Memorandum of Points and Authorities in Support of the Motion to Dismiss for improper venue[3] and failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(3) and (6). In addition, the Federal Defendants move to dismiss the Complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

## FACTUAL BACKGROUND AND PLAINTIFF'S COMPLAINT

On June 20, 2000, Plaintiff was arraigned in the United States District Court for the Northern District of Florida (Pensacola) on one count of conspiracy, 18 U.S.C. § 371, four counts of wire fraud, 18 U.S.C. § 1343, and fourteen counts under the National Stolen Property Act, 18 U.S.C. § 2314. See United States v. Kelly et al., Criminal Docket 00-cr-00045-RV-MD-2 (attached hereto as Exhibit 1) at 3 and docket #32. On September 6, 2000, a jury found Plaintiff guilty on all counts. See Exhibit 1 at docket #126.

---

[3] While the Court could, in its discretion, transfer this case to the Northern District of Florida pursuant to 28 U.S.C. §§ 1402(b), 1404(a) and 1406(a), for the reasons set forth infra, it should be dismissed with prejudice.

Plaintiff filed a Notice of Appeal on December 13, 2000. See id. at docket #206. The Court of Appeals for the Eleventh Circuit issued a Mandate affirming Plaintiff's convictions on June 7, 2002. See id. at docket #318; Mandate and Opinion (attached hereto as Exhibit 2). On July 17, 2003, Plaintiff filed a Motion for Relief from Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4), see Exhibit 1 at docket #462, which was denied on July 25, 2003. See id. at docket #474. Plaintiff appealed the District Court's order on August 13, 2003. See id. at docket #488. In his appellate brief, Plaintiff attempted to advance the same argument contained in the instant complaint, i.e., that the District court lacked subject matter jurisdiction because "the laws under which Mr. Kaemmerling was charged were never enacted into positive law . . ." See Kaemmerling Appellate Brief (attached hereto as Exhibit 3). On June 4, 2004, the Eleventh Circuit, on its own motion, dismissed Plaintiff's appeal as frivolous. See United States v. Kaemmerling, Docket #03-14190-SS (attached hereto as Exhibit 4); Order (attached hereto as Exhibit 5). On January 10, 2005, the Supreme Court denied Plaintiff's petition for writ of certiorari. Kaemmerling v. U.S., 543 U.S. 1076 (2005). On November 14, 2005, the Supreme Court denied Plaintiff's petition for writ of habeas corpus. In re Kaemmerling, 546 U.S. 1014 (2005).

## ARGUMENT

## I.    LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996). A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested.

<u>Appleton v. United States</u>, 69 F. Supp. 2d 83, 86 (D.D.C. 1999); <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1117 (D.C. Cir. 2000).  A court should dismiss a complaint for failure to state a claim when the complaint fails "to raise a right to relief above the speculative level."  <u>E.g.</u>, <u>Bell Atlantic v. Twonbly</u>, 1275 S.Ct. 1955, 1956 (2007).  The court need not accept as true the plaintiff's legal conclusions.  <u>See</u> <u>Taylor v. FDIC</u>, 132 F.3d 753, 762 (D.C. Cir. 1997).  In determining whether a complaint fails to state a claim, the Court may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which it may take judicial notice.  <u>See</u> <u>E.E.O.C. v. St. Francis Xavier Parochial Sch.</u>, 117 F.3d 621, 624-625 (D.C. Cir. 1997).  From the facts alleged in the complaint in this case, Plaintiff can prove no set of facts that would entitle him to relief.

## II.    PLAINTIFF FAILS TO STATE A CLAIM

In "Plaintiff's Original Complaint" ("Compl."), he alleges that the Federal Defendants "had a responsibility to prevent Plaintiff from being prosecuted for actions which were and are not criminal."  <u>See</u> Compl. ¶ 9.  He further alleges that "[e]ach of the indictments against Plaintiff were for violations of statutes with no legal validity."  <u>See</u> <u>id.</u>  Specifically, Plaintiff asserts that 18 U.S.C. §§ 2, 371, 1343 and 2314 have "never been properly enacted into positive law," <u>see</u> <u>id.</u> ¶ 7; therefore, the District Court for the Northern District of Florida lacked subject matter jurisdiction.  <u>See</u> <u>id.</u> ¶ 14.  Plaintiff's claim is patently frivolous and should be dismissed.

According to the legislative agenda noted in the preface to the United States Code,

> [t]o enact a statue into positive law, Congress must specifically
> approve the language of the codification.  The Office of the
> Revision Counsel submits each individual title of the code to
> Congress for enactment.  When Congress enacts a title of the Code
> into positive law, it puts its authoritative imprimatur on the

> language appearing in that particular title of the Code.  As of 1998,
> less than half the title in the code had been enacted into positive
> law.

Goldsby v. United States, 152 Fed.Appx. 431, 440 (C.A. 6 (Ohio)) (2005), reh'g en banc denied

(Feb. 16, 2006).  Several courts, including this Circuit, have concluded that "Congress's failure

to enact a title into positive law has only evidentiary significance and does not render the

underlying enactment invalid or unenforceable."  United States v. Almonte-Nunez, 1999 W.L.

1215922 (D.C. Cir. 1999) (unreported) at *1 (quoting Ryan v. Bilby, 764 F.2d 1325, 1328 (9th

Cir. 1985); Goldsby v. United States, 152 Fed.Appx. at 441 (challenges on the grounds that Title

21 has not yet been revised, codified, and enacted into positive law are frivolous) (citation

omitted); United States v. Gray, 2007 WL 837264 at *2 (March 15, 2007) (argument that Title 26

of the United States Code, the Internal Revenue Code, "is unenforceable because it has not been

enacted into positive law is frivolous, baseless, specious, and preposterous") (citations and

internal quotations omitted); Nelson v. United States, 62 F.3d 1425 at *1 (C.A. 9 (Cal.)) (Aug. 8,

1995) (unpublished) ("The fact that relevant portions of Title 26 have not been enacted into

positive law does not render the Code unenforceable.") (citation omitted); see also Smith v.

United States, 2007 WL 201089 at *8 (W.D. Wash.) (Jan. 22, 2007) ("Title 18 was enacted into

positive law by the Congress of the United States on June 25, 1948.  See 62 Stat. 683.  When a

title of the United States Code has been enacted into positive law, the text of the Code constitutes

legal evidence of the law.") (citing 1 U.S.C. § 204(a); United States Nat'l Bank of Or. v. Indep.

Ins Agents of Am., Inc., 508 U.S. 439, 448 n.3 (1993).

      In this case as in those cited above, Plaintiff's claim that "Title 18 is a nullity and [that]

the court had no subject matter jurisdiction to have placed the Plaintiff on trial," see Compl. ¶ 50,

is frivolous and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §

1915A(b)(1).  See Beaird v. Gonzalez, 495 F.Supp.2d 81 (D.D.C. 2007) ("This unsubstantiated

claim, which is wholly unrelated to the events forming the basis of the complaint, rests on the

sort of fanciful factual allegations warranting dismissal as frivolous.") (citation and internal

quotations omitted).

## III.    Plaintiff May Not Recover Damages For Alleged Unconstitutional Conviction Unless He First Proves That Conviction Has Been Invalidated[4]

In this Circuit, it is well-settled that a plaintiff may not maintain an action indirectly

challenging the validity or duration of his criminal conviction until he first prevails in an action

invalidating that conviction.  In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme

Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must

---

[4] To the extent Plaintiff is challenging his conviction, he must bring such an action in the sentencing court, the Northern District of Florida, pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255.  According to Exhibit 1, Plaintiff has previously filed a § 2255 motion, which was summarily dismissed as untimely.  See Exhibit 1 at docket #601.  Even if Plaintiff urges this Court to interpret his filing as a writ of habeas corpus, "the only proper defendant in a habeas case is the petitioner's immediate custodian - - that is, the warden of the facility in which the petitioner is incarcerated at the time he files the habeas petition."  Fletcher v. Reilly, 433 F.3d 867, 875 (D.C. Cir. 2006) (citations and internal quotation marks omitted).  At the time Plaintiff filed this complaint, he was incarcerated in Seagoville, Texas; therefore, a writ of habeas corpus filed by Plaintiff belongs in the Northern District of Texas.

> consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it
> would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been
> invalidated.

This directive was applied in Hazel v. Reno, 20 F. Supp. 2d 21 (D.D.C. 1998).  In that case, plaintiff claimed "no injury distinct from his conviction.  The 'extra-judiciary' conspiracy that Hazel envisions and the specific overt acts that allegedly furthered the conspiracy all center on the validity of his conviction."  Hazel, 20 F. Supp. 2d at 24.  The Hazel Court stated that "were a judgment to be granted in Hazel's favor in the case at bar, it 'would necessarily imply the invalidity of his conviction.'" Hazel at 24 (quoting Heck at 487).  See also Robinson v. Ashcroft, 357 F. Supp. 2d 142,145 (D.D.C. 2004) (holding that plaintiff's claim of ineffective assistance of counsel from his court-appointed attorney was barred by Heck because "plaintiff's success on the merits would implicitly question the validity of the conviction").

In this case, as in Hazel, a ruling in favor of Plaintiff  would "necessarily imply the invalidity of his conviction."  See Heck.  512 U.S. 477 at 486.  Moreover, "although the Heck case involved the application of § 1983 actions, its holding is not limited to that type of case alone."  Robinson v. Ashcroft, 357 F. Supp. 2d at 145.  As the court observed in Hazel, "Heck does not rest on statutory language, legislative history, comity, or any other consideration unique to actions under 42 U.S.C. § 1983.  It rests instead on the need for finality of criminal convictions and on the analogy between actions under § 1983 and the common law of malicious prosecution, which barred the suit unless the criminal prosecution ended in the plaintiff's favor."  20 F. Supp. 2d at 24 (citation omitted).  Therefore, although Plaintiff in this case relies upon the specious

argument that Title 18 is not enforceable in his effort to avoid <u>Heck</u>'s preclusive rule, his complaint is still barred because "to permit [the Plaintiff] to prosecute this civil action would merely vest him with [a] collateral opportunity to impugn the legitimacy of his conviction." <u>Hazel</u> at 24.

**<u>CONCLUSION</u>[5]**

Based upon the foregoing, Defendants respectfully move that this Court grant their motion to dismiss Plaintiff's Complaint for lack of jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.



Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

---

[5] To the extent Plaintiff is attempting to recover damages from the prosecutorial chain-of-command, the named Federal Defendants are protected by absolute immunity.  <u>See</u>, <u>e.g.</u>, <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 269 (1993); <u>Yaselli v. Goff</u>, 275 U.S. 503 (1927); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976) (The prosecutor's immunity extends to any activities that are "intimately associated with the judicial phase of the criminal process.").

/s/

KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
555 4th Street, N.W. Rm. E 4112
Washington, D.C. 20530

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Federal Defendants' Motion to

Dismiss, has been made via Electronic Case Filing and/or mail to plaintiff, Mr. Russell

Kaemmerling, Reg. No. 04899-017, P.O. Box 9000, Seagoville, TX 75159-9000, on September

11, 2007.

/s/

KAREN L. MELNIK D.C. BAR #436452
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
Civil Division
555 Fourth Street, N.W. #4112
Washington, D.C. 20530
(202) 307-0338(O)
(202) 514-8780 (Fax)

# Exhibit 1

MD

# U.S. District Court
## Northern District of Florida - District Version 3.0 (Pensacola)
## CRIMINAL DOCKET FOR CASE #: 3:00-cr-00045-RV-MD-2

Case title: USA v. KELLY, et al

Date Filed: 05/31/2000
Date Terminated: 12/05/2000

Assigned to: SENIOR JUDGE ROGER VINSON
Referred to: Magistrate Judge MILES DAVIS

Appeals court case numbers: '03-14190-J' '3:00cr45/RV', '03-14190-JJ' 'USCA', '03-15379-JJ' 'USCA', '05-11056-F'

**Defendant**

**RUSSELL ELROY KAEMMERLING** (2)
*TERMINATED: 12/05/2000*

represented by **RUSSELL ELROY KAEMMERLING**
04899-017
FCI SEAGOVILLE
PO BOX 9000
SEAGOVILLE, TX 75159-9000
PRO SE

**DENNIS JC OWENS**
DENNIS JC OWENS PA - KANSAS CITY MO
1111 MAIN ST - TOWN PAVILION
7TH FL - HARTZFELD'S BLDG
KANSAS CITY, MO 64105
816/474-3000
Fax: 474-5533
*TERMINATED: 03/17/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**JAMES R WYRSCH**
WYRSCH HOBBS MIRAKIAN ETC
1101 WALNUT
STE 1300
KANSAS CITY, MO 64106
816/221-0080
Fax: 221-3280
*TERMINATED: 03/17/2003*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**SAMUEL T CURRIN**
CURRIN LAW BLDG
PO BOX 269
RALEIGH, NC 27602-0269
919/833-0888
Fax: 833-8171
*TERMINATED: 12/12/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**THOMAS C GOOLSBY**
CURRIN LAW FIRM PLLC
620 MARKET ST
WILMINGTON, NC 28401
910/763-3339
Fax: 763-1720
*TERMINATED: 12/12/2000*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**US PROBATION**
US PROBATION OFFICE -
PENSACOLA FL
17 S DEVILLIERS ST
PENSACOLA, FL 32501-4858
850/435-8430
Fax: 432-0577
*TERMINATED: 03/17/2003*
*ATTORNEY TO BE NOTICED*
*Designation: Pro Bono*

**Pending Counts**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**

18:371.F CONSPIRACY TO

**Disposition**

**Disposition**

Custody BOP for a term of 60 mos on
each of Counts 1, 6, 7, 11 & 19 w/terms
to run concurrently; 3 years Supervised
Release on all counts w/terms to run

DEFRAUD THE UNITED STATES
(1)

concurrently; $50 SMA each count
(total $950.00 SMA); total restitution of
$5,074, 000.00 joint & several; fine
waived.

18:2314.F SCHEME TO DEFRAUD:
MONEY, STATE TAX STAMPS
(2-5)

Custody BOP for a term of 120 months
on Counts 2-5, 8-10 & 12-18 w/terms to
run concurrently; 3 years Supervised
Release on all counts w/terms to run
concurrently; $50 SMA each count
(Total $950.00 FMA); fine waived;
total restitution of &# 036;5,074,000.00
joint & several.

18:1343.F FRAUD BY WIRE, RADIO,
OR TELEVISION
(6-7)

Custody BOP for a term of 60 mos on
each of Counts 1, 6, 7, 11 & 19 w/terms
to run concurrently; 3 years Supervised
Release on all counts w/terms to run
concurrently; $50 SMA each count
(total $950.00 SMA); total restitution of
$5,074, 000.00 joint & several; fine
waived.

18:2314.F SCHEME TO DEFRAUD:
MONEY, STATE TAX STAMPS
(8-10)

Custody BOP for a term of 120 months
on Counts 2-5, 8-10 & 12-18 w/terms to
run concurrently; 3 years Supervised
Release on all counts w/terms to run
concurrently; $50 SMA each count
(Total $950.00 FMA); fine waived;
total restitution of &# 036;5,074,000.00
joint & several.

18:1343.F FRAUD BY WIRE, RADIO,
OR TELEVISION
(11)

Custody BOP for a term of 60 mos on
each of Counts 1, 6, 7, 11 & 19 w/terms
to run concurrently; 3 years Supervised
Release on all counts w/terms to run
concurrently; $50 SMA each count
(total $950.00 SMA); total restitution of
$5,074, 000.00 joint & several; fine
waived.

18:2314.F SCHEME TO DEFRAUD:
MONEY, STATE TAX STAMPS
(12-18)

.

Custody BOP for a term of 120 months
on Counts 2-5, 8-10 & 12-18 w/terms to
run concurrently; 3 years Supervised
Release on all counts w/terms to run
concurrently; $50 SMA each count
(Total $950.00 FMA); fine waived;
total restitution of &# 036;5,074,000.00
joint & several.

18:1343.F FRAUD BY WIRE, RADIO,

Custody BOP for a term of 60 mos on
each of Counts 1, 6, 7, 11 & 19 w/terms
to run concurrently; 3 years Supervised
Release on all counts w/terms to run

OR TELEVISION
(19)

concurrently; $50 SMA each count
(total $950.00 SMA); total restitution of
$5,074, 000.00 joint & several; fine
waived.

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                    **Disposition**

None

---

**Plaintiff**

USA                              represented by    **BENJAMIN W BEARD**
                                                   US ATTORNEY - PENSACOLA FL
                                                   NORTHERN DISTRICT OF
                                                   FLORIDA
                                                   21 E GARDEN ST
                                                   STE 400
                                                   PENSACOLA, FL 32502
                                                   850/444-4000
                                                   Fax: 434-9050
                                                   Email: benjamin.beard@usdoj.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/31/2000 | 1 | MOTION by USA as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, DENNIS HARRISON, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, WENDELL EDWARDS Requesting An Order Sealing The Indictment (cbj,Pensacola) (Entered: 06/01/2000) |
| 05/31/2000 | | ENDORSED ORDER - GRANTING [1-1] Motion Requesting An Order Sealing The Indictment as to KEVIN MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3), DENNIS HARRISON (4), SCOTT J HAMILTON (5), JAMES H FURGESON (6), LOUIS ROMAIN (7), WENDELL EDWARDS (8) (Entered by Magistrate Judge Miles Davis) Copies sent as noted on document. (cbj,Pensacola) (Entered: 06/01/2000) |
| 05/31/2000 | 2 | SEALED INDICTMENT as to KEVIN MICHAEL KELLY (1) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19, RUSSELL ELROY KAEMMERLING (2) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19, RAY P POPE (3) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19, DENNIS HARRISON (4) count(s) 1, 3-4, 17-18, 19, SCOTT J HAMILTON (5) count(s) 1, 2, JAMES H FURGESON (6) count(s) 1, 2, LOUIS ROMAIN (7) count(s) 1, 17, |

| | | WENDELL EDWARDS (8) count(s) 1, 17 (Copies sent to AUSA(2), USPO, USM, RV, md, jpl, ijm, jra, file) (cbj,Pensacola) (Entered: 06/01/2000) |
|---|---|---|
| 05/31/2000 | 4 | INFORMATION SHEET as to defendant RUSSELL ELROY KAEMMERLING in Location Status of LF (fugitive) (cbj,Pensacola) (Entered: 06/01/2000) |
| 05/31/2000 | 12 | ORDER by Magistrate Judge Miles Davis as to defendant RUSSELL ELROY KAEMMERLING for issuance of Arrest warrant; warrant issued. (cbj,Pensacola) (Entered: 06/01/2000) |
| 06/13/2000 | 19 | MOTION by USA as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, DENNIS HARRISON, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, WENDELL EDWARDS Requesting An Order Unseal The Indictment (cbj,Pensacola) (Entered: 06/13/2000) |
| 06/13/2000 | | ENDORSED ORDER as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, DENNIS HARRISON, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, WENDELL EDWARDS - Granting [19-1] motion Requesting An Order Unseal The Indictment as to KEVIN MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3), DENNIS HARRISON (4), SCOTT J HAMILTON (5), JAMES H FURGESON (6), LOUIS ROMAIN (7), WENDELL EDWARDS (8) (Entered by Judge Roger Vinson) Copies sent as noted on document. (cbj,Pensacola) (Entered: 06/14/2000) |
| 06/13/2000 | | Indictment unsealed as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE (jpl,Pensacola) (Entered: 10/18/2000) |
| 06/20/2000 | 20 | STANDING ORDER AND NOTICE TO RETAINED CRIMINAL DEFENSE ATTORNEYS (Goolsby) by Judge Roger Vinson as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE Copies sent as noted on document. (jpl,Pensacola) Modified on 06/21/2000 (Entered: 06/20/2000) |
| 06/20/2000 | 24 | ORDER by Magistrate Judge Susan M. Novotny setting conditions of release as to RUSSELL ELROY KAEMMERLING Bond set to PERSONAL RECOGNIZANCE for RUSSELL ELROY KAEMMERLING. Copies sent to AUSA, USPO, USM, defense counsel and defendant. (ijm,Pensacola) (Entered: 06/21/2000) |
| 06/20/2000 | 32 | ARRAIGNMENT as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, DENNIS HARRISON held [ Court Reporter: Paul Rayborn ] Plea not guilty as charged. (jpl,Pensacola) (Entered: 06/21/2000) |
| 06/20/2000 | 33 | ORDER by Judge Roger Vinson as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON setting Jury Trial date |

| | | |
|---|---|---|
| | | for 9:00 7/31/00 for KEVIN MICHAEL KELLY, for RUSSELL ELROY KAEMMERLING, for RAY P POPE, for DENNIS HARRISON Plea agreement deadline on 7/27/00 for KEVIN MICHAEL KELLY, for RUSSELL ELROY KAEMMERLING, for RAY P POPE, for DENNIS HARRISON Copies sent as noted on document. (jpl,Pensacola) (Entered: 06/21/2000) |
| 06/21/2000 | 21 | INITIAL APPEARANCE Minutes as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, DENNIS HARRISON held Arraignment set for 2:30 6/20/00 for KEVIN MICHAEL KELLY, for RUSSELL ELROY KAEMMERLING, for RAY P POPE, for DENNIS HARRISON [ Court Reporter: none present ] (Defendant informed of rights.) (ijm,Pensacola) (Entered: 06/21/2000) |
| 06/21/2000 | 39 | Arrest WARRANT Returned Executed as to defendant RUSSELL ELROY KAEMMERLING on 6/20/00 at U.S. Courthouse, Pensacola, FL (cbj,Pensacola) (Entered: 06/21/2000) |
| 07/03/2000 | 59 | NOTICE of to Court by USA as to Defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, DENNIS HARRISON, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, WENDELL EDWARDS re: discover request (with attached exhibit) (tea,Pensacola) (Entered: 07/05/2000) |
| 07/03/2000 | 60 | MOTION by USA as to defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, DENNIS HARRISON, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, WENDELL EDWARDS to Disqualify Attorneys Because of Conflicts , and for Expedited Hearing (to resolve this issue) (tea,Pensacola) (Entered: 07/05/2000) |
| 07/05/2000 | | MOTION submission with file to Judge Roger Vinson Re: [60-1] motion to Disqualify Attorneys Because of Conflicts and [60-2] motion for Expedited Hearing (to resolve this issue) by plaintiff (tea,Pensacola) (Entered: 07/05/2000) |
| 07/07/2000 | 62 | NOTICE of Hearing as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE setting hearing (Garcia) on government's motionto disqualify attorney because of conflicts Copies sent as noted on document. (jpl,Pensacola) (Entered: 07/07/2000) |
| 07/10/2000 | 75 | MOTION by defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE for Thomas C. Goolsby & Samuel T. Currin, to Appear Pro Hac Vice for above defendants **NOTE: No Fees or "Certificates" received - Clerk spoke to counsel's secretary telephonically on 7/10/00 to advise of deficiencies; money & certificates being mailed. (cbj,Pensacola) (Entered: 07/11/2000) |
| 07/11/2000 | | MOTION submission without file* to Judge Roger Vinson Re: [75-1] motion for Thomas C. Goolsby & Samuel T. Currin, to Appear Pro Hac Vice by defendants KELLY, KAEMMERLING, POPE *(file previously referred) (cbj,Pensacola) (Entered: 07/11/2000) |

| 07/12/2000 | 76 | MOTION Hearing Held Minutes as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE Re: [60-1] motion to Disqualify Attorneys Because of Conflicts [ Court Reporter: Paul Rayborn ] (jrm,Pensacola) (Entered: 07/12/2000) |
| --- | --- | --- |
| 07/12/2000 | 77 | ORDER by Judge Roger Vinson as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE denying [60-1] motion to Disqualify Attorneys Because of Conflicts as to KEVIN MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3), denying [60-2] motion for Expedited Hearing (to resolve this issue) as to KEVIN MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3) Copies sent as noted on document. (jrm,Pensacola) (Entered: 07/12/2000) |
| 07/12/2000 | 79 | NOTICE of of waiver of conflict of interest by RUSSELL ELROY KAEMMERLING filed re: GARCIA hearing held 7/12/00 (see #76) (jrm,Pensacola) (Entered: 07/12/2000) |
| 07/13/2000 | 87 | ORDER by Judge Roger Vinson - Granting [75-1] motion for Thomas C. Goolsby & Samuel T. Currin, to Appear Pro Hac Vice for defendants KEVIN MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3). Copies sent as noted on document. (cbj,Pensacola) (Entered: 07/13/2000) |
| 07/17/2000 | 89 | AMENDMENT TO ORDER SETTING TRIAL by Judge Roger Vinson as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS setting Jury Trial date for 9:00 8/21/00 and Plea agreement deadline on 8/17/00 Copies sent as noted on document. (jpl,Pensacola) (Entered: 07/18/2000) |
| 07/17/2000 | 90 | PRO HAC VICE Filing Fee by Defendants KEVIN MICHAEL KELLY & RUSSELL ELROY KAEMMERLING received. Receipt#: 102509; Amount $40.00. (tea,Pensacola) (Entered: 07/18/2000) |
| 07/21/2000 | 92 | MOTION by defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE For Continuance (of 4-6 weeks to prepare for trial) (cbj,Pensacola) (Entered: 07/24/2000) |
| 07/24/2000 | | MOTION submission with file to Judge Roger Vinson Re: [92-1] motion For Continuance by defendants (cbj,Pensacola) (Entered: 07/24/2000) |
| 07/24/2000 | 93 | RESPONSE by USA as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE re [92-1] motion For Continuance (cbj,Pensacola) (Entered: 07/24/2000) |
| 08/03/2000 | 96 | ORDER by Judge Roger Vinson as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE denying [92-1] motion For Continuance as to KEVIN |

| | | |
|---|---|---|
| | | MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3). A continuance has already been granted to 8/21/00. Copies sent as noted on document. (jpl,Pensacola) (Entered: 08/03/2000) |
| 08/08/2000 | | DOCUMENT Location re: [98-1] motion reply by SCOTT J HAMILTON Sent to RV chambers Reason: for review (file previously referred) (cbj,Pensacola) (Entered: 08/08/2000) |
| 08/15/2000 | 104 | MOTION by defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE To Disqualify Prosecutor , and to Dismiss Indictment (cbj,Pensacola) (Entered: 08/16/2000) |
| 08/15/2000 | 105 | MEMORANDUM by KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE in support of [104-1] motion To Disqualify Prosecutor, [104-2] motion to Dismiss Indictment (cbj,Pensacola) (Entered: 08/16/2000) |
| 08/16/2000 | 106 | TRIAL REPORT by USA as to defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, DENNIS HARRISON, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, and WENDELL EDWARDS (cbj,Pensacola) (Entered: 08/17/2000) |
| 08/17/2000 | | File Returned to Court: to Judge Roger Vinson, as requested by law clerk (cbj,Pensacola) (Entered: 08/17/2000) |
| 08/17/2000 | 107 | RESPONSE by USA as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE re [104-1] motion To Disqualify Prosecutor and to Dismiss Indictment (cbj,Pensacola) (Entered: 08/17/2000) |
| 08/21/2000 | | Voir dire begun as to as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, WENDELL EDWARDS KEVIN MICHAEL KELLY (1) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19, RUSSELL ELROY KAEMMERLING (2) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19, RAY P POPE (3) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19, SCOTT J HAMILTON (5) count(s) 1, 2, JAMES H FURGESON (6) count(s) 1, 2, LOUIS ROMAIN (7) count(s) 1, 17, WENDELL EDWARDS (8) count(s) 1, 17 Terminated Motions (jpl,Pensacola) (Entered: 08/22/2000) |
| 08/21/2000 | | JURY selection as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, WENDELL EDWARDS held [ Court Reporter: Paul Rayborn ] (jpl,Pensacola) (Entered: 08/22/2000) |
| 08/21/2000 | 120 | PROPOSED Jury Instructions by USA as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN (jpl,Pensacola) (Entered: 09/07/2000) |
| | | |

| 08/22/2000 | 115 | ORDER by Judge Roger Vinson as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE denying [104-1] motion To Disqualify Prosecutor as to KEVIN MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3), denying [104-2] motion to Dismiss Indictment as to KEVIN MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3) Copies sent as noted on document. (cbj,Pensacola) (Entered: 08/23/2000) |
|---|---|---|
| 08/23/2000 | | File remained with court (cbj,Pensacola) (Entered: 08/23/2000) |
| 08/28/2000 | 121 | PROPOSED Jury Instructions by KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE (jpl,Pensacola) (Entered: 09/07/2000) |
| 09/06/2000 | | DOCUMENT Location re: [119-1] motion Reimbursement of transportation expenses by JAMES H FURGESON Sent to RV chambers Reason: for filing and review (cbj,Pensacola) (Entered: 09/06/2000) |
| 09/06/2000 | 122 | Jury Trial Minutes as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN - Jury Selection 8/21/00; Trial 8/21-25, 28-31; 9/1, 5-6/00. Guilty Verdict as to all defendants - adjudication withheld and defendants set for sentencing. See attached Clerk's Minute Sheets, Witness Lists. (Govt, defense, and Court exhibits placed in secured storage) (jpl,Pensacola) (Entered: 09/07/2000) |
| 09/06/2000 | 123 | JURY Instructions as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN (jpl,Pensacola) (Entered: 09/07/2000) |
| 09/06/2000 | 124 | EXHIBIT List as to GOVERNMENT and defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN (jpl,Pensacola) (Entered: 09/07/2000) |
| 09/06/2000 | 126 | JURY VERDICT of Guilty: RUSSELL ELROY KAEMMERLING (2) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19 (jpl,Pensacola) (Entered: 09/07/2000) |
| 09/06/2000 | 135 | TRIAL SUBPOENA returned Executed by USA (cbj,Pensacola) (Entered: 09/07/2000) |
| 09/07/2000 | 131 | NOTICE of Hearing as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, setting sentencing date for 8:15 11/30/00 for KEVIN MICHAEL KELLY, for RUSSELL ELROY KAEMMERLING, for RAY P POPE Copies sent as noted on document. (jpl,Pensacola) (Entered: 09/07/2000) |

| | | |
|---|---|---|
| 10/02/2000 | 140 | TRANSCRIPT re: jury trial Transcript Date: 8/22/00 Court Reporter: W.Paul Rayborn - Number of Pages: 190 (including concordance) Re: Excerpt of 2nd Day of Trial Testimony of Dennis Michael Harrison as to defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, WENDELL EDWARDS (cbj,Pensacola) (Entered: 10/02/2000) |
| 10/02/2000 | 141 | TRANSCRIPT re: jury trial Transcript Date: 8/23/00 Court Reporter: W.Paul Rayborn - Number of Pages: 56 (including concordance) Re: Excerpt of 3rd Day of Trial Testimony of Dennis Michael Harrison as to defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, WENDELL EDWARDS (cbj,Pensacola) (Entered: 10/02/2000) |
| 10/02/2000 | 142 | TRANSCRIPT re: jury trial Transcript Date: 8/25/00 Court Reporter: W.Paul Rayborn - Number of Pages: 51 (including concordance) Re: Excerpt of 6th Day of Trial Testimony of Jerald Grande as to defendants KEVIN MICHAEL KELLY, RUSSELL KAEMMERLING, RAY P POPE, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, WENDELL EDWARDS (cbj,Pensacola) (Entered: 10/02/2000) |
| 10/02/2000 | 143 | TRANSCRIPT re: jury trial Transcript Date: 8/25/00 Court Reporter: W.Paul Rayborn - Number of Pages: 108 (including concordance) Re: Excerpt of 6th Day of Trial Testimony of Joseph M. Dorsey and Glennis Andrew as to defendants KEVIN MICHAEL KELLY, RUSSELL KAEMMERLING, RAY P POPE, SCOTT J HAMILTON, JAMES H FURGESON, LOUIS ROMAIN, WENDELL EDWARDS (cbj,Pensacola) (Entered: 10/02/2000) |
| 10/18/2000 | 151 | TRANSCRIPT (Excerpt Of Fifth Day Of Trial Testimony of Roger Allen Cox) re: jury trial Transcript Date: 8/25/00 Court Reporter: W.Paul Rayborn Number of Pages: 103 (cbj,Pensacola) (Entered: 10/18/2000) |
| 10/30/2000 | 152 | USPO LETTER Re: PSR for as to defendant RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 10/31/2000) |
| 11/27/2000 | 167 | MOTION by defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE for James R. Wyrsch, MO#20730 to Appear Pro Hac Vice Filing Fee $20.00 Receipt #: 11656 (cbj,Pensacola) (Entered: 11/27/2000) |
| 11/27/2000 | 168 | MOTION by defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE for Dennis J.C. Owens, MO# 25981 to Appear Pro Hac Vice Filing Fee $20.00 Receipt #: 11657 (cbj,Pensacola) (Entered: 11/27/2000) |
| 11/27/2000 | 169 | NOTICE of Appearance for KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE by Attorney Dennis J.C. Owens (cbj,Pensacola) Modified on 11/27/2000 (Entered: 11/27/2000) |

| 11/27/2000 | 170 | NOTICE of Appearance for KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE by Attorney James R. Wyrsch (cbj,Pensacola) (Entered: 11/27/2000) |
| 11/27/2000 | | MOTION submission with file to Judge Roger Vinson Re: [168-1] motion for Dennis J.C. Owens, MO# 25981 to Appear Pro Hac Vice by defendantss, [167-1] motion for James R. Wyrsch, MO#20730 to Appear Pro Hac Vice by defendantss (cbj,Pensacola) (Entered: 11/27/2000) |
| 11/27/2000 | 172 | ORDER by Judge Roger Vinson as to defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE - Granting [167-1] motion for James R. Wyrsch, MO#20730 to Appear Pro Hac Vice as to KEVIN MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3) Copies sent noted on document. (cbj,Pensacola) (Entered: 11/27/2000) |
| 11/27/2000 | 173 | ORDER by Judge Roger Vinson as to defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE - Granting [168-1] motion for Dennis J.C. Owens, MO# 25981 to Appear Pro Hac Vice as to KEVIN MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3) Copies sent noted on document. (cbj,Pensacola) (Entered: 11/27/2000) |
| 11/27/2000 | 174 | MOTION by defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE For Continuance of Sentencing Hearing (until a date in January, 2001) (cbj,Pensacola) (Entered: 11/27/2000) |
| 11/27/2000 | 175 | ORDER by Judge Roger Vinson as to defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE - Denying [174-1] motion For Continuance of Sentencing Hearing as to KEVIN MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3) Copies sent as noted on document. (cbj,Pensacola) (Entered: 11/27/2000) |
| 11/29/2000 | 179 | SENTENCING MEMORANDUM by defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE (cbj,Pensacola) (Entered: 11/29/2000) |
| 11/30/2000 | 181 | MOTION by defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE For Bond Pending Appeal (cbj,Pensacola) (Entered: 11/30/2000) |
| 11/30/2000 | 183 | SENTENCING Minutes as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE Court Reporter: Paul Rayborn KEVIN MICHAEL KELLY (1) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19, RUSSELL ELROY KAEMMERLING (2) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19, RAY P POPE (3) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19 - SEE FORMAL JUDGMENTS (jpl,Pensacola) (Entered: 11/30/2000) |
| 12/01/2000 | 185 | ORDER by Judge Roger Vinson - Denying [181-1] motion For Bond Pending Appeal as to KEVIN MICHAEL KELLY (1), RUSSELL |

| | | ELROY KAEMMERLING (2), RAY P POPE (3) Copies sent as noted on document. (cbj,Pensacola) (Entered: 12/01/2000) |
|---|---|---|
| 12/05/2000 | 187 | JUDGMENT by Judge Roger Vinson RUSSELL ELROY KAEMMERLING (2) count(s) 1, 6 -7, 11, 19. Custody BOP for a term of 60 mos on each of Counts 1, 6, 7, 11 & 19 w/terms to run concurrently; 3 years Supervised Release on all counts w/terms to run concurrently; $50 SMA each count (total $950.00 SMA); total restitution of $5,074,000.00 joint & several; fine waived. Count(s) 2-5, 8-10, 12-18 Custody BOP for a term of 120 months on Counts 2-5, 8-10 & 12-18 w/terms to run concurrently; 3 years Supervised Release on all counts w/terms to run concurrently; $50 SMA each count (Total $950.00 FMA); fine waived; total restitution of $5,074,000.00 joint & several. Copies sent as noted on document. (jpl,Pensacola) (Entered: 12/05/2000) |
| 12/08/2000 | 194 | MOTION as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE for Thomas C. Goolsby, Esq. & Samuel T. Currin, Esq. to Withdraw as Attorney (jpl,Pensacola) (Entered: 12/11/2000) |
| 12/11/2000 | | MOTION submission with to Judge Roger Vinson Re: [194-1] motion for Thomas C. Goolsby, Esq. & Samuel T. Currin, Esq. to Withdraw as Attorney (jpl,Pensacola) (Entered: 12/11/2000) |
| 12/12/2000 | 199 | ORDER by Judge Roger Vinson - Granting [194-1] motion for Thomas C. Goolsby, Esq. & Samuel T. Currin, Esq. to Withdraw as Attorney (for RAY P POPE, ELROY KAEMMERLING, and RUSSELL ELROY KAEMMERLING). Copies sent as noted on document. (cbj,Pensacola) (Entered: 12/12/2000) |
| 12/13/2000 | 206 | NOTICE of Appeal by RUSSELL ELROY KAEMMERLING (2) count (s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19 Re: [187-1] judgment order FILING FEE $ 105.00 RECEIPT # 300 102817 - (former employee) (Entered: 12/13/2000) |
| 12/13/2000 | 207 | TRANSMITTAL of Notice of Appeal with certified copy of docket/judgment/order to USCA as to defendant RUSSELL ELROY KAEMMERLING Re: [206-1] appeal Copies sent as noted on document. (former employee) (Entered: 12/13/2000) |
| 12/29/2000 | 217 | USCA #: 00-16492-B as to RUSSELL ELROY KAEMMERLING Re: [206-1] appeal by RUSSELL ELROY KAEMMERLING (former employee) (Entered: 12/29/2000) |
| 01/03/2001 | | COPY of doc.185 as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY POPE, faxed to attorney DENNIS J.C. OWENS, as requested. (cbj,Pensacola) (Entered: 01/03/2001) |
| 01/10/2001 | | DOCUMENT Location re: [233-1] motion response by USA Sent to Judge Vinson's Chambers Reason: to be put in the file (former employee) (Entered: 01/10/2001) |
| 01/11/2001 | | DOCUMENT Location re: [231-1] notice by USA Sent to RV chambers |

| | | Reason: for filing and review (cbj,Pensacola) (Entered: 01/11/2001) |
|---|---|---|
| 01/16/2001 | 241 | USCA Order Re: [192-1] appeal by JAMES H FURGESON, KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMERLING and RAY P. POPE Re: Motion for bond pending appeal is remanded to the district court for entry of an order specifying the reasons it denied Appellants motion. USCA #: 00-16492-B as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE (former employee) (Entered: 01/17/2001) |
| 01/17/2001 | | DOCUMENT Location re: [241-1] appeal Sent to Judge Vinsons Chambers Reason: Limited Remand (former employee) (Entered: 01/17/2001) |
| 01/22/2001 | 242 | ORDER by Judge Roger Vinson regarding USCA order remanding District Court Order denying motion for release pending appeal for explanation of why the Court denied the motion as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE Copies sent as noted on document. (former employee) (Entered: 01/23/2001) |
| 01/23/2001 | 243 | USDC Letter Transmitting document [242-1] order to USCA Re: [206-1] appeal by RUSSELL ELROY KAEMMERLING, [204-1] appeal by RAY P POPE, [202-1] appeal by KEVIN MICHAEL KELLY as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE (former employee) (Entered: 01/23/2001) |
| 02/09/2001 | | FILE location: Sent to Judge Vinson's Chambers (former employee) (Entered: 02/09/2001) |
| 02/15/2001 | 262 | USCA Order Re: [206-1] appeal by RUSSELL ELROY KAEMMERLING, [204-1] appeal by RAY P POPE, [202-1] appeal by KEVIN MICHAEL KELLY, [192-1] appeal by JAMES H FURGESON Re: Motion for extention of time to file supplement is granted USCA #: 00-16492-B as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant JAMES H FURGESON (former employee) (Entered: 02/15/2001) |
| 02/26/2001 | 267 | USCA Order Re: [206-1] appeal by RUSSELL ELROY KAEMMERLING, [204-1] appeal by RAY P POPE, [202-1] appeal by KEVIN MICHAEL KELLY Re: Motion to withdraw a counsel is granted USCA #: 00-16492-B as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE (former employee) (Entered: 02/26/2001) |
| 03/08/2001 | 268 | USCA Letter Re: Appellate Procedures [192-1] appeal by JAMES H FURGESON Re: USCA #: 00-16492-B as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant JAMES H FURGESON (former employee) (Entered: 03/08/2001) |
| | | |

| 03/14/2001 | 276 | TRANSCRIPT for Hearing Re:motion to disqualify and first day of trial Transcript Date: 08/21/00 Court Reporter/Tape Number: W. Paul Rayborn Number of Pages: 162 Re: Motion to disqualify and first day of trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: 03/15/2001) |
|---|---|---|
| 03/14/2001 | 277 | TRANSCRIPT re: jury trial Transcript Date: 08/22/00 Court Reporter/Tape Number: W. Paul Rayborn Number of Pages: 135 Re: Second Day of Trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: 03/15/2001) |
| 03/14/2001 | 278 | TRANSCRIPT re: jury trial Transcript Date: 08/23/00 Court Reporter/Tape Number: W. Paul Rayborn Number of Pages: 221 Re: Third Day of trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: 03/15/2001) |
| 03/14/2001 | 279 | TRANSCRIPT re: jury trial Transcript Date: 08/24/00 Court Reporter/Tape Number: W. Paul Rayborn Number of Pages: 284 Re: Fourth day of trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: 03/15/2001) |
| 03/14/2001 | 280 | TRANSCRIPT re: jury trial Transcript Date: 08/25/00 Court Reporter/Tape Number: W. Paul Rayborn Number of Pages: 175 Re: Fifth day of trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: 03/15/2001) |
| 03/14/2001 | 281 | TRANSCRIPT re: jury trial Transcript Date: 08/28/00 Court Reporter/Tape Number: W. Paul Rayborn Number of Pages: 171 Re: Sicth day of trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: |

| | | 03/15/2001) |
|---|---|---|
| 03/14/2001 | 282 | TRANSCRIPT re: jury trial Transcript Date: 08/29/00 Court Reporter/Tape Number: W. Paul Ryborn Number of Pages: 264 Re: Seventh day of trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: 03/15/2001) |
| 03/14/2001 | 283 | TRANSCRIPT re: jury trial Transcript Date: 08/30/00 Court Reporter/Tape Number: W. Paul Rayborn Number of Pages: 286 Re: Eighth day of trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: 03/15/2001) |
| 03/14/2001 | 284 | TRANSCRIPT re: jury trial Transcript Date: 08/31/00 Court Reporter/Tape Number: W. Paul Rayborn Number of Pages: 324 Re: Ninth day of trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: 03/15/2001) |
| 03/14/2001 | 285 | TRANSCRIPT re: jury trial Transcript Date: 09/01/00 Court Reporter/Tape Number: W. PAul Rayborn Number of Pages: 294 Re: Tenth day of trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: 03/15/2001) |
| 03/14/2001 | 286 | TRANSCRIPT re: jury trial Transcript Date: 09/05/00 Court Reporter/Tape Number: W. Paul Rayborn Number of Pages: 224 Re: Eleventh Day of trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: 03/15/2001) |
| 03/14/2001 | 287 | TRANSCRIPT re: jury trial Transcript Date: 09/06/01 Court Reporter/Tape Number: W. Paul Rayborn Number of Pages: 168 Re: Twelfth day of trial as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant DENNIS HARRISON, defendant SCOTT J |

| | | HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN, defendant WENDELL EDWARDS (former employee) (Entered: 03/15/2001) |
| --- | --- | --- |
| 03/14/2001 | [289](#) | TRANSCRIPT Re: [183-1] sentence hearing Transcript Date: 11/30/00 Court Reporter/Tape Number: W. PAul Rayborn Number of Pages: 107 Re: Sentencing as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE (former employee) (Entered: 03/15/2001) |
| 04/17/2001 | [294](#) | CERTIFICATE of Readiness Re: [250-1] appeal by SCOTT J HAMILTON, [228-1] appeal by LOUIS ROMAIN, [206-1] appeal by RUSSELL ELROY KAEMMERLING, [204-1] appeal by RAY P POPE, [202-1] appeal by KEVIN MICHAEL KELLY, [192-1] appeal by JAMES H FURGESON as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN - USCA # 00-16492-B CONSISTING OF: Number of Volumes of Pleadings: 4 Number of Volumes of Transcripts: 22 Number of Volumes of Exhibits: 7 (6 PSI's, 1 box trial exhibit's) Copies sent as noted on document. (former employee) (Entered: 04/17/2001) |
| 04/23/2001 | [296](#) | USCA Acknowledgment Re: [250-1] appeal by SCOTT J HAMILTON, [228-1] appeal by LOUIS ROMAIN, [206-1] appeal by RUSSELL ELROY KAEMMERLING, [204-1] appeal by RAY P POPE, [202-1] appeal by KEVIN MICHAEL KELLY, [192-1] appeal by JAMES H FURGESON Re: [294-1] Certificate of Readiness USCA #: 00-16492-B as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN (former employee) (Entered: 04/23/2001) |
| 04/25/2001 | [298](#) | ORDER by Judge Roger Vinson as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE. On April 12, 2001, the ECCA entered its order denying these defendants' motions for release pending appeal. Therefore, the named defendants shall report to their respective designated prison at their own expense or to the U.S. Marshal Service by 12:00 noon on May 7, 2001. Copies sent as noted on document. (jpl,Pensacola) (Entered: 04/25/2001) |
| 05/03/2001 | [299](#) | MOTION by defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE to Extend Time to Surrender (former employee) (Entered: 05/03/2001) |
| 05/03/2001 | | MOTION submission to Judge Roger Vinson Re: [299-1] motion to Extend Time to Surrender by defendants (former employee) (Entered: 05/03/2001) |

| 05/04/2001 | 300 | ORDER by Judge Roger Vinson as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE granting [299-1] motion to Extend Time to Surrender only to 5/21/01 as to KEVIN MICHAEL KELLY (1), RUSSELL ELROY KAEMMERLING (2), RAY P POPE (3) Copies sent as noted on document. (former employee) (Entered: 05/04/2001) |
|---|---|---|
| 05/04/2001 | 301 | USDC Letter Transmitting document [300-1] order to USCA Re: [206-1] appeal by RUSSELL ELROY KAEMMERLING, [204-1] appeal by RAY P POPE, [202-1] appeal by KEVIN MICHAEL KELLY USCA#: 00-16492-B as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE (former employee) (Entered: 05/04/2001) |
| 05/14/2001 | 304 | MOTION by defendant RUSSELL ELROY KAEMMERLING as to defendant RUSSELL ELROY KAEMMERLING to Release on Bond and Home Detention Pending Appeal (former employee) (Entered: 05/15/2001) |
| 05/15/2001 | 302 | USCA Acknowledgment Re: [206-1] appeal by RUSSELL ELROY KAEMMERLING, [205-1] transmitted appeal, [204-1] appeal by RAY P POPE Re: [300-1] order USCA #: 00-16492 as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE (former employee) (Entered: 05/15/2001) |
| 05/15/2001 | | MOTION submission with file to Judge Roger Vinson Re: [304-1] motion to Release on Bond and Home Detention Pending Appeal by RUSSELL ELROY KAEMMERLING, [303-1] motion to Extend Time to Surrender until Medical Facilities are Available - [300-1] order by KEVIN MICHAEL KELLY (former employee) (Entered: 05/15/2001) |
| 05/15/2001 | 306 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [304-1] motion to Release on Bond and Home Detention Pending Appeal as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (former employee) (Entered: 05/15/2001) |
| 05/15/2001 | 307 | USDC Letter Transmitting document [306-1] order to USCA Re: [206-1] appeal by RUSSELL ELROY KAEMMERLING as to defendant RUSSELL ELROY KAEMMERLING (former employee) (Entered: 05/15/2001) |
| 10/22/2001 | | Email to USPO requesting PSI's for Furgeson, Kelly, Pope, Kaemmerling, Romain and Hamilton. (cbj,Pensacola) (Entered: 10/22/2001) |
| 10/26/2001 | | Received from USPO, PSI's as to RUSSELL ELROY KAEMMERLING, RAY P POPE, SCOTT J HAMILTON (cbj,Pensacola) (Entered: 10/30/2001) |
| 10/30/2001 | 315 | CERTIFIED Record on Appeal Transmitted to USCA Re: [192-1] appeal, [202-1] appeal, [204-1] appeal, [206-1] appeal, [228-1] appeal, [250-1] appeal as to JAMES H FURGESON, MICHAEL KELLY, RAY |

| | | P POPE, RUSSELL ELROY KAEMMERLING, LOUIS ROMAIN, SCOTT J HAMILTON USCA #: 00-16492-BB - CONSISTING OF 4 Volumes of Pleadings; 22 Volumes of Transcripts; 7 Volumes of Exhibits (1 box trial exh & 6 PSI's SEALED) *TOTAL SHIPMENT 3 BOXES) (cbj,Pensacola) Modified on 10/31/2001 (Entered: 10/30/2001) |
|---|---|---|
| 11/05/2001 | 316 | USCA Acknowledgment* Re: [192-1] appeal by JAMES H FURGESON, [202-1] appeal by KEVIN MICHAEL KELLY, [204-1] appeal by RAY P POPE, [206-1] appeal by RUSSELL ELROY KAEMMERLING, [228-1] appeal by LOUIS ROMAIN, [250-1] appeal by SCOTT J HAMILTON Re: [315-1] appeal record USCA #: 00-16492-BB *(receipt of box 1 of 3) (cbj,Pensacola) (Entered: 11/06/2001) |
| 11/07/2001 | 317 | USCA Acknowledgment* Re: [192-1] appeal by JAMES H FURGESON, [202-1] appeal by KEVIN MICHAEL KELLY, [204-1] appeal by RAY P POPE, [206-1] appeal by RUSSELL ELROY KAEMMERLING, [228-1] appeal by LOUIS ROMAIN, [250-1] appeal by SCOTT J HAMILTON Re: [315-1] appeal record USCA #: 00-16492-BB *receipt of Box 3 of 3 (cbj,Pensacola) (Entered: 11/08/2001) |
| 11/30/2001 | | TELEPHONIC COMMUNICATION with Roxanne Green (USCA) -- Confirmed receipt of entire ROA - total of 3 boxes received at USCA as to JAMES H FURGESON, KEVIN MICHAEL KELLY, RAY P POPE, RUSSELL ELROY KAEMMERLING, LOUIS ROMAIN, SCOTT J HAMILTON /cj (cbj,Pensacola) (Entered: 11/30/2001) |
| 06/10/2002 | 318 | MANDATE OF USCA as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON Re: [250-1] appeal by SCOTT J HAMILTON, [206-1] appeal by RUSSELL ELROY KAEMMERLING, [202-1] appeal by KEVIN MICHAEL KELLY, [228-1] appeal by LOUIS ROMAIN, [204-1] appeal by RAY P POPE, [192-1] appeal by JAMES H FURGESON, affirming judgment/order KEVIN MICHAEL KELLY (1) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19, RUSSELL ELROY KAEMMERLING (2) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19, RAY P POPE (3) count(s) 1, 2-5, 6-7, 8-10, 11, 12-18, 19, SCOTT J HAMILTON (5) count(s) 1, 2, JAMES H FURGESON (6) count(s) 1, 2, LOUIS ROMAIN (7) count(s) 1, 17 USCA #: 00-16492-BB (w/opinion attached) (djb,Pensacola) (Entered: 06/12/2002) |
| 06/10/2002 | 319 | PARTIAL RECORD on Appeal Returned from USCA Re: [250-1] appeal by SCOTT J HAMILTON, [228-1] appeal by LOUIS ROMAIN, [206-1] appeal by RUSSELL ELROY KAEMMERLING, [204-1] appeal by P POPE, [202-1] appeal by KEVIN MICHAEL KELLY, [192-1] appeal by JAMES H FURGESON as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN USCA #: 00-16492-B CONSISTING OF: Number of Volumes of Pleadings: 4 Number of Volumes of Transcripts: 12 Number of Volumes of Exhibits: 6 (6 PSI's returned to U.S. Probation) Reason: Appeal Closed [10 transcripts and 1 |

| | | box of trial exhibits were not returned] (djb,Pensacola) (Entered: 06/12/2002) |
|---|---|---|
| 06/12/2002 | | Deadline updated as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN for status of: Awaiting Partial ROA to be returned from USCA Appeal Status Deadline is 8/10/02 (djb,Pensacola) (Entered: 06/12/2002) |
| 06/14/2002 | 320 | PARTIAL RECORD on Appeal Returned from USCA Re: [250-1] appeal by SCOTT J HAMILTON, [228-1] appeal by LOUIS ROMAIN, [206-1] appeal by RUSSELL ELROY KAEMMERLING, [204-1] appeal by P POPE, [202-1] appeal by KEVIN MICHAEL KELLY, [192-1] appeal by JAMES H FURGESON as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN USCA #: 00-16492-BB CONSISTING OF: Number of Volumes of Exhibits: 1 box (Box of trial exhibits returned to Courtroom Deputy for disposal or return to parties.) Reason: appeal closed (djb,Pensacola) (Entered: 06/18/2002) |
| 06/17/2002 | 321 | PARTIAL RECORD on Appeal Returned from USCA Re: [250-1] appeal by SCOTT J HAMILTON, [228-1] appeal by LOUIS ROMAIN, [206-1] appeal by RUSSELL ELROY KAEMMERLING, [204-1] appeal by P POPE, [202-1] appeal by KEVIN MICHAEL KELLY, [192-1] appeal by JAMES H FURGESON as to defendant KEVIN MICHAEL KELLY, defendant RUSSELL ELROY KAEMMERLING, defendant RAY P POPE, defendant SCOTT J HAMILTON, defendant JAMES H FURGESON, defendant LOUIS ROMAIN USCA #: 00-16492-BB CONSISTING OF: Number of Volumes of Transcripts: 10 transcripts Reason: appeal closed (djb,Pensacola) (Entered: 06/18/2002) |
| 08/21/2002 | 324 | NOTICE of Receipt of all Government trial exhibits admitted at trial of case in August and September, 2000, by USA as to defendants KELLY, KAEMMERLING, POPE, et al. (jpl,Pensacola) (Entered: 08/22/2002) |
| 08/22/2002 | 325 | NOTICE of Receipt of All Government Trial Exhibits Admitted at Trial of Case in 8 - 9/2000 by USA (Attorney Ben Beard) as to KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING and RAY P POPE, et al (laj,Pensacola) (Entered: 08/23/2002) |
| 11/08/2002 | | **ADDED Magistrate Judge M Casey Rodgers (jra,Pensacola) (Entered: 11/08/2002) |
| 01/15/2003 | 352 | ORIGINAL PAPERS TO USCA Re: [332-1] appeal by RAY P POPE USCA# 02-16410-J CONSISTING OF: Number of Volumes of Pleadings: 1 Number of Volumes of Exhibits: 7 (Prior Record - 6 expandable folders consisting of 18 transcripts - #140-143, 151, 276-287, and 289) and 1 PSI. (djb,Pensacola) (Entered: 01/15/2003) |
| 01/15/2003 | | File Returned to Court: to Magistrate Judge M Casey Rodgers Re: [351-1] affidavit by JAMES H FURGESON, [350-1] motion reply by JAMES |

| | | H FURGESON (ijm,Pensacola) (Entered: 01/15/2003) |
|---|---|---|
| 01/16/2003 | | FILE Returned to Clerk from Magistrate Judge M Casey Rodgers - Re: Ready for R&R. (ijm,Pensacola) (Entered: 01/16/2003) |
| 04/08/2003 | 359 | ORDER by Judge Roger Vinson - Clerk shall file deft RUSSELL ELROY KAEMMERLING'S documents (4 motions) but the court will not consider them until deficiencies (certificate of service) have been corrected. Copies sent as noted on document. (cbj,Pensacola) (Entered: 04/08/2003) |
| 04/08/2003 | 360 | *MOTION by defendant RUSSELL ELROY KAEMMERLING for recusal of Judge Roger Vinson *filed pursuant to order (doc.359) (cbj,Pensacola) (Entered: 04/08/2003) |
| 04/08/2003 | 361 | *MOTION by defendant RUSSELL ELROY KAEMMERLING to Disqualify Asst US Atty Benjamin W. Beard from further proceedings in the above captioned case *filed pursuant to order (doc.359) (cbj,Pensacola) (Entered: 04/08/2003) |
| 04/08/2003 | 362 | *MOTION by defendant RUSSELL ELROY KAEMMERLING for New Trial based on newly discovered evidence *filed pursuant to order (doc.359) (cbj,Pensacola) (Entered: 04/08/2003) |
| 04/08/2003 | 363 | *MOTION by defendant RUSSELL ELROY KAEMMERLING for Immediate Release on personal recognizance bond pending review of his motion for new trial *filed pursuant to order (doc.359) (cbj,Pensacola) (Entered: 04/08/2003) |
| 04/14/2003 | | File Returned to Court: to Magistrate Judge M Casey Rodgers Re: deficient pleading w/proposed order (cbj,Pensacola) (Entered: 04/14/2003) |
| 04/14/2003 | 364 | ORDER by Magistrate Judge M Casey Rodgers - Clerk shall return the document to you without filing. May resubmit after correcting deficiencies (cert svc; margin) as to defendant RUSSELL ELROY KAEMMERLING. Copies sent as noted on document. (cbj,Pensacola) (Entered: 04/14/2003) |
| 04/16/2003 | 365 | MOTION (REQUEST) by defendant RUSSELL ELROY KAEMMERLING For Correcttion of the Record In Relation To Motion to recuse Judge Roger Vinson, Motion to Dismiss Benjamin Beard, Motion for New Trial & Motion For Bond [re: docs.360-363] (cbj,Pensacola) (Entered: 04/16/2003) |
| 04/17/2003 | | MOTION submission with file to Judge Roger Vinson Re: [365-1] motion For Correcttion of the Record In Relation To Motion to recuse Judge Roger Vinson, Motion to Dismiss Benjamin Beard, Motion for New Trial & Motion For Bond by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 04/17/2003) |
| 04/17/2003 | 366 | ORDER by Judge Roger Vinson - Granting [365-1] motion For Correction of the Record In Relation To Motion to recuse Judge Roger Vinson, Motion to Dismiss Benjamin Beard, Motion for New Trial & |

| | | |
|---|---|---|
| | | Motion For Bond as to RUSSELL ELROY KAEMMERLING (2) Setting response to motion deadline for 5/5/03 for USA Re: [360-1] motion for recusal of Judge Roger Vinson by RUSSELL ELROY KAEMMERLING, [361-1] motion to Disqualify Asst US Benjamin W. Beard from further proceedings in the above captioned case by RUSSELL ELROY KAEMMERLING, [362-1] motion for New Trial based on newly discovered evidence by RUSSELL ELROY KAEMMERLING, [363-1] motion for Immediate Release on personal recognizance bond pending review of his motion for new trial by RUSSELL ELROY KAEMMERLING Copies sent as on document. (cbj,Pensacola) (Entered: 04/17/2003) |
| 04/17/2003 | | REQUEST FOR COPY (of doc.365, motion for correction of record) by USA as to RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 04/18/2003) |
| 04/18/2003 | | COPY OF DOC.365 provided to AUSA Beard, as requested, as to RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 04/18/2003) |
| 04/18/2003 | 367 | REQUEST by defendant RUSSELL ELROY KAEMMERLING for Entry of DEFAULT Related to Motion For New Trial (cbj,Pensacola) (Entered: 04/18/2003) |
| 04/18/2003 | | File Returned to Court: to Judge Roger Vinson Re: [367-1] request for default by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 04/18/2003) |
| 04/18/2003 | 368 | ORDER by Judge Roger Vinson - Denying [367-1] request demand as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (cbj,Pensacola) (Entered: 04/18/2003) |
| 04/21/2003 | 369 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [360-1] motion for recusal of Judge Roger Vinson (cbj,Pensacola) (Entered: 04/22/2003) |
| 04/21/2003 | 370 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [361-1] motion to Disqualify Asst US Atty Benjamin W. Beard from further proceedings in the above captioned case (cbj,Pensacola) (Entered: 04/22/2003) |
| 04/21/2003 | 371 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [362-1] motion for New Trial based on newly discovered evidence (cbj,Pensacola) (Entered: 04/22/2003) |
| 04/21/2003 | 372 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [363-1] motion for Immediate Release on personal recognizance bond pending review of his motion for new trial (cbj,Pensacola) (Entered: 04/22/2003) |
| 04/21/2003 | 373 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re deft's motion to proceed in forma pauperis* - *motion was returned to dft pursuant to order (doc.364) entered 4/14/03. (cbj,Pensacola) (Entered: |

| | | 04/22/2003) |
|---|---|---|
| 04/22/2003 | | MOTION submission with file to Judge Roger Vinson Re: [360-1] motion for recusal of Judge Roger Vinson by RUSSELL ELROY KAEMMERLING, [361-1] motion to Disqualify Asst US Atty Benjamin W. Beard from further proceedings in the above captioned case by RUSSELL ELROY KAEMMERLING, [362-1] motion for New Trial based on newly discovered evidence by RUSSELL ELROY KAEMMERLING, [363-1] motion for Immediate Release on personal recognizance bond pending review of his motion for new trial by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 04/22/2003) |
| 04/22/2003 | 374 | REQUEST by defendant RUSSELL ELROY KAEMMERLING as to plaintiff USA for entry of default related to motion for release on bond pending resolution of motion for new trial based on newly discovered evidence (cbj,Pensacola) (Entered: 04/22/2003) |
| 04/22/2003 | 375 | REQUEST by defendant RUSSELL ELROY KAEMMERLING as to plaintiff USA for Entry of Default related to motion to recuse Judge Roger Vinson (cbj,Pensacola) (Entered: 04/22/2003) |
| 04/22/2003 | 376 | REQUEST by defendant RUSSELL ELROY KAEMMERLING as to plaintiff USA for Entry of Default related to motion to dismiss Assistant US Attorney Benjamin W. Beard (cbj,Pensacola) (Entered: 04/22/2003) |
| 04/22/2003 | 377 | MOTION by defendant RUSSELL ELROY KAEMMERLING For Default Judgment in his motion for new trial based on newly discovered evidence (cbj,Pensacola) (Entered: 04/22/2003) |
| 04/22/2003 | | DOCUMENT Location re: [374-1] request demand by RUSSELL ELROY KAEMMERLING, [375-1] request demand by RUSSELL ELROY KAEMMERLING, [376-1] request demand by RUSSELL ELROY KAEMMERLING, [377-1] motion For Default Judgment in his motion for new trial based on newly discovered evidence by RUSSELL ELROY KAEMMERLING Sent to RV chambers Reason: for review & filing (cbj,Pensacola) (Entered: 04/22/2003) |
| 04/23/2003 | 378 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [360-1] motion for recusal of Judge Roger Vinson as to RUSSELL ELROY KAEMMERLING (2). None of the disqualification provisions of 28 USC 455 applies. Copies sent as noted on document. (jpl,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 379 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING, denying [361-1] motion to Disqualify Asst US Atty Benjamin W. Beard from further proceedings in the above captioned case as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (jpl,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 380 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [362-1] motion for New Trial based on newly discovered evidence as to RUSSELL ELROY KAEMMERLING (2) |

| | | Copies sent as noted on document. (jpl,Pensacola) (Entered: 04/23/2003) |
|---|---|---|
| 04/23/2003 | 381 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [363-1] motion for Immediate Release on personal recognizance bond pending review of his motion for new trial as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (jpl,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 382 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [374-1] request demand as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (jpl,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 383 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [375-1] request demand as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (jpl,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 384 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [376-1] request demand for entry of default related to motion to dismiss Assistant U. S. Attorney Benjamin W. Beard as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (jpl,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 385 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [377-1] motion For Default Judgment in his motion for new trial based on newly discovered evidence as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (jpl,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 386 | MOTION by defendant RUSSELL ELROY KAEMMERLING For Default Judgment In His Motion to recuse Judge Roger Vinson (cbj,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 387 | MOTION by defendant RUSSELL ELROY KAEMMERLING For Default Judgment in his motion to dismiss Assistant US Attorney Benjamin W. Beard (cbj,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 388 | MOTION by defendant RUSSELL ELROY KAEMMERLING For Default Judgment in his motion for bond pending resolution of motion for new trial (cbj,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | | MOTION submission without file to Judge Roger Vinson Re: [386-1] motion For Default Judgment In His Motion to recuse Judge Roger Vinson by RUSSELL ELROY KAEMMERLING, [387-1] motion For Default Judgment in his motion to dismiss Assistant US Attorney Benjamin W. Beard by RUSSELL ELROY KAEMMERLING, [388-1] motion For Default Judgment in his motion for bond pending resolution of motion for new trial by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 389 | ORDER by Judge Roger Vinson - Denying [386-1] motion For Default Judgment In His Motion to recuse Judge Roger Vinson as to RUSSELL |

| | | |
|---|---|---|
| | | ELROY KAEMMERLING (2) Copies sent as noted on document. (cbj,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 390 | ORDER by Judge Roger Vinson - Denying [387-1] motion For Default Judgment in his motion to dismiss Assistant US Attorney Benjamin W. Beard as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (cbj,Pensacola) (Entered: 04/23/2003) |
| 04/23/2003 | 391 | ORDER by Judge Roger Vinson - Denying [388-1] motion For Default Judgment in his motion for bond pending resolution of motion for new trial as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (cbj,Pensacola) (Entered: 04/23/2003) |
| 04/24/2003 | 392 | RESPONSE by plaintiff USA, To The Defendant's First Motion For Modification Of Bond Degree (cbj,Pensacola) (Entered: 04/25/2003) |
| 04/25/2003 | 393 | MOTION by defendant RUSSELL ELROY KAEMMERLING For Modification of Bond Decree (cbj,Pensacola) (Entered: 04/25/2003) |
| 04/25/2003 | | MOTION submission with file to Judge Roger Vinson Re: [393-1] motion For Modification of Bond Decree by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 04/25/2003) |
| 04/28/2003 | 394 | ORDER by Judge Roger Vinson - Denying [393-1] motion For Modification of Bond Decree as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (cbj,Pensacola) (Entered: 04/28/2003) |
| 04/28/2003 | 395 | (VERIFIED) MOTION (REQUEST) by defendant RUSSELL ELROY KAEMMERLING for Reconsideration of [385-1] order denying request for entry of default on petitioner's motion for new trial based on newly discovered evidence (cbj,Pensacola) (Entered: 04/29/2003) |
| 04/29/2003 | | MOTION submission with file to Judge Roger Vinson Re: [395-1] motion for Reconsideration of [385-1] order denying request for entry of default on petitioner's motion for new trial based on newly discovered evidence by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 04/29/2003) |
| 04/29/2003 | | Deficient pleadings referred to RV chambers w/proposed order of deficiency as to RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 04/30/2003) |
| 04/29/2003 | 396 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [395-1] motion for Reconsideration of [385-1] order denying request for entry of default on petitioner's motion for new trial based on newly discovered evidence (cbj,Pensacola) (Entered: 04/30/2003) |
| 04/29/2003 | 397 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re deft's motions* to take judicial notice pursuant to criminal activity of William McCool and Benjamin W. Beard *[Note: deficient pleadings referred to RV chambers w/proposed order of deficiency] (cbj,Pensacola) (Entered: 04/30/2003) |

| 04/30/2003 | | DOCUMENT Location re: [396-1] motion response by USA, [397-1] motion response by USA Sent to RV chambers Reason: for review and filing (cbj,Pensacola) (Entered: 04/30/2003) |
|---|---|---|
| 05/01/2003 | 398 | (SECOND) MOTION by defendant RUSSELL ELROY KAEMMERLING for modification of bond decree (cbj,Pensacola) (Entered: 05/01/2003) |
| 05/01/2003 | 399 | REPLY by RUSSELL ELROY KAEMMERLING to response to [362-1] motion for New Trial based on newly discovered evidence (cbj,Pensacola) (Entered: 05/01/2003) |
| 05/01/2003 | 400 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [398-1] motion for modification of bond decree (cbj,Pensacola) (Entered: 05/01/2003) |
| 05/01/2003 | 401 | NOTICE OF APPEAL by defendant RUSSELL ELROY KAEMMERLING Re: [391-1] order denying motion for release on bond pending resolution of motion for new trial; Certificate of Readiness due 5/16/03 (cbj,Pensacola) (Entered: 05/01/2003) |
| 05/01/2003 | | MOTION submission without file (previously referred) to Judge Roger Vinson Re: [398-1] motion for modification of bond decree by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 05/01/2003) |
| 05/01/2003 | | DOCUMENT Location re: [398-1] motion for modification of bond decree by RUSSELL ELROY KAEMMERLING, [399-1] motion reply by RUSSELL ELROY KAEMMERLING, [400-1] motion response by USA, [401-1] appeal by RUSSELL ELROY KAEMMERLING Sent to RV chambers Reason: For filing and review (cbj,Pensacola) (Entered: 05/01/2003) |
| 05/01/2003 | | Transcript Order Form Due Deadlin as to defendant RUSSELL ELROY KAEMMERLING for status of: Transcript Order form due - Appeal Status Deadline is: 6/2/03 (djb,Pensacola) (Entered: 05/02/2003) |
| 05/02/2003 | 402 | TRANSMITTAL of Notice of Appeal with certified copy of docket/judgment/order to USCA as to defendant RUSSELL KAEMMERLING Re: [401-1] appeal Copies sent as noted on document. (djb,Pensacola) (Entered: 05/02/2003) |
| 05/05/2003 | 403 | ORDER by Judge Roger Vinson - Denying [398-1] motion for modification of bond decree as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (cbj,Pensacola) (Entered: 05/05/2003) |
| 05/05/2003 | 404 | ORDER by Judge Roger Vinson - Denying [395-1] motion for Reconsideration of [385-1] order denying request for entry of default on petitioner's motion for new trial based on newly discovered evidence as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (cbj,Pensacola) (Entered: 05/05/2003) |
| 05/05/2003 | 405 | ORDER by Judge Roger Vinson - Clerk shall return documents to deft |

|  |  | w/o filing. May resubmit after correcting deficiencies (i.e. proper style/caption) as to defendant RUSSELL ELROY KAEMMERLING Copies sent as noted on document. (cbj,Pensacola) (Entered: 05/05/2003) |
|---|---|---|
| 05/05/2003 | 406 | ORDER by Judge Roger Vinson - Clerk shall return the document to defendant RUSSELL ELROY KAEMMERLING w/o filing. May resubmit after correcting deficiencies (certificate of service, proper style). Copies sent as noted on document. (cbj,Pensacola) (Entered: 05/05/2003) |
| 05/09/2003 | 407 | MOTION by defendant RUSSELL ELROY KAEMMERLING for Reconsideration of [380-1] order denying petitioner's motion for new trial based on newly discovered evidence (cbj,Pensacola) (Entered: 05/12/2003) |
| 05/09/2003 | 408 | NOTICE OF APPEAL by defendant RUSSELL ELROY KAEMMERLING Re: [379-1] order denying motion to dismiss assitant US attorney Benjamin W. Beard. Certificate of Readiness due 5/27/03; Transcript Order Form due on 6/9/03 *[Note: Certificate of service includes docs.408-411] (cbj,Pensacola) Modified on 05/12/2003 (Entered: 05/12/2003) |
| 05/09/2003 | 409 | NOTICE OF APPEAL by defendant RUSSELL ELROY KAEMMERLING Re: [381-1] order denying motion for bond pending resolution of petitioner's motion for new trial. Certificate of Readiness due 5/27/03; Transcript Order Form due on 6/9/03 (cbj,Pensacola) (Entered: 05/12/2003) |
| 05/09/2003 | 410 | NOTICE OF APPEAL Re: [378-1] order denying motion to recuse Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING. Certificate of Readiness due 5/27/03; Transcript Order Form due on 6/9/03 (cbj,Pensacola) (Entered: 05/12/2003) |
| 05/09/2003 | 411 | NOTICE OF APPEAL by defendant RUSSELL ELROY KAEMMERLING Re: [385-1] order, denying request for entry of deafult on petitioner's motion for new trial. Certificate of Readiness due 5/27/03; Transcript Order Form due on 6/9/03 (cbj,Pensacola) (Entered: 05/12/2003) |
| 05/09/2003 | 412 | MOTION by defendant RUSSELL ELROY KAEMMERLING to Proceed in Forma Pauperis (related to motions for new trial, to dismiss assitant US attorney, for recuals of judge & for bond pending resolutin of motions). (cbj,Pensacola) (Entered: 05/12/2003) |
| 05/12/2003 |  | MOTION submission with file to Judge Roger Vinson Re: [407-1] motion for Reconsideration of [380-1] order denying petitioner's motion for new trial based on newly discovered evidence by RUSSELL ELROY KAEMMERLING, [412-1] motion to Proceed in Forma Pauperis by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 05/12/2003) |
| 05/12/2003 | 413 | USCA #: 03-12374-J as to RUSSELL ELROY KAEMMERLING Re: [401-1] appeal by RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/12/2003) |

| 05/12/2003 | 414 | USCA Letter Re: Appellate Procedures [401-1] appeal by RUSSELL ELROY KAEMMERLING Re: USCA #: 03-12374-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/12/2003) |
| --- | --- | --- |
| 05/12/2003 | 415 | MOTION with Memorandum in Support by RUSSELL ELROY KAEMMERLING to add findings of fact and law to order denying motion for new trial based on newly discovered evidence *[Note: Certificate of Service indicates service of doc.415 & 416] (cbj,Pensacola) Modified on 05/12/2003 (Entered: 05/12/2003) |
| 05/12/2003 | 416 | MOTION with Memorandum in Support by RUSSELL ELROY KAEMMERLING to add findings of fact and law to court's denial of motion to dismiss assistant US attorney Benjamin Beard (cbj,Pensacola) (Entered: 05/12/2003) |
| 05/14/2003 | 418 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [407-1] motion for Reconsideration of [380-1] order denying petitioner's motion for new trial based on newly discovered evidence (cbj,Pensacola) (Entered: 05/15/2003) |
| 05/15/2003 | 420 | TRANSMITTAL of Notice of Appeal with certified copy of docket/judgment/order to USCA as to defendant RUSSELL ELROY KAEMMERLING Re: [411-1] appeal, [410-1] appeal, [409-1] appeal, [408-1] appeal Copies sent as noted on document. (djb,Pensacola) (Entered: 05/15/2003) |
| 05/19/2003 | | MOTION submission with file to Judge Roger Vinson Re: [407-1] motion for Reconsideration of [380-1] order denying petitioner's motion for new trial based on newly discovered evidence by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 05/19/2003) |
| 05/20/2003 | | Deadline updated as to defendant RUSSELL ELROY KAEMMERLING Resetting deadline for Certificate of Readiness due: Certificate of Readiness due 5/27/03 Awaiting USCA case numbers for other Misc. appeals. (djb,Pensacola) (Entered: 05/20/2003) |
| 05/20/2003 | 421 | ORDER by Judge Roger Vinson - Denying, for lack of jurisdiction, [407-1] motion for Reconsideration of [380-1] order denying petitioner's motion for new trial based on newly discovered evidence as to RUSSELL ELROY KAEMMERLING (2). Copies sent as noted on document. (cbj,Pensacola) (Entered: 05/20/2003) |
| 05/20/2003 | 422 | ORDER by Judge Roger Vinson - Denying [412-1] motion to Proceed in Forma Pauperis as to RUSSELL ELROY KAEMMERLING (2). All of the claims advanced by the deft are frivolous. Copies sent as noted on document. (cbj,Pensacola) (Entered: 05/20/2003) |
| 05/20/2003 | 423 | ORDER by Judge Roger Vinson - Denying [415-1] motion to add findings of fact and law to order denying motion for new trial based on discovered evidence as to RUSSELL ELROY KAEMMERLING (2). There is no evidence of any denial of proper discovery to the deft or his attorney. Copies sent as noted on document. (cbj,Pensacola) (Entered: |

| | | 05/20/2003 |
|---|---|---|
| 05/20/2003 | 424 | ORDER by Judge Roger Vinson - Denying [416-1] motion to add findings of fact and law to court's denial of motion to dismiss assistant US attorney Benjamin Beard as to RUSSELL ELROY KAEMMERLING (2). There is no evidence of any misconduct or conflict disqualifying Mr. Beard. Copies sent as noted on document. (cbj,Pensacola) (Entered: 05/20/2003) |
| 05/22/2003 | 425 | USDC Letter Transmitting document [424-1] order, [423-1] order, [422-1] order, [421-1] order to USCA Re: [411-1] appeal by RUSSELL ELROY KAEMMERLING, [410-1] appeal by RUSSELL ELROY KAEMMERLING, [409-1] appeal by RUSSELL ELROY KAEMMERLING, [408-1] appeal by RUSSELL ELROY KAEMMERLING, [401-1] appeal by RUSSELL ELROY KAEMMERLING USCA#: Unknown (djb,Pensacola) (Entered: 05/22/2003) |
| 05/23/2003 | 426 | NOTICE of Voluntary Dismissal by RUSSELL ELROY KAEMMERLING Letter asking to withdraw his appeal. USCA #03-12374-J Copy sent to USCA. (djb,Pensacola) (Entered: 05/27/2003) |
| 05/27/2003 | 427 | USDC Letter Transmitting document [426-1] notice to withdraw appeal by RUSSELL ELROY KAEMMERLING to USCA Re: [401-1] appeal by RUSSELL ELROY KAEMMERLING USCA#: 03-12374-J (djb,Pensacola) (Entered: 05/27/2003) |
| 05/27/2003 | 429 | MANDATE OF USCA as to defendant RUSSELL ELROY KAEMMERLING Re: [401-1] appeal by RUSSELL ELROY KAEMMERLING, Dismissed pursuant to appellant's motion to dismiss. USCA #: 03-12374-J (djb,Pensacola) (Entered: 05/28/2003) |
| 05/27/2003 | 430 | USCA #: 03-12611-J as to RUSSELL ELROY KAEMMERLING Re: [408-1] appeal by RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/28/2003) |
| 05/27/2003 | 431 | USCA Letter Re: Appellate Procedures [408-1] appeal by RUSSELL ELROY KAEMMERLING Re: USCA #: 03-12611-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/28/2003) |
| 05/27/2003 | 432 | USCA #: 03-12613-J as to RUSSELL ELROY KAEMMERLING Re: [409-1] appeal by RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/28/2003) |
| 05/27/2003 | 433 | USCA Letter Re: Appellate Procedures [409-1] appeal by RUSSELL ELROY KAEMMERLING Re: USCA #: 03-12613-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/28/2003) |
| 05/27/2003 | 434 | USCA #: 03-12614-J as to RUSSELL ELROY KAEMMERLING Re: [410-1] appeal by RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/28/2003) |

| 05/27/2003 | 435 | USCA Letter Re: Appellate Procedures [410-1] appeal by RUSSELL ELROY KAEMMERLING Re: USCA #: 03-12614-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/28/2003) |
|---|---|---|
| 05/27/2003 | 436 | USCA #: 03-12615-J as to RUSSELL ELROY KAEMMERLING Re: [411-1] appeal by RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/28/2003) |
| 05/27/2003 | 437 | USCA Letter Re: Appellate Procedures [411-1] appeal by RUSSELL ELROY KAEMMERLING Re: USCA #: 03-12615-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/28/2003) |
| 05/29/2003 | 438 | CERTIFICATE of Readiness Re: [408-1] appeal by RUSSELL ELROY KAEMMERLING as to defendant RUSSELL ELROY - USCA # 03-12611-J CONSISTING OF: Number of Volumes of Pleadings: 1 Number of Volumes of Exhibits: 7 (6 folders Prior Record on Appeal consisting of 2 volumes of pleadings and 18 transcripts) and 1 PSI. Note: Prior Record currently at USCA for USCA #02-16410-JJ. Copies sent as noted on document. (djb,Pensacola) (Entered: 05/29/2003) |
| 05/29/2003 | 439 | CERTIFICATE of Readiness Re: [409-1] appeal by RUSSELL ELROY KAEMMERLING as to defendant RUSSELL ELROY - USCA # 03-12613-J CONSISTING OF: Number of Volumes of Pleadings: 1 Number of Volumes of Exhibits: 7 (6 folders Prior Record on Appeal consisting of 2 volumes of pleadings and 18 transcripts) and 1 PSI. NOTE: Prior Record is currently at USCA for USCA #02-16410-JJ USA vs POPE. Copies sent as noted on document. (djb,Pensacola) (Entered: 05/29/2003) |
| 05/29/2003 | 440 | CERTIFICATE of Readiness Re: [410-1] appeal by RUSSELL ELROY KAEMMERLING as to defendant RUSSELL ELROY - USCA # 03-12614-J CONSISTING OF: Number of Volumes of Pleadings: 1 Number of Volumes of Exhibits: 7 (6 folders Prior Record on Appeal consisting of 2 volumes of pleadings and 18 transcripts) and 1 PSI. NOTE: Prior Record is currently at USCA re: USCA #02-16410-JJ USA vs POPE. Copies sent as noted on document. (djb,Pensacola) (Entered: 05/29/2003) |
| 05/29/2003 | 441 | CERTIFICATE of Readiness Re: [411-1] appeal by RUSSELL ELROY KAEMMERLING as to defendant RUSSELL ELROY - USCA # 03-12615-J CONSISTING OF: Number of Volumes of Pleadings: 1 Number of Volumes of Exhibits: 7 (6 folders Prior Record on Appeal consisting of 2 volumes of pleadins and 18 transcripts) and 1 PSI. NOTE: Prior Record is at USCA re: USCA #02-16410-JJ USA vs POPE. Copies sent as noted on document. (djb,Pensacola) (Entered: 05/29/2003) |
| 05/30/2003 | 442 | USCA Letter Re: Appellate Procedures [411-1] appeal by RUSSELL ELROY KAEMMERLING Re: USCA #: 03-12615-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/30/2003) |
| 05/30/2003 | 443 | USCA Acknowledgment Re: [411-1] appeal by RUSSELL ELROY KAEMMERLING Re: [424-1] order, [423-1] order, [422-1] [421-1] |

| | | order USCA #: 03-12615-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 05/30/2003) |
|---|---|---|
| 06/02/2003 | 444 | NOTICE To withdraw appeals #03-12611-J, 03-12613-J, 03-12614-J and 03-12615-J by RUSSELL ELROY KAEMMERLING as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 06/03/2003) |
| 06/03/2003 | 445 | USDC Letter Transmitting document [444-1] Notice/Letter to Withdraw appeals by RUSSELL ELROY KAEMMERLING to USCA Re: [411-1] appeal, [410-1] appeal, [409-1] appeal, [408-1] appeal by RUSSELL ELROY KAEMMERLING USCA#: 03-12611-J, 03-12613-J, 03-12614-J and 03-12615-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 06/03/2003) |
| 06/03/2003 | 446 | USCA Acknowledgment Re: Re: [426-1] notice by RUSSELL ELROY KAEMMERLING USCA #: 03-12374-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 06/05/2003) |
| 06/06/2003 | 447 | MANDATE OF USCA as to defendant RUSSELL ELROY KAEMMERLING Re: [408-1] appeal by RUSSELL ELROY KAEMMERLING, Appellant's motion for dismissal USCA #: 03-12611-J (djb,Pensacola) (Entered: 06/06/2003) |
| 06/06/2003 | 448 | MANDATE OF USCA as to defendant RUSSELL ELROY KAEMMERLING Re: [409-1] appeal by RUSSELL ELROY KAEMMERLING, This appeal was duly entered dimissed this 4th day of June, 2003. Re: Appellant's motion for voluntary dismissal USCA #: 03-12613-J (djb,Pensacola) (Entered: 06/06/2003) |
| 06/06/2003 | 449 | MANDATE OF USCA as to defendant RUSSELL ELROY KAEMMERLING Re: [410-1] appeal by RUSSELL ELROY KAEMMERLING, Appeal dismissed on June 4, 2003 Re: Appellant's motion for a voluntary dismissal USCA #: 03-12614-J (djb,Pensacola) (Entered: 06/06/2003) |
| 06/06/2003 | 450 | MANDATE OF USCA as to defendant RUSSELL ELROY KAEMMERLING Re: [411-1] appeal by RUSSELL ELROY KAEMMERLING, Appeal dismissed June 4, 2003. Re: Appellant's motion for voluntary dismissal USCA #: 03-12615-J (djb,Pensacola) (Entered: 06/06/2003) |
| 06/06/2003 | 451 | ORDER by Judge Roger Vinson Reassigning case to Magistrate Judge Miles Davis Copies sent as noted on document. (cbj,Pensacola) (Entered: 06/09/2003) |
| 06/09/2003 | | **ADDED Magistrate Judge Miles Davis (cbj,Pensacola) (Entered: 06/09/2003) |
| 06/09/2003 | 452 | USCA Acknowledgment Re: Re: [438-1] Certificate of Readiness USCA #: 03-12611-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 06/10/2003) |
| 06/09/2003 | 453 | USCA Acknowledgment Re: Re: [439-1] Certificate of Readiness USCA |

| | | #: 03-12613-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 06/10/2003) |
| --- | --- | --- |
| 06/09/2003 | 454 | USCA Acknowledgment Re: Re: [440-1] Certificate of Readiness USCA #: 03-12614-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 06/10/2003) |
| 06/09/2003 | 455 | USCA Acknowledgment Re: Re: [441-1] Certificate of Readiness USCA #: 03-12615-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 06/10/2003) |
| 06/09/2003 | 456 | USCA Acknowledgment Re: [444-1] notice to withdraw appeals by RUSSELL ELROY KAEMMERLING USCA #: 03-12611-J, 03-12613-J, 03-12614-J and 03-12615-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 06/10/2003) |
| 06/16/2003 | | File Returned to Court: to Magistrate Judge Miles Davis Re: [451-1] order, Reassigning case to Magistrate Judge Miles Davis (cbj,Pensacola) (Entered: 06/16/2003) |
| 07/14/2003 | 457 | NOTICE of of Filing Tort Claim Form by RUSSELL ELROY KAEMMERLING **NOTE: This document removed & returned to deft pursuant to order (doc.477) entered 7/29/03. (sps,Pensacola) Modified on 07/29/2003 (Entered: 07/22/2003) |
| 07/14/2003 | 458 | MOTION by defendant RUSSELL ELROY KAEMMERLING for Leave to File Motions Pro Se (sps,Pensacola) (Entered: 07/22/2003) |
| 07/14/2003 | 459 | MOTION by defendant RUSSELL ELROY KAEMMERLING to Take Judicial Notice of Previous Avertments and Government's Response (sps,Pensacola) (Entered: 07/22/2003) |
| 07/17/2003 | 460 | NOTICE of of Filing Claim for Damage, Injury or Death by RUSSELL ELROY KAEMMERLING - **NOTE: This document removed and returned to deft pursuant to order (doc.477) entered 7/29/03. (sps,Pensacola) Modified on 07/29/2003 (Entered: 07/22/2003) |
| 07/17/2003 | 461 | MOTION by defendant RUSSELL ELROY KAEMMERLING for Enlargement of His Memorandum in Support of Motion for Relief from Judgment (sps,Pensacola) (Entered: 07/22/2003) |
| 07/17/2003 | 462 | MOTION with Memorandum in Support by RUSSELL ELROY KAEMMERLING and Notice of Motion for Relief from Judgment Under Rederal Rules of Civil Procedure 60(b)(4) (sps,Pensacola) (Entered: 07/22/2003) |
| 07/21/2003 | 463 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re: Renewed Motion for Recusal of Judge Vinson (sps,Pensacola) (Entered: 07/22/2003) |
| 07/21/2003 | 464 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [459-1] motion to Take Judicial Notice of Previous Avertments and Government's Response (sps,Pensacola) (Entered: 07/22/2003) |

| 07/21/2003 | 465 | MEMORANDUM IN SUPPORT OF RENEWED MOTION by defendant RUSSELL ELROY KAEMMERLING to Recuse Judge Roger Vinson (sps,Pensacola) (Entered: 07/22/2003) |
| 07/22/2003 | 469 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [462-1] motion and Notice of Motion for Relief from Judgment Under Rederal Rules of Civil Procedure 60(b)(4) (sps,Pensacola) (Entered: 07/25/2003) |
| 07/24/2003 | | MOTION submission with file to Judge Roger Vinson Re: [465-1] motion to Recuse Judge Roger Vinson by RUSSELL ELROY KAEMMERLING, [462-1] motion and Notice of Motion for Relief from Judgment Under Rederal Rules of Civil Procedure 60(b)(4) by RUSSELL ELROY KAEMMERLING, [461-1] motion for Enlargement of His Memorandum in Support of Motion for Relief from Judgment by RUSSELL ELROY KAEMMERLING, [459-1] motion to Take Judicial Notice of Previous Avertments and Government's Response by RUSSELL ELROY KAEMMERLING, [458-1] motion for Leave to File Motions Pro Se by RUSSELL ELROY KAEMMERLING (sps,Pensacola) (Entered: 07/24/2003) |
| 07/24/2003 | 466 | MOTION by RUSSELL ELROY KAEMMERLING for reaffirmation of oath of office from assistant U. S. Attorney Ben Beard (jra,Pensacola) (Entered: 07/25/2003) |
| 07/24/2003 | 467 | MOTION by RUSSELL ELROY KAEMMERLING for reaffirmation of oath of office from the Honorable Roger Vinson (jra,Pensacola) (Entered: 07/25/2003) |
| 07/24/2003 | 468 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [467-1] motion for reaffirmation of oath of office from the Honorable Roger Vinson, [466-1] motion for reaffirmation of oath of office from assistant U. S. Attorney Ben Beard (jra,Pensacola) (Entered: 07/25/2003) |
| 07/25/2003 | | DOCUMENT Location re: [469-1] motion response by USA Sent to RV Chambers Reason: ruling and placement in file (sps,Pensacola) (Entered: 07/25/2003) |
| 07/25/2003 | 470 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING granting [461-1] motion for Enlargement of His Memorandum in Support of Motion for Relief from Judgment as to RUSSELL ELROY KAEMMERLING (2)....but not to exceed 35 pages. Copies sent as noted on document. (sps,Pensacola) (Entered: 07/25/2003) |
| 07/25/2003 | 471 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING granting [458-1] motion for Leave to File Motions Pro Se as to RUSSELL ELROY KAEMMERLING (2)...only as a motion to proceed PRO SE. Copies sent as noted on document. (sps,Pensacola) (Entered: 07/25/2003) |
| 07/25/2003 | 472 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [465-1] motion to Recuse Judge Roger Vinson as to RUSSELL ELROY KAEMMERLING (2). The petitioner |

| | | has identified no grounds for recusal. Copies sent as noted on document. (sps,Pensacola) (Entered: 07/25/2003) |
|---|---|---|
| 07/25/2003 | 473 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [467-1] motion for reaffirmation of oath of office from the Honorable Roger Vinson as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (sps,Pensacola) (Entered: 07/25/2003) |
| 07/25/2003 | 474 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [462-1] motion and Notice of Motion for Relief from Judgment Under Federal Rules of Civil Procedure 60(b)(4) as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (sps,Pensacola) (Entered: 07/25/2003) |
| 07/25/2003 | 475 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [459-1] motion to Take Judicial Notice of Previous Avertments and Government's Response as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (sps,Pensacola) (Entered: 07/25/2003) |
| 07/25/2003 | 476 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [466-1] motion for reaffirmation of oath of office from assistant U. S. Attorney Ben Beard as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (sps,Pensacola) (Entered: 07/25/2003) |
| 07/28/2003 | | File Returned to Court: to Judge Roger Vinson Re: [460-1] notice by RUSSELL ELROY KAEMMERLING, [457-1] notice by RUSSELL ELROY KAEMMERLING (w/proposed deficiency order per chambers instructions) (sps,Pensacola) (Entered: 07/28/2003) |
| 07/28/2003 | 478 | MOTION by defendant RUSSELL ELROY KAEMMERLING For Enlargement of Time To File Reply To Government's Response* To Petitioner's Motion For Relief From Judgment* (to 8/23/03) *re: 462, 469 (cbj,Pensacola) (Entered: 07/30/2003) |
| 07/29/2003 | 477 | ORDER (deficiency*) by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING - striking [457-1] and [460-1] LETTERS w/claim forms attached, and returned to defendant. Copies sent as noted on document. *(improper caption, etc.) (cbj,Pensacola) (Entered: 07/29/2003) |
| 07/30/2003 | | MOTION submission with file (VOL04) to Judge Roger Vinson Re: [478-1] motion For Enlargement of Time To File Reply To Government's Response* To Petitioner's Motion For Relief From Judgment* (to 8/23/03) by RUSSELL ELROY KAEMMERLING - *[re: 462,469] (cbj,Pensacola) (Entered: 07/30/2003) |
| 07/31/2003 | 479 | ORDER by Judge Roger Vinson - Denying [478-1] motion For Enlargement of Time To File Reply To Government's Response To Petitioner's Motion For Relief From Judgment (to 8/23/03) as to RUSSELL ELROY KAEMMERLING (2). Copies sent as noted on |

| | | |
|---|---|---|
| | | document. (cbj,Pensacola) (Entered: 07/31/2003) |
| 08/06/2003 | | CASE REFERRED to Magistrate Judge Miles Davis (cbj,Pensacola) (Entered: 08/06/2003) |
| 08/06/2003 | | **ADDED Magistrate Judge Miles Davis (cbj,Pensacola) (Entered: 08/06/2003) |
| 08/07/2003 | | DOCUMENT Location re: [482-1] motion to Vacate under 28 U.S.C. 2255 by LOUIS ROMAIN, [483-1] motion for CHERYL J. STURM to Appear Pro Hac Vice for defendant LOUIS ROMAIN by LOUIS ROMAIN Sent to MD chambers Reason: for review and filing (cbj,Pensacola) (Entered: 08/07/2003) |
| 08/08/2003 | 484 | MOTION by defendant RUSSELL ELROY KAEMMERLING To Perpetuate Testimony And Request For Production of Records (cbj,Pensacola) (Entered: 08/08/2003) |
| 08/11/2003 | | MOTION submission without file (file referred 8/6/03 to MD chambers) to Judge Roger Vinson Re: [484-1] motion To Perpetuate Testimony And Request For Production of Records by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 08/11/2003) |
| 08/12/2003 | 486 | (GOVERNMENT'S) RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [484-1] motion To Perpetuate Testimony And Request For Production Records (cbj,Pensacola) (Entered: 08/13/2003) |
| 08/13/2003 | | FILE Returned to Clerk from Judge Roger Vinson - Re: [484-1] motion To Perpetuate Testimony And Request For Production of Records by RUSSELL ELROY KAEMMERLING, [486-1] motion response by USA - w/instructions to refer to magistrate law clerk to draft order (cbj,Pensacola) (Entered: 08/13/2003) |
| 08/13/2003 | | File Returned to Court: to Magistrate Judge Miles Davis for law clerk to draft order, Re: [484-1] motion To Perpetuate Testimony And Request For Production of Records by RUSSELL ELROY KAEMMERLING, [486-1] motion response by USA (cbj,Pensacola) (Entered: 08/13/2003) |
| 08/13/2003 | 488 | NOTICE OF APPEAL by defendant RUSSELL ELROY KAEMMERLING Re: [474-1] order as to defendant RUSSELL ELROY KAEMMERLING Certificate of Readiness due 8/28/03 Transcript Order Form due on 9/12/03 No Appeal filing fee paid. (djb,Pensacola) (Entered: 08/14/2003) |
| 08/14/2003 | | DOCUMENT Location re: [487-1] notice by LOUIS ROMAIN Sent to MD chambers Reason: for filing and review (cbj,Pensacola) (Entered: 08/14/2003) |
| 08/14/2003 | 489 | TRANSMITTAL of Notice of Appeal with certified copy of docket/judgment/order to USCA as to defendant RUSSELL ELROY KAEMMERLING Re: [488-1] appeal Copies sent as noted on document. (djb,Pensacola) (Entered: 08/14/2003) |
| 08/14/2003 | | File Returned to Court w/proposed order: to Judge Roger Vinson Re: |

| | | [484-1] motion To Perpetuate Testimony And Request For Production Records by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 08/14/2003) |
|---|---|---|
| 08/15/2003 | 493 | ORDER by Judge Roger Vinson - For reasons outlined in order, Denying [484-1] motion To Perpetuate Testimony And Request For Production of Records as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. (cbj,Pensacola) (Entered: 08/15/2003) |
| 08/15/2003 | 494 | REQUEST (Letter to Clerk) by defendant RUSSELL ELROY KAEMMERLING for copies of documents (cbj,Pensacola) (Entered: 08/18/2003) |
| 08/18/2003 | 495 | Clerk's RESPONSE Re: [494-1] copy request by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 08/18/2003) |
| 08/18/2003 | | Deadline updated for status of: return of ROA's as to all defts - Appeal Status Deadline is: 9/30/03 - to refer transcripts to law clerk (MD chambers) re: 2255 motions (cbj,Pensacola) (Entered: 08/18/2003) |
| 08/19/2003 | 496 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING - Clerk shall return documents to deft w/o filing. May resubmit after correcting deficiencies (i.e. cert svc) Copies sent as noted on document. (cbj,Pensacola) (Entered: 08/19/2003) |
| 08/20/2003 | 497 | TRANSCRIPT for Motion Hearing before Chief Judge Roger Vinson re: [60-1] motion to Disqualify Attorneys Because of Conflicts by plaintiff Transcript Date: 7/12/00; Court Reporter: W.Paul Rayborn; Number of Pages: 25 Re: GARCIA HEARING as to defendants KEVIN MICHAEL KELLY, RUSSELL ELROY KAEMMERLING, RAY P POPE (cbj,Pensacola) (Entered: 08/21/2003) |
| 08/22/2003 | 499 | USCA #: 03-14190-J as to RUSSELL ELROY KAEMMERLING Re: [488-1] appeal by RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 08/25/2003) |
| 08/22/2003 | 500 | USCA Letter Re: Appellate Procedures [488-1] appeal by RUSSELL ELROY KAEMMERLING Re: USCA #: 03-14190-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 08/25/2003) |
| 08/25/2003 | 501 | REQUEST by: USCA as to defendant RUSSELL ELROY KAEMMERLING for a Certificate of Appealability USCA#: 03-14190-J (djb,Pensacola) (Entered: 08/25/2003) |
| 08/25/2003 | | File Returned to Court: to Judge Roger Vinson Re: [501-1] request demand for certificate of appealability by USCA as to RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 08/25/2003) |
| 08/26/2003 | | File Returned to Court: to Magistrate Judge Miles Davis Re: [501-1] request demand by RUSSELL ELROY KAEMMERLING re: USCA - certificate of appealability. (djb,Pensacola) (Entered: 08/26/2003) |
| 08/27/2003 | 504 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY |

| | | |
|---|---|---|
| | | KAEMMERLING denying [501-1] USCA request for certificate of appealability as to RUSSELL ELROY KAEMMERLING (2) Copies sent as noted on document. This is not a final order denying Section 2255 relief, and in fact, no such motion has yet been filed. Therefore no certificate of appealability is warranted. No motion for leave to proceed in forma pauperis has been filed. Defendant shall pay the $105.00 filing fee forthwith or risk dismissal of his appeal in accordance with the August 20, 2003 correspondence from the Eleventh Circuit. (djb,Pensacola) (Entered: 08/27/2003) |
| 08/28/2003 | 505 | USDC Letter Transmitting document [504-1] order to USCA Re: [488-1] appeal by RUSSELL ELROY KAEMMERLING USCA#: 03-14190-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 08/28/2003) |
| 08/28/2003 | 508 | MOTION by defendant RUSSELL ELROY KAEMMERLING for (Rule 11) Sanctions (against Roger Vinson & John and Jane Does 1-12, known as trial jury) (cbj,Pensacola) (Entered: 09/04/2003) |
| 08/28/2003 | 509 | MOTION by defendant RUSSELL ELROY KAEMMERLING for (Rule 11) Sanctions (against P. Michael Patterson, Benjamin W. Beard & John Does and Jane Does 1-20, known as Grand Jury...) (cbj,Pensacola) (Entered: 09/04/2003) |
| 08/28/2003 | 510 | MOTION by defendant RUSSELL ELROY KAEMMERLING to Proceed in Forma Pauperis re: doc.508 (cbj,Pensacola) (Entered: 09/04/2003) |
| 08/28/2003 | 511 | MOTION by defendant RUSSELL ELROY KAEMMERLING to Proceed in Forma Pauperis (re: doc.509) (cbj,Pensacola) (Entered: 09/04/2003) |
| 08/28/2003 | 512 | LETTER w/attached CERTIFICATE Of Service* by RUSSELL ELROY KAEMMERLING Service Re: [508-1] motion for (Rule 11) Sanctions *indicating service on Roger Vinson, and The Jury Trial Members (through clerk of court)? (cbj,Pensacola) (Entered: 09/04/2003) |
| 08/28/2003 | 513 | LETTER w/attached CERTIFICATE Of Service* by RUSSELL ELROY KAEMMERLING Service Re: [509-1] motion for (Rule 11) Sanctions - *indicating service on Benjamin W. Beard, P. Michael Patterson, and The Grand Jury Members (through clerk of court)? (cbj,Pensacola) (Entered: 09/04/2003) |
| 09/03/2003 | 506 | CERTIFICATE of Readiness Re: [488-1] appeal by RUSSELL ELROY KAEMMERLING as to defendant RUSSELL ELROY - USCA # 03-14190-J CONSISTING OF: Number of Volumes of Pleadings: 1 Number of Volumes of Exhibits: 7 (6 folders prior appeal record) and 1 PSI. Copies sent as noted on document. (djb,Pensacola) (Entered: 09/03/2003) |
| 09/04/2003 | | Deadline updated as to defendant RUSSELL ELROY KAEMMERLING Setting response to motion deadline for 9/22/03 for USA Re: [508-1] motion for (Rule 11) Sanctions by RUSSELL ELROY KAEMMERLING, [509-1] motion for (Rule 11) Sanctions by RUSSELL |

| | | |
|---|---|---|
| | | ELROY KAEMMERLING, [510-1] motion to Proceed in Forma Pauperis by RUSSELL ELROY KAEMMERLING, [511-1] motion to Proceed in Forma Pauperis by RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 09/04/2003) |
| 09/04/2003 | | File Returned to Court w/proposed deficiency order: to Judge Roger Vinson Re: docs.508 - 513 as to RUSSELL ELROY KAEMMERLING * [returned to clerk to file, hold for response, then refer to Magistrate Judge] (cbj,Pensacola) (Entered: 09/04/2003) |
| 09/05/2003 | 514 | MOTION by defendant RUSSELL ELROY KAEMMERLING to Proceed in Forma Pauperis (djb,Pensacola) (Entered: 09/08/2003) |
| 09/09/2003 | 515 | USCA Acknowledgment Re: [488-1] appeal by RUSSELL ELROY KAEMMERLING Re: [504-1] order USCA #: 03-14190-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) Modified on 09/10/2003 (Entered: 09/10/2003) |
| 09/09/2003 | 516 | TO CORRECT DUPLICATE ENTRY - DOCUMENT 516 DOES NOT EXIST (djb,Pensacola) (Entered: 09/29/2003) |
| 09/11/2003 | | MOTION submission with file to Judge Roger Vinson Re: [514-1] motion to Proceed in Forma Pauperis by RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 09/11/2003) |
| 09/11/2003 | 517 | USCA Acknowledgment Re: [488-1] appeal by RUSSELL ELROY KAEMMERLING Re: [506-1] Certificate of Readiness USCA #: 03-14190-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 09/12/2003) |
| 09/12/2003 | 518 | ORDER by Judge Roger Vinson as to defendant RUSSELL ELROY KAEMMERLING denying [514-1] motion to Proceed in Forma Pauperis as to RUSSELL ELROY KAEMMERLING (2) The requested relief is DENIED. The defendant has not complied with Rule 24(a)(1), Fed.R.App.P. The defendant has not identified any appealable orders, and this attempt to appeal is not in good faith. See order of August 27, 2003 (doc. 54) Copies sent as noted on document. (djb,Pensacola) (Entered: 09/12/2003) |
| 09/16/2003 | 520 | USDC Letter Transmitting document [518-1] order to USCA Re: [488-1] appeal by RUSSELL ELROY KAEMMERLING USCA#: 03-14190-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 09/16/2003) |
| 09/17/2003 | | Deadline updated as to defendant RUSSELL ELROY KAEMMERLING for status of: appeal status - Appeal Status Deadline is: 12/17/03 (djb,Pensacola) (Entered: 09/17/2003) |
| 09/24/2003 | 521 | USCA Acknowledgment Re: [488-1] appeal by RUSSELL ELROY KAEMMERLING Re: [518-1] order USCA #: 03-14190-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 09/24/2003) |
| 09/24/2003 | 522 | USCA Letter Re: Appellate Procedures [488-1] appeal by RUSSELL |

| | | ELROY KAEMMERLING Re: USCA #: 03-14190-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 09/24/2003) |
|---|---|---|
| 09/24/2003 | 523 | NOTICE OF APPEAL by defendant RUSSELL ELROY KAEMMERLING Re: [518-1] order as to defendant RUSSELL ELROY KAEMMERLING Certificate of Readiness due 10/9/03 Transcript Order Form due on 10/24/03 (djb,Pensacola) (Entered: 09/26/2003) |
| 09/29/2003 | 524 | TRANSMITTAL of Notice of Appeal with certified copy of docket/judgment/order to USCA as to defendant RUSSELL ELROY KAEMMERLING Re: [523-1] appeal Copies sent as noted on document. (djb,Pensacola) (Entered: 09/29/2003) |
| 09/29/2003 | | Motion(s) referred with file to Magistrate Judge Miles Davis as to RUSSELL ELROY KAEMMERLING : [508-1] motion for (Rule 11) Sanctions, [509-1] motion for (Rule 11) Sanctions, [510-1] motion to Proceed in Forma Pauperis, [511-1] motion to Proceed in Forma Pauperis (cbj,Pensacola) (Entered: 09/29/2003) |
| 09/29/2003 | 525 | (Petitioner's) MOTION by defendant RUSSELL ELROY KAEMMERLING To Perpetuate Testimony Under Rule 27 Federal Rules of Civil Procedure (cbj,Pensacola) Modified on 09/29/2003 (Entered: 09/29/2003) |
| 09/29/2003 | 526 | LETTER/REQUEST by defendant RUSSELL ELROY KAEMMERLING for status of pending motions (doc.508, 509 re: Rule 11 Sanctions) (cbj,Pensacola) (Entered: 09/29/2003) |
| 09/29/2003 | | DOCUMENT Location re: [526-1] request (re: docs.508,509) by RUSSELL ELROY KAEMMERLING Sent to MD chambers Reason: for review (cbj,Pensacola) (Entered: 09/29/2003) |
| 09/29/2003 | | MOTION submission without file* to Judge Roger Vinson Re: [525-1] motion To Perpetuate Testimony Under Rule 27 Federal Rules of Civil Procedure by RUSSELL ELROY KAEMMERLING *(file referred to MD chambers re: docs.508-513,526) (cbj,Pensacola) (Entered: 09/29/2003) |
| 10/01/2003 | 528 | RESPONSE by USA as to RUSSELL ELROY KAEMMERLING re [525-1] motion To Perpetuate Testimony Under Rule 27 Federal Rules of Civil Procedure (cbj,Pensacola) (Entered: 10/02/2003) |
| 10/02/2003 | | Deadline updated as to all defendants for status of: return of ROA, including transcripts - MD chambers needs transcripts referred when returned from USCA - Appeal Status Deadline is: 11/30/03 (cbj,Pensacola) (Entered: 10/02/2003) |
| 10/02/2003 | | Copy of doc.528, "Gvt response to motion to perpetuate testimony" as to RUSSELL ELROY KAEMMERLING, referred to RV chambers (cbj,Pensacola) (Entered: 10/02/2003) |
| 10/02/2003 | | DOCUMENT Location re: [527-1] motion response by USA, [528-1] motion response by USA Sent to MD chambers Reason: for filing and |

| | | |
|---|---|---|
| | | review (cbj,Pensacola) (Entered: 10/02/2003) |
| 10/02/2003 | 529 | ORDER by Judge Roger Vinson - Denying [525-1] motion To Perpetuate Testimony Under Rule 27 Federal Rules of Civil Procedure as to ELROY KAEMMERLING (2). There is no reason to believe that the identified individuals are about to die, lose competence, or flee. Copies sent as noted on document. (cbj,Pensacola) (Entered: 10/02/2003) |
| 10/03/2003 | | DOCUMENT Location re: [525-1] motion To Perpetuate Testimony Under Rule 27 Federal Rules of Civil Procedure by RUSSELL ELROY KAEMMERLING, [529-1] order denying motion, Sent to MD chambers Reason: for filing (cbj,Pensacola) (Entered: 10/03/2003) |
| 10/06/2003 | 530 | ORDER by Magistrate Judge Miles Davis as to defendant RUSSELL ELROY KAEMMERLING - Clerk is advised that any future correspondence from deft that is not in proper form for filing should be referred to chambers w/o docketing. For reasons outlined in order - Denying without prejudice [508-1] & [509-1] motions for (Rule 11) Sanctions; Denying as moot [510-1] & [511-1] motions to Proceed in Forma Pauperis; Granting [526-1] letter/request for status, to the extent that this order has issued. Copies sent as noted on document. (cbj,Pensacola) (Entered: 10/06/2003) |
| 10/06/2003 | 532 | USCA #: 03-14190-J as to RUSSELL ELROY KAEMMERLING Re: [523-1] appeal by RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 10/07/2003) |
| 10/06/2003 | 533 | USCA Letter Re: Appellate Procedures [523-1] appeal by RUSSELL ELROY KAEMMERLING Re: USCA #: 03-14190-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 10/07/2003) |
| 10/14/2003 | 535 | NOTICE of To The Court by USA as to defendant RUSSELL ELROY KAEMMERLING (cbj,Pensacola) (Entered: 10/14/2003) |
| 10/14/2003 | 537 | NOTICE OF APPEAL by defendant RUSSELL ELROY KAEMMERLING Re: [529-1] order as to defendant RUSSELL ELROY KAEMMERLING Certificate of Readiness due 10/29/03 Transcript Order Form due on 11/13/03 (djb,Pensacola) (Entered: 10/15/2003) |
| 10/16/2003 | 542 | REQUEST by: USCA as to defendant RUSSELL ELROY KAEMMERLING for original USCA#: 03-14190-J (djb,Pensacola) (Entered: 10/17/2003) |
| 10/17/2003 | 541 | TRANSMITTAL of Notice of Appeal with certified copy of docket/judgment/order to USCA as to defendant RUSSELL ELROY KAEMMERLING Re: [523-1] appeal Copies sent as noted on document. (djb,Pensacola) (Entered: 10/17/2003) |
| 10/17/2003 | | File Returned to Court: to Magistrate Judge Miles Davis, as requested (cbj,Pensacola) (Entered: 10/17/2003) |
| 10/22/2003 | | ALL TRANSCRIPTS (doc.#s 88,140-143, 151, 276-290, 292 & 497) referred to MD chambers law clerk (le), as requested as to all defendants |

| | | (cbj,Pensacola) (Entered: 10/22/2003) |
|---|---|---|
| 10/22/2003 | | Transcripts (docs.88 & 292) returned to clerk for filing (cbj,Pensacola) (Entered: 10/22/2003) |
| 10/29/2003 | 543 | USCA #: 03-15379-J as to RUSSELL ELROY KAEMMERLING Re: [537-1] appeal by RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 10/30/2003) |
| 10/29/2003 | 544 | USCA Letter Re: Appellate Procedures [537-1] appeal by RUSSELL ELROY KAEMMERLING Re: USCA #: 03-15379-J as to defendant RUSSELL ELROY KAEMMERLING (djb,Pensacola) (Entered: 10/30/2003) |
| 11/04/2003 | 545 | ORIGINAL PAPERS TO USCA Re: [488-1] appeal by RUSSELL ELROY KAEMMERLING USCA# 03-14190-J CONSISTING OF: Number of Volumes of Pleadings: 1 Number of Volumes of Exhibits: 7 (6 expandable folders - prior appeal record consisting of 2 volumes of pleadings and 19 transcripts) and 1 PSI. (djb,Pensacola) (Entered: 11/04/2003) |
| 11/10/2003 | 547 | USCA Acknowledgement [545] Original Papers Sent to USCA, as to RUSSELL ELROY KAEMMERLING USCA Appeal # 03-14190-J (djb, Pensacola) (Entered: 11/13/2003) |
| 11/10/2003 | 548 | MOTION to Strike (The Order of the magistrate denying Rule 11 Fed.R.Civ.P. Motion for sanctions and in the alternative his Notice of Appeal of the denial of the Rule 11 Motion) by RUSSELL ELROY KAEMMERLING. (cbj, Pensacola) (Entered: 11/13/2003) |
| 11/14/2003 | | Terminate Deadlines No Transcript order form received as to RUSSELL ELROY KAEMMERLING : Appeal (529) order USCA #03-15379-J (djb, Pensacola) (Entered: 11/14/2003) |
| 11/14/2003 | | Set/Reset Deadlines/Hearings as to RUSSELL ELROY KAEMMERLING : Clerk to check status of Appeal on 2/13/2004 (djb, Pensacola) (Entered: 11/14/2003) |
| 11/14/2003 | 554 | MOTION for Leave to Appeal In Forma Pauperis by RUSSELL ELROY KAEMMERLING. (djb, Pensacola) (Entered: 11/19/2003) |
| 11/14/2003 | | ACTION REQUIRED BY CHAMBERS: Chambers of Vinson notified that action is needed Re: [554] MOTION for Leave to Appeal In Forma Pauperis filed by RUSSELL ELROY KAEMMERLING (djb, Pensacola) (Entered: 11/19/2003) |
| 11/14/2003 | 555 | TRANSCRIPT request form received. No transcripts ordered by RUSSELL ELROY KAEMMERLING re [537] Notice of Appeal USCA #03-15379-J (djb, Pensacola) (Entered: 11/19/2003) |
| 11/14/2003 | | MOTIONS as to RUSSELL ELROY KAEMMERLING REFERRED to Magistrate Judge Rogers: [554] MOTION for Leave to Appeal In Forma Pauperis (djb, Pensacola) (Entered: 11/20/2003) |

| 11/18/2003 | 556 | ORDER Denying [548] as Motion to Strike as to RUSSELL ELROY KAEMMERLING (2). The Alternative Appeal is Affirmed. Signed by Judge ROGER VINSON on November 18, 2003. (cbj, Pensacola) (Entered: 11/21/2003) |
| --- | --- | --- |
| 11/20/2003 | | Motion Submission as to RUSSELL ELROY KAEMMERLING re [554] MOTION for Leave to Appeal In Forma Pauperis (djb, Pensacola) (Entered: 11/20/2003) |
| 11/25/2003 | 557 | Motion Submission with purposed order as to RUSSELL ELROY KAEMMERLING re [554] MOTION for Leave to Appeal In Forma Pauperis (djb, Pensacola) (Entered: 11/25/2003) |
| 12/02/2003 | 561 | ORDER granting [554] Motion for Leave to Appeal In Forma Pauperis as to RUSSELL ELROY KAEMMERLING (2). Signed by Judge ROGER VINSON on 12/2/03. (djb, Pensacola) (Entered: 12/03/2003) |
| 12/05/2003 | 562 | USDC LETTER Transmitting [561] Order on Motion for Leave to Appeal In Forma Pauperis as to RUSSELL ELROY KAEMMERLING USCA Appeal # 03-15379-I (djb, Pensacola) (Entered: 12/08/2003) |
| 12/15/2003 | 563 | USCA PROCEDURAL LETTER re: [488] Notice of Appeal as to RUSSELL ELROY KAEMMERLING (jrm, Pensacola) (Entered: 12/15/2003) |
| 12/15/2003 | 564 | ORDER of USCA (certified copy) as to RUSSELL ELROY KAEMMERLING re [488] Notice of Appeal. Appellant's motion for leave to proceed on appeal in forma pauperis are DENIED. Appellant's "Motion for Immediate Release on Personal Recognizance Bond Pending Resolution of His Motion for relief from Judgment under Rule 60" is DENIED. (jrm, Pensacola) (Entered: 12/15/2003) |
| 12/16/2003 | 567 | USCA Acknowledgement [562] USDC Letter Transmittingas to RUSSELL ELROY KAEMMERLING USCA Appeal # 03-15379-I (jrm, Pensacola) (Entered: 01/12/2004) |
| 12/30/2003 | 568 | USCA Appeal Fees received $ 105, receipt number 109950 as to RUSSELL ELROY KAEMMERLING re [206] Notice of Appeal - Final Judgment: (jrm, Pensacola) (Entered: 01/13/2004) |
| 01/02/2004 | 565 | USCA PROCEDURAL LETTER re: [523] Notice of Appeal as to RUSSELL ELROY KAEMMERLING (jrm, Pensacola) (Entered: 01/06/2004) |
| 01/02/2004 | 569 | ORDER of USCA (certified copy) as to RUSSELL ELROY KAEMMERLING re [488] Notice of Appeal (jrm, Pensacola) (Entered: 01/13/2004) |
| 01/16/2004 | 570 | USDC LETTER Transmitting as to RUSSELL ELROY KAEMMERLING re: Filing Fee paid USCA Appeal # 03-1419-J (jrm, Pensacola) (Entered: 01/16/2004) |
| 01/20/2004 | 571 | USCA PROCEDURAL LETTER re: [537] Notice of Appeal as to RUSSELL ELROY KAEMMERLING (jrm, Pensacola) (Entered: |

| | | |
|---|---|---|
| | | 01/30/2004) |
| 01/20/2004 | 572 | ORDER of USCA (certified copy) as to RUSSELL ELROY KAEMMERLING re [537] Notice of Appeal (jrm, Pensacola) (Entered: 01/30/2004) |
| 01/20/2004 | 573 | USCA PROCEDURAL LETTER re: [523] Notice of Appeal as to RUSSELL ELROY KAEMMERLING (jrm, Pensacola) (Entered: 01/30/2004) |
| 01/30/2004 | 574 | USCA Acknowledgement [570] USDC Letter Transmittingas to RUSSELL ELROY KAEMMERLING USCA Appeal # 03-14191-JJ (jrm, Pensacola) (Entered: 01/30/2004) |
| 05/06/2004 | | Appeal Deadlines Terminated as to RUSSELL ELROY KAEMMERLING re [523] Notice of Appeal filed by RUSSELL ELROY KAEMMERLING (djb, Pensacola) (Entered: 05/06/2004) |
| 05/06/2004 | | Set Appeal Status Deadline as to RUSSELL ELROY KAEMMERLING re [523] Notice of Appeal: Clerk to check status of Appeal on 8/13/2004 (djb, Pensacola) (Entered: 05/06/2004) |
| 05/13/2004 | | Appeal Deadlines Terminated (djb, Pensacola) (Entered: 05/13/2004) |
| 06/08/2004 | 581 | MANDATE of USCA (certified copy) as to RUSSELL ELROY KAEMMERLING re [523] Notice of Appeal (jrm, Pensacola) (Entered: 06/08/2004) |
| 08/23/2004 | 586 | MOTION nunc pro tunc under Rule 35(a) Fed.R.Cr.P. by RUSSELL ELROY KAEMMERLING. (jrm, Pensacola) (Entered: 08/24/2004) |
| 08/23/2004 | | ACTION REQUIRED BY CHAMBERS: Chambers of Judge Vinson notified that action is needed Re: [586] MOTION nunc pro tunc under Rule 35(a) Fed.R.Cr.P. filed by RUSSELL ELROY KAEMMERLING (jrm, Pensacola) (Entered: 08/25/2004) |
| 08/24/2004 | 587 | RESPONSE in Opposition by USA as to RUSSELL ELROY KAEMMERLING re [586] MOTION nunc pro tunc under Rule 35(a) Fed.R.Cr.P. (BEARD, BENJAMIN) (Entered: 08/24/2004) |
| 08/25/2004 | 588 | ORDER denying [586] Motion nunc pro tunc under Rule 35(a) Fed.R.Cr.P. as to RUSSELL ELROY KAEMMERLING (2). The relief requested is DENIED, for lack of jurisdiction under either Rule 35, Fed.R.Crim.P., or 28 U.S.C. Section 2255. Signed by Judge ROGER VINSON on August 25, 2004. (jrm, Pensacola) (Entered: 08/25/2004) |
| 01/24/2005 | 595 | MOTION to Vacate under 28 U.S.C. 2255 (Civil Action 3-05-cv-19) by RUSSELL ELROY KAEMMERLING. [2 Service copies provided] (cbj, Pensacola) (Entered: 01/25/2005) |
| 01/24/2005 | 596 | MOTION for (Immediate) Release (On Bond Pending Recalculation of Sentence pursuant to the ruling in US v BOOKER) by RUSSELL ELROY KAEMMERLING. (requesting release pending ruling on motion to vacate 3:05cv19/RV/MD, filed 1/24/2005) (cbj, Pensacola) (Entered: |

| | | |
|---|---|---|
| | | 01/25/2005) |
| 01/25/2005 | | ACTION REQUIRED BY CHAMBERS: Chambers of Judge Vinson notified that action is needed Re: 596 MOTION for Release from Custody filed by RUSSELL ELROY KAEMMERLING, (cbj, Pensacola) (Entered: 01/25/2005) |
| 01/25/2005 | 597 | ORDER - Denying 596 Motion for Immediate Release on Bond... as to RUSSELL ELROY KAEMMERLING (2). Signed by Judge ROGER VINSON on January 25, 2005. (cbj, Pensacola) (Entered: 01/26/2005) |
| 01/26/2005 | | MOTIONS REFERRED to Magistrate Judge Davis 595 MOTION to Vacate under 28 U.S.C. 2255 (Civil Action 3-05-cv-19) as to RUSSELL ELROY KAEMMERLING (cbj, Pensacola) (Entered: 01/26/2005) |
| 01/27/2005 | 598 | REPORT AND RECOMMENDATION as to RUSSELL ELROY KAEMMERLING re 595 MOTION to Vacate under 28 U.S.C. 2255 (Civil Action 3-05-cv-19) - RECOMMENDED: That the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be summarily DISMISSED as untimely. Objections to R&R due by 2/24/2005. Signed by Judge MILES DAVIS on January 27, 2005. (cbj, Pensacola) (Entered: 01/27/2005) |
| 02/07/2005 | 599 | OBJECTION TO REPORT AND RECOMMENDATIONS 598 by RUSSELL ELROY KAEMMERLING (cbj, Pensacola) (Entered: 02/07/2005) |
| 02/07/2005 | | ACTION REQUIRED BY CHAMBERS: Chambers of Judge Vinson notified that action is needed Re: 598 REPORT AND RECOMMENDATION as to RUSSELL ELROY KAEMMERLING re 595 MOTION to Vacate under 28 U.S.C. 2255 (Civil Action 3-05-cv-19.), and 599 OBJECTION TO REPORT AND RECOMMENDATIONS by RUSSELL ELROY KAEMMERLING (cbj, Pensacola) (Entered: 02/07/2005) |
| 02/11/2005 | 601 | ORDER ADOPTING REPORT AND RECOMMENDATION as to RUSSELL ELROY KAEMMERLING re 598 Report and Recommendation. The 595 Motion to Vacate (2255) is summarily DISMISSED as untimely. Signed by Judge ROGER VINSON on February 11, 2005. (cbj, Pensacola) (Entered: 02/14/2005) |
| 02/14/2005 | 602 | JUDGMENT ON MOTION TO VACATE (2255) against defendant RUSSELL KAEMMERLING (cbj, Pensacola) (Entered: 02/14/2005) |
| 02/14/2005 | 603 | MOTION to Amend 599 Objections to (Magistrates) Report and Recommendations filed by RUSSELL ELROY KAEMMERLING, by RUSSELL ELROY KAEMMERLING. (cbj, Pensacola) (Entered: 02/14/2005) |
| 02/14/2005 | | ACTION REQUIRED BY CHAMBERS: Chambers of Judge Vinson notified that action is needed Re: 603 MOTION to Amend 599 Objection to Report and Recommendations filed by RUSSELL ELROY KAEMMERLING, filed by RUSSELL ELROY KAEMMERLING, (cbj, |

| | | Pensacola) (Entered: 02/14/2005) |
|---|---|---|
| 02/15/2005 | 604 | ORDER granting 603 Motion to Amend/Correct as to RUSSELL ELROY KAEMMERLING. The requested relief is GRANTED only to allow the filing of theamendment. Signed by Judge ROGER VINSON on 2/15/05. (lcu, Pensacola) (Entered: 02/16/2005) |
| 02/24/2005 | 605 | NOTICE OF APPEAL (2255 Motion) by RUSSELL ELROY KAEMMERLING re 601 Order Adopting Report and Recommendation, 602 Judgment on Motion to Vacate (2255). Certificate of Readiness due by 3/12/2005 Transcript Order Form due by 3/26/2005

The notice of appeal is construed as motion for certificate of appealability. (djb, Pensacola) (Entered: 02/24/2005) |
| 02/24/2005 | 606 | Transmission of Notice of Appeal and Docket Sheet as to RUSSELL ELROY KAEMMERLING to US Court of Appeals re 605 Notice of Appeal - 2255 Motion, (djb, Pensacola) (Entered: 02/24/2005) |
| 02/24/2005 | 609 | MOTION for Certificate of Appealability construed from 605 Notice of Appeal (2255 Motion) by RUSSELL ELROY KAEMMERLING.

Notice of Appeal is construed as a motion for certificate of appealability. See doc 605. (djb, Pensacola) (Entered: 03/07/2005) |
| 03/03/2005 | 607 | USCA Case Number as to RUSSELL ELROY KAEMMERLING 05-11056-F for 605 NOTICE OF APPEAL (2255 Motion) by RUSSELL ELROY KAEMMERLING (djb, Pensacola) (Entered: 03/07/2005) |
| 03/03/2005 | 608 | USCA PROCEDURAL LETTER Re: certificate of appealability re: 605 NOTICE OF APPEAL (2255 Motion) by RUSSELL ELROY KAEMMERLING USCA Appeal # 05-11056-F (djb, Pensacola) (Entered: 03/07/2005) |
| 03/07/2005 | | ACTION REQUIRED BY CHAMBERS: Chambers of Judge Miles Davis notified that action is needed Re: [609] MOTION for Certificate of Appealability Construed from 605 Notice of Appeal (2255 Motion) filed by RUSSELL ELROY KAEMMERLING, MOTIONS REFERRED to Magistrate Judge Miles Davis (See doc 605 Notice of Appeal (2255 Motion) (djb, Pensacola) (Entered: 03/07/2005) |
| 03/14/2005 | | Set Deadlines as to RUSSELL ELROY KAEMMERLING re 605 Notice of Appeal - 2255 Motion Clerk to check status of Appeal on 5/14/2005 (djb, Pensacola) (Entered: 03/14/2005) |
| 03/14/2005 | 610 | MOTION for Leave to Appeal In Forma Pauperis by RUSSELL ELROY KAEMMERLING. (djb, Pensacola) (Entered: 03/15/2005) |
| 03/15/2005 | | ACTION REQUIRED BY CHAMBERS: Chambers of Judge Miles Davis notified that action is needed Re: 610 MOTION for Leave to Appeal In Forma Pauperis filed by RUSSELL ELROY KAEMMERLING, MOTIONS REFERRED to Magistrate Judge Miles Davis [ (djb, Pensacola) (Entered: 03/15/2005) |

| 04/01/2005 | 611 | USCA PROCEDURAL LETTER re: 605 NOTICE OF APPEAL (2255 Motion) by RUSSELL ELROY KAEMMERLING USCA Appeal # 05-11056-F (re: order on coa) (djb, Pensacola) (Entered: 04/01/2005) |
| --- | --- | --- |
| 04/06/2005 | | Appeal Deadlines Terminated (Transcript order form not received) as to RUSSELL ELROY KAEMMERLING re 605 Notice of Appeal - 2255 Motion Clerk to check status of Appeal on 6/26/2005 (djb, Pensacola) (Entered: 04/06/2005) |
| 04/07/2005 | 613 | ORDER denying [609] Motion for Certificate of Appealability ; denying 610 Motion for Leave to Appeal In Forma Pauperis as to RUSSELL ELROY KAEMMERLING (2). Because the defendant has not made a substantial showing of the denial of a constitutional right, and for the reasons set forth in this court's order of February 11, 2005, a certificate of appealability is DENIED. For the same reasons, there is no good faith basis for an appeal and defendant hasnot shown that he is entitled to proceed in forma pauperis. Fed.R.App.P. 24(a). Therefore, defendant's motion for leave to appeal in forma pauperis (doc. 610) is also DENIED. Defendant shall pay the $255.00 filing fee within thirty (30) days of the date of this order. Signed by Judge ROGER VINSON on 4/7/2005. (djb, Pensacola) (Entered: 04/08/2005) |
| 04/07/2005 | | Set Deadlines as to RUSSELL ELROY KAEMMERLING re 605 Notice of Appeal - 2255 Motion Appeal Fee due by 5/7/2005 (djb, Pensacola) (Entered: 04/08/2005) |
| 04/08/2005 | 614 | USDC LETTER Transmitting 613 ORDER denying [609] Motion for Certificate of Appealability ; denying 610 Motion for Leave to Appeal In Forma Pauperis as to RUSSELL ELROY KAEMMERLING (2). USCA Appeal # 05-11056-F (djb, Pensacola) (Entered: 04/08/2005) |
| 04/18/2005 | 615 | USCA Acknowledgement613 Order on Motion for Certificate of Appealability, Order on Motion for Leave to Appeal In Forma Pauperis BY RUSSELL ELROY KAEMMERLING USCA Appeal # 05-11056-F (djb, Pensacola) (Entered: 04/18/2005) |
| 04/18/2005 | 616 | USCA PROCEDURAL LETTER re: 605 NOTICE OF APPEAL (2255 Motion) by RUSSELL ELROY KAEMMERLING USCA Appeal # 05-11056-F (djb, Pensacola) (Entered: 04/18/2005) |
| 04/25/2005 | 618 | REQUEST by USCA for the original papers as to RUSSELL KAEMMERLING, USCA Appeal #05-11056-F (djb, Pensacola) (Entered: 04/26/2005) |
| 05/16/2005 | 620 | ORIGINAL PAPERS sent to USCA re 605 Notice of Appeal - 2255 Motion, Number of Pleadings/Volumes:1; Number of Exhibits:2 (1 box prior appeal record and 1 PSI) USCA Appeal #05-11056-F (Other Exhibits/Transcripts currently in Tallahassee - they will be transmitted to the 11th Circuit at a later date.) (djb, Pensacola) (Entered: 05/16/2005) |
| 05/17/2005 | | Appeal Deadlines Terminated (Appeal filing fee not received) Re: [617] Order setting appeal filing fee due, as to RUSSELL ELROY KAEMMERLING re 605 Notice of Appeal - 2255 Motion, filed by |

| | | RUSSELL ELROY KAEMMERLING, Clerk to check status of Appeal on 8/17/2005 (djb, Pensacola) (Entered: 05/17/2005) |
|---|---|---|
| 05/23/2005 | 621 | USCA Acknowledgement620 Original Papers Sent to USCA, as to RUSSELL ELROY KAEMMERLING USCA Appeal #05-11056-F (djb, Pensacola) (Entered: 05/24/2005) |
| 06/24/2005 | 623 | ORIGINAL PAPERS Returned from USCA re 605 Notice of Appeal - 2255 Motion, Number of Pleadings/Volumes:1; Number of Exhibits:2 (1 box prior appeal record and 1 PSI) as to RUSSELL ELROY KAEMMERLING USCA Appeal #05-11056-F (djb, Pensacola) (Entered: 06/24/2005) |
| 06/24/2005 | 624 | MANDATE of USCA (certified copy) as to RUSSELL ELROY KAEMMERLING re 605 Notice of Appeal - 2255 Motion. The motion for certificate of appealability is DENIED. Appellant's motions for leave to proceed on appeal in forma pauperis and for release on bond are DENIED AS MOOT. (djb, Pensacola) (Entered: 06/24/2005) |
| 07/25/2005 | 628 | ORDER of USCA (certified copy) as to RUSSELL ELROY KAEMMERLING re 605 Notice of Appeal - 2255 Motion (for reconsideration) Upon reconsideration, appellant's motion for a COA is DENIED because appellant has failed to show that reasonable jurists would find debatable both (1) the merits of his underlying claim and (2) the procedural issues he seeks to raise. Appellant's motion for leave to proceed in forma pauperis on appeal is DENIED AS MOOT. Appellant's motion for release on bond is DENIED. (djb, Pensacola) (Entered: 07/25/2005) |
| 10/06/2005 | | Appeal Deadlines Terminated as to RUSSELL ELROY KAEMMERLING re 605 Notice of Appeal - 2255 Motion, filed by RUSSELL ELROY KAEMMERLING, (djb, Pensacola) (Entered: 10/06/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/23/2007 11:14:25 | | |
| PACER Login: | us8525 | Client Code: |
| Description: | Docket Report | Search Criteria: | 3:00-cr-00045-RV-MD |
| Billable Pages: | 30 | Cost: | 2.40 |

# Exhibit 2

# United States Court of Appeals

## For the Eleventh Circuit

No. 00-16492

District Court Docket No.
00-00045-CR-3-RV

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

May 9, 2002

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES H. FURGESON,
a.k.a. James Howell Ferguson,
RUSSELL ELROY KAEMMERLING,
RAY P. POPE,
KEVIN MICHAEL KELLY,
LOUIS ROMAIN,
SCOTT J. HAMILTON,
a.k.a. Scott Jason Hamilton,

Defendants-Appellants.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By
Deputy Clerk
Atlanta, Georgia

--------------------------------------------------
Appeal from the United States District Court
for the Northern District of Florida
--------------------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
JUN 0 7 2002
U.S. COURT OF APPEALS
ATLANTA, GA

Entered:      May 9, 2002
For the Court:   Thomas K. Kahn, Clerk
By:        Eggleston, Nataki

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

02 JUN 10  PM 12: 35

FILED

318

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------

00-16492

------------------

D.C. Docket No. 00-00045-CR-3-RV



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAY 09 2002

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES H. FURGESON, a.k.a.
James Howell Ferguson, RUSSELL
ELROY KAEMMERLING, RAY P. POPE,
KEVIN MICHAEL KELLY, LOUIS
ROMAIN, SCOTT J. HAMILTON, a.k.a.
Scott Jason Hamilton,



Defendants-Appellants.

--------------------------------------------------

Appeals from the United States District Court
for the Northern District of Florida

--------------------------------------------------

(May 9, 2002)

Before ANDERSON, Chief Judge, DUBINA, Circuit Judge, and MILLS*, District
Judge.

_____

*Honorable Richard Mills, United States District Judge for the Central
District of Illinois, sitting by designation.

PER CURIAM:

The convictions and sentences are affirmed.

In May 2000, in a fifty page Indictment, a federal grand jury charged Defendants-Appellants James H. Furgeson, Russell Kaemmerling, Ray Pope, Kevin Kelly, Louis Romain and Scott Hamilton with conspiring: (1) to commit wire fraud in violation of 18 U.S.C. § 1343, (2) to transport, internationally and interstate, money obtained by fraud in violation of 18 U.S.C. § 2314, and (3) to launder money in violation of 18 U.S.C. § 1956. 18 U.S.C. § 371. The Indictment also charged Defendants-Appellants with the substantive offenses of wire fraud, international and interstate transportation of money obtained by fraud, and money laundering. The Indictment detailed eight fraudulent transactions which established the basis for the charges against Defendants-Appellants.

Basically, the scheme offered two types of "high yield, low risk" investment programs: (1) the leasing or renting of United States Treasuries and (2) the acquisition of international monetary instruments called "Block Fund Letters" and "Letters of Credit Purchase Orders." Both types of investments purportedly relied upon the existence of an escrow agreement and an escrow agent in order to "safe guard" the investments for the investors. Kaemmerling and Kelly acted as account managers, and Pope acted as the escrow agent. Furgeson, Romain, and Hamilton

2

acted as intermediaries who agreed to locate investors in return for a commission or a finders fee.

However, most of the investors' money was never invested, and the programs in which Defendants-Appellants did invest some of the investors' money never worked as represented. No profits were ever realized by the investors, and almost all of the investors lost their initial investments. Rather, the money which Defendants-Appellants received from investors was wired to Pope's law firm's account (i.e., the Cordova Law Center in Pensacola, Florida), and then, Kaemmerling, Kelly, and Pope fraudulently converted the use of the funds for their own purposes.

After a twelve day trial, a jury found Defendants-Appellants guilty of the charges leveled against each of them in the Indictment. Thereafter, the district court sentenced Kaemmerling to a term of imprisonment of 120 months, sentenced Kelly to a term of 108 months, sentenced Pope to a term of 60 months, sentenced Hamilton to a term of 51 months, sentenced Furgeson to a term of 51 months, and sentenced Romain to a term of 100 months. Each Defendant-Appellant has filed a timely notice of appeal.

On appeal, Defendants-Appellants have raised eight issues. First, Romain, Furgeson, and Hamilton assert that the district court erred in denying their motion

3

for judgment of acquittal based upon an insufficiency of the evidence.
Specifically, Romain, Furgeson, and Hamilton contend that the Government failed
to establish beyond a reasonable doubt that they had an intent to defraud and a
knowledge about the conspiracy.

In order to prove a conspiracy in violation of 18 U.S.C. § 371, the
Government must show "(1) an agreement to break the law; (2) an overt act
furthering the conspiracy's object; (3) that the defendants willfully entered the
conspiracy; and (4) that the defendants knew at least the 'essential objectives' of
the conspiracy. Circumstantial evidence is sufficient to prove a conspiracy."
United States v. Pretty, 98 F.3d 1213, 1218 (10th Cir. 1996)(internal citations
omitted). We have reviewed the record and have determined that, taking all of the
evidence in a light most favorable to the Government, the evidence of Romain,
Furgeson, and Hamilton's guilt is overwhelming. Therefore, we affirm their
convictions on this issue.

Second, Defendants-Appellants claim that the district court's conduct
during the trial deprived them of their right to a fair trial. Specifically,
Defendants-Appellants complain of the district court's sua sponte questioning of
Pope and the district court's identification of the Channel Islands as a "tax haven."

A trial judge has broad discretion in managing a trial. United States v.

4

<u>Walker</u>, 559 F.2d 365, 370 (5th Cir. 1977). Furthermore, "the judge may question witnesses, comment on the evidence, and interrupt the trial in order to correct an impropriety." <u>United States v. Harris</u>, 720 F.2d 1259, 1261 (11th Cir. 1983). It is "[o]nly when the judge's conduct strays from neutrality is the defendant thereby denied a constitutionally fair trial." <u>Moore v. United States</u>, 598 F.2d 439, 442 (5th Cir. 1979).

Our review of the record leads us to conclude that nothing which the district court did or said during the course of the trial deprived Defendants-Appellants of their right to a fair trial. The complained of actions by the district judge were minor incidents during a twelve day trial at the end of which the district judge instructed the jury that it should not consider anything he did during the course of the trial in reaching their verdicts. Therefore, we affirm Defendants-Appellants' convictions on this issue.

<u>Third</u>, Defendants-Appellants contend that the district court erred in denying their motion for a mistrial based upon prosecutorial misconduct. Specifically, Defendants-Appellants object to comments by the prosecutor which he made during his closing argument and asserts that the prosecutor obtained confidential information from Pope through his position as a member of the

Florida State Bar grievance committee.[1]

We have held that in order

[t]o find prosecutorial misconduct, a two-element test must be met:
"'(1) the remarks must be improper, and (2) the remarks must
prejudicially affect the substantial rights of the defendant.'" *United
States v. Gonzalez*, 122 F.3d 1383, 1389 (11th Cir. 1997)(*quoting
United States v. Eyster*, 948 F.2d 1196, 1206 (11th Cir. 1991)); *see
also United States v. Thomas*, 62 F.3d 1332, 1343 (11th Cir. 1995).
"A defendant's substantial rights are prejudicially affected when a
reasonable probability arises that, but for the remarks, the outcome
[of the trial] would be different." *United States v. Hall*, 47 F.3d 1091,
1098 (11th Cir. 1995)(*citing Kennedy v. Dugger*, 933 F.2d 905, 914
(11th Cir. 1991)). The court makes this determination in the
"'context of the entire trial and in light of any curative instruction.'"
*United States v. Chirinos*, 112 F.3d 1089, 1098 (11th Cir. 1997)
(*quoting United States v. Beasley*, 72 F.3d 1518, 1525 (11th Cir.
1996)); *Thomas*, 62 F.3d at 1343 (curative instruction may render
prejudicial remark harmless).

United States v. Wilson, 149 F.3d 1298, 1300-01 (11th Cir. 1998).

Here, we cannot say that the outcome of the trial would have been different

but for the prosecutor's comments during his closing argument.  As for the

prosecutor's alleged conflict of interest, Defendants-Appellants failed to show at

the hearing on their motion to disqualify the prosecutor what, if any, confidential

information he received from Pope in his capacity as a member of the Florida Bar

grievance committee.  Therefore, we affirm Defendants-Appellants' convictions

─────────────────

[1]Pope is a licensed Florida attorney.

6

on this issue.

Fourth, Kaemmerling, Kelly, and Pope claim that the district court erred in denying their motion for a mistrial based upon juror misconduct. Kaemmerling, Kelly, and Pope contend that some of the jurors slept during the trial and that this misconduct deprived them of their right to a fair trial.

An allegation that a juror was sleeping during a trial is considered to be a claim of juror misconduct, United States v. Hernandez, 921 F.2d 1569, 1577 (11th Cir. 1991), and an "[i]nvestigation of alleged juror misconduct 'is committed to the discretion of the district court and is reviewed only for an abuse of that discretion.'" United States v. Carpa, 271 F.3d 962, 967 (11th Cir. 2001), quoting United States v. Prosperi, 201 F.3d 1335, 1340 (11th Cir. 2000); see United States v. Register, 182 F.3d 820, 840 (11th Cir. 1999)(holding that the district court possesses "substantial discretion in choosing the investigative procedure to be used in checking for juror misconduct.").

We cannot say that the district judge abused his discretion in his handling of the "sleeping" juror especially given the district court's finding that the juror was not sleeping, merely resting her eyes, and Romain's objection to the removal of the juror. Accordingly, we affirm Kaemmerling, Kelly, and Pope's convictions on this issue.

7

Fifth, Hamilton asserts that the district court erred in denying his motion to sever.  Hamilton argues that his and Furgeson's defenses were antagonistic and mutually exclusive, that the evidence presented by the Government against his co-Defendants had a spill-over effect onto him, and that the district court erred in not granting him a trial separate and apart from his co-Defendants.

A district court may sever the trial of a co-defendant whenever it appears that a defendant would be prejudiced by a joint trial with his co-defendant. Fed. R. Crim. Pro. 14.  "Nevertheless, because of the well-settled principle that it is preferred that persons who are charged together should be tried together, particularly in conspiracy cases, the denial of a motion for severance will be reversed only for abuse of discretion." United States v. Smith, 918 F.2d 1551, 1559 (11th Cir. 1990).  To justify a severance, the defendant must "demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of the defense." United States v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997).  The defendant "must demonstrate that without a severance he was unable to receive a fair trial and that he suffered compelling prejudice." United States v. Tokars, 95 F.3d 1520, 1531 (11th Cir. 1996).

Hamilton has not made such a showing.  First, Hamilton has offered no reason to depart from the general rule that defendants indicted together should be

8

tried together, especially in a conspiracy case. Second, "it is well settled that

defendants are not entitled to severance merely because they may have a better

chance of acquittal in separate trials." Zafiro v. United States, 113 S. Ct. 933, 938

(1993). Third, he has not established that he suffered any prejudice. Therefore,

we hold that the district judge did not abuse his discretion in denying Hamilton's

motion to sever, and we affirm his conviction on this issue.

Sixth, Furgeson, Hamilton, Kaemmerling, Kelly, and Pope contend that a

variance existed between the single conspiracy charged in the Indictment and the

proof of several separate conspiracies offered by the Government at trial and that

the district court improperly instructed the jury on this issue. Defendants-

Appellants claim that, at most, the Government presented evidence of several

separate conspiracies, and as such, a material variance exists between the

allegations contained within the Indictment and the proof offered at trial.

In order for a defendant to prevail on a claim that a material variance existed

between the allegations contained within the Indictment and the proof offered at

trial, he must prove a variance and must also demonstrate substantial prejudice

flowing from such a variance in proof. United States v. Flynt, 15 F.3d 1002, 1005-

06 (11th Cir. 1994). Regarding a variance involving conspiracies, no material

variance will exist if a reasonable trier of fact, viewing the evidence in the light

9

most favorable to the government, could have found beyond a reasonable doubt

the existence of the single conspiracy as charged in the indictment. United States

v. Castro, 89 F.3d 1443, 1450 (11th Cir. 1996). To demonstrate substantial

prejudice, a defendant must show either

> 1) that the proof at trial differs so greatly from the charges in the
> indictment that the defendants [were] . . . unfairly surprised and had
> an inadequate opportunity to prepare a defense, or 2) that due to the
> number of defendants in the case, and the number of predicate acts
> charged, there is a substantial likelihood that the jury transferred
> evidence from one defendant to another.

United States v. Starrett, 55 F.3d 1525, 1553 (11th Cir. 1995).

Here, no material variance existed because a reasonable jury could have

concluded beyond a reasonable doubt that a single conspiracy as charged in the

Indictment existed. In any event, Defendants-Appellants have failed to establish

prejudice even assuming, arguendo, that a material variance existed. Therefore,

we affirm Defendants-Appellants' convictions on this issue.

Seventh, Hamilton asserts that the cumulative effect of the errors committed

at trial entitle him to a new trial.

"In addressing a claim of cumulative error, we must examine the trial as a

whole to determine whether the appellant was afforded a fundamentally fair trial."

United States v. Calderon, 127 F.3d 1314, 1333 (11th Cir. 1997). Given the fact

10

that we have concluded, after reviewing the record, that Hamilton's claimed errors do not entitle him to a new trial, we find that Hamilton is not entitled to a new trial based upon a cumulative error theory because we do not believe that he was denied his fundamental right to a fair trial. Accordingly, we affirm Hamilton's conviction on this issue.

Eighth, Defendants-Appellants claim that the district court erred in sentencing them in light of Amendment 634 to the United States Sentencing Guidelines. During the pendency of these appeals, but after the parties had filed their respective briefs, the United States Sentencing Commission made substantial amendments to the United States Sentencing Guidelines which became effective November 1, 2001. Specifically for purposes of these appeals, the Sentencing Commission issued Amendment 634 which amended U.S.S.G. § 2S1.1 and addressed the issue of grouping money laundering counts with the underlying offenses pursuant to U.S.S.G. § 3D1.2(c).

Defendants-Appellants argue that Amendment 634 to the Sentencing Guidelines shows that the district court erred in not grouping their money laundering and their fraud convictions together. U.S.S.G. § 2S1.1, n. 6. Defendants-Appellants contend that, although they are precluded from seeking retroactive application of Amendment 634 under 18 U.S.C. § 3582(c)(2) because

11

the Amendment is not listed among those expressly deemed retroactive under

U.S.S.G. § 1B1.10(c), the Amendment should be applied retroactively to their

sentences because note 6 establishes that Amendment 634 is a clarification rather

than a substantive change to the Sentencing Guidelines. Defendants-Appellants

assert that, if Amendment 634 is applied to their sentences, they each would

receive a one level reduction in their adjusted offense levels. Thus, Defendants-

Appellants ask the Court to remand this case for re-sentencing hearings with

directions to the district court to give them the retroactive effect of Amendment

634.

Defendants-Appellants are correct that, because Amendment 634 is not

listed among those expressly deemed retroactive under U.S.S.G. § 1B1.10(c), they

may not seek retroactive application of the Amendment under 18 U.S.C. §

3582(c)(2). As such, Defendants-Appellants are only entitled to the retroactive

effect of Amendment 634 if we deem the Amendment to be a clarification of the

Sentencing Guidelines rather than making a substantive change. See U.S.S.G. §

1B1.11(b)(2)(stating that courts may consider subsequent amendments to the

extent that they clarify the Guidelines and do not make substantive changes);

see also United States v. Scroggins, 880 F.2d 1204, 1215 (11th Cir. 1989)(stating

that amendments that "do not effect a substantive change, but rather are intended

12

only to clarify the rule adopted by a particular guideline . . . constitute strongly

persuasive evidence of how the Sentencing Commission originally envisioned that

the courts would apply the affected guideline," and therefore apply retroactively).

We hold that Amendment 634 substantively changed the Sentencing Guidelines

relating to money laundering convictions, and therefore, Defendants-Appellants

are not entitled to the retroactive effect of Amendment 634.

All of the Courts of Appeals which have addressed this issue have

determined that Amendment 634 is a substantive amendment rather than a

clarifying amendment. See United States v. Sabbeth, 277 F.3d 94, 96-99 (2d Cir.

2002)(concluding "based on the comprehensive nature and extent of the

Sentencing Commission's changes, that the introduction of Application Note 6 is

clearly substantive."); see also United States v. McIntosh, 280 F.3d 479, 485 (5th

Cir. 2002)(holding that "[t]he combining of §§ 2S1.1 and 2S1.2 and the resulting

change in the calculation of the base offense level is a substantive change, not a

clarification."); see also United States v. King, 280 F.3d 886, 890-91 (8th Cir.

2002)(concluding that Amendment 634 substantively changes the Guidelines).

We agree with the well-reasoned analysis of these courts.

First, in amending U.S.S.G. § 2S1.1, the Sentencing Commission totally

revamped the way money laundering counts are grouped with the underlying

13

offenses. Specifically, Amendment 634 for the first time indicates that money

laundering counts and the underlying offenses should be grouped together

pursuant to U.S.S.G. § 3D1.2(c). U.S.S.G. § 2S1.1, n. 6. Second, the commentary

to Amendment 634 does not indicate that the Sentencing Commission intended

merely to clarify the Guidelines; rather, the language indicates a desire to

substantively change the punishment related to money laundering offenses. Third,

Congress empowered the Sentencing Commission to determine whether

amendments to the Sentencing Guidelines will be given retroactive effect, Braxton

v. United States, 500 U.S. 344, 348 (1991), and the Sentencing Commission did

not include Amendment 634 in the list of amendments which are to be applied

retroactively. U.S.S.G. § 1B1.10(c).

     For these reasons, the Court finds that Amendment 634 substantively

changed the Sentencing Guidelines and, thus, that the Amendment does not apply

retroactively. Because Amendment 634 does not apply retroactively, the district

court correctly sentenced Defendants-Appellants, and therefore, we affirm their

sentences on this issue.

     Accordingly, we affirm Defendant-Appellants' convictions and sentences.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

14

# Exhibit 3

Westlaw.

2004 WL 1904401 (C.A.11)                                                    Page 1

**(Cite as: 2004 WL 1904401)**

United States Court of Appeals,Eleventh Circuit.
Russell KAEMMERLING, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
No. 03-14190-JJ.
April 19, 2004.

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN
DISTRICT OF FLORIDA PENSACOLA
DIVISION

Brief of Appellant Russell Kaemmerling
Russell Kaemmerling, Reg. No. 04899-017, F.C.I.
Seagoville, P. O. Box 9000, Seagoville, Texas
75159
**STATEMENT            REGARDING            ORAL
ARGUMENT**

Appellant requests the opportunity for oral
argument. The case revolves around the
examination of a very lengthy and convoluted
indictment. Both the procedural and substantive
issues may require interchange between appellant
and members of the panel to clarify issues and
controlling authority.

Appellant understands that the common practice in
*Pro Se* appeals is the appointment of counsel to
provide representation at oral argument. Appellant
requests that he be allowed to argue his case.
Appellant has had extensive public speaking
experience including extemporaneous speaking and
public debate. If counsel must be appointed,
Appellant requests being designated as co-counsel.

**STATEMENT OF JURISDICTION**

The United States Court of Appeals for the
Eleventh Circuit has jurisdiction over this special
appeal from the district court pursuant to Title 28
United States Code, Section 1291. This case
involves an appeal from a final decision of the
United States District Court for the Northern

District of Florida, which district is within the
territorial jurisdiction of this Court.

**\*ii TABLE OF CONTENTS**

Certificate of Interested Persons and Corporate
Disclosure Statement ... i

Table of Contents ... ii

Statement Regarding Oral Arguments and
Statement of Jurisdiction ... iv

Table of Citations ... v

Statutes & Rule, and Books & Treatises ... 13

Statement of Issues ... 1

Statement of Case ... 2

Statement of Facts ... 3

Standard of Review ... 4

Summary of the Argument ... 5

Argument and Citations of Authority ... 6

**I. IS A MOTION FOR RELIEF FROM
JUDGMENT UNDER RULE 60(B)(4)
FEDERAL RULES OF CIVIL PROCEDURE
AN APPROPRIATE VEHICLE FOR
ATTACKING A JUDGMENT THAT IS VOID
AS A MATTER OF LAW AND WHERE THE
GOVERNMENT CONCEDES THE FACTUAL
BASIS FOR THE CLAIM? ...**

**II. ISSUES SETTLED IN PREVIOUS
ACTIONS. ...**

**A. ISSUES NOT CONTESTED ARE
CONCEDED. ...**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                              Page 2

(Cite as: 2004 WL 1904401)

**B. ISSUES PREVIOUSLY UNCONTESTED AND CONCEDED.** ...

**III. ARGUMENT** ...

**A. THE COURT LACKED SUBJECT MATTER JURISDICTION A THRESHOLD ISSUE IN ANY ACTION.** ...

**B. A JUDGMENT ENTERED WHERE COURT LACKED SUBJECT MATTER JURISDICTION IS VOID** ...

*iii **1. The Court Lacked Subject Matter Jurisdiction Due to the Fact Title 18 U.S.C. and Its Sections 2, 371 and 2314 Are Void AB INITIO.** ...

**2. A Defective Indictment That Failed To Charge a Crime Created The Absence of Subject Matter Jurisdiction.** ...

**3. The Court Lacked Subject Matter Jurisdiction Due to An Unverified Indictment** ...

Conclusion ...

Certificate of Compliance ...

Certificate of Service ...

Exhibits ...

Indictment ... - Exhibit A

Motion For Relief From Judgment Under Rule 60(R)(4) Fed.R.Cir.P. ... - Exhibit B

Government's Response ... - Exhibit C

Referral and Order on Rule 60(b)(4) Motion ... - Exhibit D

History of Meeting and Adjournment of 80th Congress ... - Exhibit E

Legislative History of Title 18 ... - Exhibit F

Request for Admissions and Trandahl to Degan Letter ... - Exhibit G

Letter from Trandahl to Davis ... - Exhibit H

Senate Reports, Index Key and History of Bill ... - Exhibit I

Letter from Jane Fitzgerald, National Archives with copy Of Enrolled Bill ... - Exhibit J

Letter from Kristen Wilhelm, National Archives with Engrossed Bill ... - Exhibit K

World Almanac Page ... - Exhibit L

Affidavit of Tony Davis ... - Exhibit M

McCool Letter to Kaemmerling ... - Exhibit N

Note: Table of Contents page numbers missing in original document

*V TABLE OF CITATIONS

*Cases*

*Acme Boat Rentals, Inc. v. J. Ray McDermott & Co.*, 407 F.2d 1324 (5th Cir. 1969) ...

*Alikhani v. United States*, 220 F.3d 732 (11th Cir. 2000) ...

*Amoskeag Ntl. Bank v. Ottawa*, 105 US 667, 26 L.Ed 1204 (1881) ...

*Basso v., Utah Power and Light Co.*, 495 F.2d 906, (10th Cir. 1974) cert denied, 489 U.S. 1080, 109 S. Ct. 1534, 103 L.Ed.2d 839 (1989)....

*Bender v. Williamsport Area School District*, 475 U.S. 534, 89 L.Ed.2d 501, 106 S. Ct. 1326 (1986) ...

*Bingham v. Cabot*, 3 U.S. 382 (3 Dall 382) 1 L.Ed 646 (1798) ...

*Bishop v. Reno*, 210 F.3d 1295 (11th Cir. 2000)....

*Bland v. California Dept. of Corrections*, 20 F.3d 1469 (9th Cir. 1994) ...

*Blitz v. United States*, 150 U.S. 308, 14 S. Ct. 924,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(Cite as: 2004 WL 1904401)**

38 L.Ed 725 ...

*Bradley v. Fisher*, 80 U.S. (13 Wall) 335, 20 L.Ed 646 (1872) ...

*Brimmer v. Rebman*, 138 US 78, 11 S. Ct. 213, 34 L.Ed 862 (1892) ...

*Browder v. Director III. Dept. of Corrections*, 434 U.S. 257, 54 L.Ed.2d 521, 98 S. Ct. 556 ...

*Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L.Ed.2d (1978) ...

*Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S. Ct. 1493, 131 L.Ed.2d 403 (1995) ...

*Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000) ...

*Chicago Life Ins. Co. v. Cherry*, 244 U.S. 25, 37 S. Ct. 492, 61 L.Ed. 966 (1917) ...

*Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 60 S. Ct. 317, 84 L.Ed 1035 (1940) ...

*vi *Cook v. Moffatt & Curtis*, 46 US 295, 12 L.Ed 159, 5 Hou 295 (1847) ...

*Cooper v. Telfair*, 4 Dall, 1 L.Ed 721 (1800) ...

*Dallas v. Dallas Independent School Dist.*, 701 F.Supp 594 (N.D. Tex 1988) ...

*Dennis v. Higgins*, 498 US 439, 112 L.Ed.2d 969, 11 S. Ct. 865 (1991) ...

*Dodge v. Woolsey*, 59 U.S. 331, 15 L.Ed 401, 18 How 331 (1855) ...

*Ex Parte Siebold*, 100 U.S. 371, 25 L.Ed 717 (1879) . ...

*Faysound Ltd. v. Walter Fuller Aircraft Sales, Inc.*, 952 F.2d 980, 981 (8th Cir. 1991.) ...

*FCC v. Pacifica Foundation*, 438 US 726, 57 L.Ed.2d 1073, 98 s. Ct. 3026 (1978) ...

*Field Clark*, 143 U.S. 649, 36 L.Ed 294, 12 S. Ct. 495 (1892) ...

*Gaither v. United States*, 413 F.2d 1061, 1071 (D.C. Cir. 1969) ...

*Garcia v. United States*, 469 US 70, 83 L.Ed.2d 1472, 105 S. Ct. 479 (1984) ...

*Gravel v. United Sates*, 408 US 606, FN 16, 33 L.Ed.2d 583, 92 S. Ct. 2614 (1972) ...

*Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. 1981) ...

*Hagner v. United States*, 285 U.S. 427, 52 S. Ct. 417, 76 L.Ed 861 ...

*Hamling v. U.S.*, 418 U.S. 87, 94 S. Ct. 2887, 41 L.Ed.2d 590 (1974) ...

*Hall v Lanning*, 91 U.S. 160, 23 L.Ed. 271 (1875) ...

*Henley v. Johnson*, 885 F.2d 790 (11th Cir. 1989) ...

*Hertz Corp. v. Alamo Rent-A-Car Inc.*, 16 F.3d 1126 (11th Cir. 1994.) ...

*Hobbs v U.S. Office of Personnel Management*, 485 F.Supp 456 (M.D. Fla. 1980). ...

*Hotch v. United States*, 212 F.2d 283 (9th Cir. 1954) ...

*Independent Insurance Agents v. Clarke*, 965 F.2d 1077 (D.C. Cir. 1992) ...

*In re Bouchie*, 324 F.3d 780 (5lh Cir. 2003) ...

*vii *In Re Incident Aboard D/B Ocean King*, 758 F.2d 1063 (5th Cir. 1985) ...

*INS v. Chadha*, 462 U.S. 919, 77 L.Ed.2d 317, 103 S. Ct. 2764 ...

*Insurance Corp. of Ireland, Ltd. v. Compaigne des Bauxites de Guinee*, 456 U.S. 694, 102 S. Ct. 2099, 72 L.Ed.2d 492 (1982) ...

*Jackson v. FIE Corp.*, 302 F.3d 515 (5th Cir. 2002) .

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)

**(Cite as: 2004 WL 1904401)**

..

*Jackson v. Virginia*, 443 U.S. 307, 61 L.Ed.2d 560, 99 S. Ct. 278 (1979). ...

*Jester v. United States*, 714 F.2d 97 (11th Cir. 1983) ...

*Jordan v. Gilligan*, 500 F.2d 701 (6th Cir. 1974) ...

*Kennedy v. Mendoza-Martinez*, 372 US 144, 83 S. Ct. 1056, 108 L.Ed.2d 644 (1963) ...

*Kennedy v. Sampson*, 511 F.2d 430 (D.C. Cir. 1974) ...

*Kirby Forest Indus. Inc. v. United States*, 467 US 1, 81 L.Ed2d 1, 104 S. Ct. 2187 ...

*Klapprott v. United States*, 335 U.S. 601, 69 S. Ct. 384, 93 L.Ed 266 (1949) ...

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994) ...

*L&A Contracting Co. v. Southern Concrete Servs.*, 17 F.3d 106, (5th Cir. 1994) ...

*Lake Country v. Rollins*, 130 US 662, 9 S. Ct. 651, 32 L.Ed 1060 (1889) ...

*Landgraf v. U.S.I. Film Products*, 511 U.S. 244, 128 L.Ed.2d 229, 114 S. Ct. 1483 (1994) ...

*LeMieux Bros., Inc. v. Tremont Lumber Co. Ltd.*, 140 F.2d 387 (5th Cir. 1994) ...

*Lilburn v. Racicot*, 855 F.Supp. 327 (D. Mont. 1991) ...

*Long v. Shorebank Development Corp.*, 182 F.3d 548 (7th Cir. 1999). ...

*Louisville and Nashville Railroad Co. V. Mottley*, 211 U.S. 149, 29 S. Ct. 42, 53 L.Ed 126 (1908) ...

*Mansfield C & L.M.R. Co. v Swan*, 111 U.S. 379, 28 L.Ed 462, 4 S. Ct. 510 (1884). ...

\*viii *Marbury v. Madison*, 1 Cranch 137, 2 L.Ed 60

(1803) ...

*McCoy v. United States*, 266 F.3d 1245, (11th Cir. 2001) ...

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780, 80 L.Ed 1135 (1935) ...

*Mishimatsu Construction Co. Ltd. v. Houston National Bank*, 515 F.2d 1200 (5th Cir. 1975) ...

*Mistretta v. United States*, 488 US 361, 102 L.Ed.2d 714, 109 S. Ct. 647 (1989) *Montello Salt Co. v. Utah*, 221 US 452, 31 S. Ct. 706, 18 L.Ed 879 (1911) *Murrell v. Western Union Tel. Co.*, 160 F.2d 787 ...

*National Bank of Oregon v. INS Agents*, 124 L.Ed.2d 402, FN 7, 508 US 439, 113 S. Ct. 2173 ...

*Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L.Ed.2d 35 (1999) ...

*New York Life Insurance Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996) ...

*New York v. United States*, 505 U.S. 144, 120 L.Ed.2d 120, 112 S. Ct. 2408 (1992) ...

*Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980) ...

*Powell v. McCormack*, 395 US 486, 23 L.Ed.2d 491, 89 S. Ct. 1944 (1969) ...

*Recreational Properties v. Southwest Mortgage Services*, 804 F.2d 311 (5th Cir. 1986). ...

*Ritter v. Smith* 811 F.2d 1398 (11th Cir. 1987). ...

*Russell v. United States*, 369 U.S. 749, 82 S. Ct. 1038, 8 L.Ed.2d 240 (1962). ...

*San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S. Ct. 773, 3 L.Ed.2d 775 (1959) ..
.

*Schwartz v. U.S.*, 976 F.2d 213 (4th Cir. 1992) ...

*Screws v. United States*, 324 U.S. 91, 65 S. Ct.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                                          Page 5

**(Cite as: 2004 WL 1904401)**

1031, 89 L.Ed 1495 (1945) ...

*Shepherd v. Baltimore & O. R. Co.*. 130 U.S. 429, 9 S. Ct. 98, 32 L.Ed 970 (1889) ...

\*ix *Sibron v. New York*, 392 U.S. 40, 20 L.Ed.2d 917, 88 S. Ct. 1889 (1968). ...

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 140 L.Ed.2d 210, 118 S. Ct. 1003 (1998) ...

*Stirone v. United States*, 361 U.S. 212, 80 S. Ct. 270, 4 L.Ed.2d 256 (1960) ...

*Sumner v. Mata*, 499 U.S. 538, 101 S. Ct. 764, 66 L.Ed.2d 722 (1981) ...

*Thompson v. Whitman*, 85 US (18 Wall) 457, 21 L.Ed 897 (1874) ...

*Torress v. Oakland Scavenger Co.* 487 U.S. 312, 101 L.Ed.2d 285, 108 S. Ct. 2405 (1988). ...

*Trustees of Dartmouth College v. Woodard*, 17 US 518, 4 L.Ed.2d 629 (1819) ...

*Tuck v. U.S.* 859 F.2d 842, 844 (10th Cir. 1988) ...

*Turner v. President, Directors and Co. of the Bank of North America*, 4 U.S. Dall 8, 1 L.Ed 718 (1799) ...

*United States v. Adkinson*, 135 F.3d 1363 (11th Cir. 1998) ...

*United States v. Briggs*, 939 F.2d 222 (5th Cir. 1991) ...

*United States v. Brown*, 381 U.S. 437, 14 L.Ed.2d 484, 85 S. Ct. 1701 ...

*United States v. Brown*, 79 F.3d 1550 (11th Cir. 1996). ...

*United States v. Bullock*, 448 F.2d 728 (5th Cir. 1971); ...

*United States v. Cina*, 699 F.2d 853 ...

*United States v. Cruikshank*, 92 U.S. 542, 23 L.Ed

588 ...

*United States v. Deffenbaugh Industries, Inc.*, 957 F.2d 749, 757 (10th Cir. 1992.) ...

*United States v. DuBo*, 186 F.3d 1177 (9th Cir. 1999) ...

*United States v. Eldrington*, 726 F.2d 1029 (5th Cir. 1984) ...

*U.S. v. Fair*, 326 F.3d 1317 (11th Cir. 2003) ...

\*X *United States v. Fisher*, 6 US 358, 2 L.Ed 304 (1805) ...

*United Stats v. Fitzgerald*, 89 F.3d 28 (5th Cir. 1996) ...

*United States v. Fulcher*, 626 F.2d 985 (D.C. Cir. 1980). ...

*United States v. Gaudin*, 515 U.S. 506, 132 L.Ed.2d 444, 115 S. Ct. 2310. (1995) ...

*United States v. Gayle*, 967 F.2d 483 (11th Cir. 1992). ...

*United States v. Halperin*, 441 F.2d 612 (5th Cir. 1971). ...

*United States v. Hess*, 124 U.S. 483, 8 S. Ct. 571, 31 L.Ed. 516 (1888)) ...

*United States v. Hooker*, 841 F.2d 1225 (4th Cir. 1988). ...

*United States v. Hughes*, 626 F.2d 619 (9th Cir. 1980) ...

*United States v. Hughey*, 147 F.3d 423 (5th Cir. 1998) cert. Denied ___ U.S. ___, 119 S. Ct. 569, 142 L.Ed 474 (1998) ...

*United States v. Italiano*, 837 F.2d 1480 (11th Cir. 1988). ...

*United States v. Johnson*, 577 F.2d 1304 (5th Cir. 1978) ...

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                                    Page 6

**(Cite as: 2004 WL 1904401)**

*United States v. Keller*, 916 F.2d 628 (11th Cir. 1990) ...

*United States v. King*, 587 F.2d 956 (9th Cir. 1978) . ..

*United States v. Kurka*, 818 F.2d 1427 (9th Cir. 1987) ...

*United States v. Lanier*, 73 F.3d 1380 (6th Cir. 1996)

*United States v. LeCoe*, 936 F.2d 398 (9lh Cir. 1991). ...

*United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645 (9th Cir. 1980), cert denied, 452 U.S. 961, 101 S. Ct. 3110, 69 L.Ed.2d 972 (1981). ...

*United States v. London*, 550 F.2d 206 (5th Cir. 1977) ...

*United States v. Meacham*, 626 F.2d 503 (5th Cir. 1980)) ...

*United States v. Miller*, 471 U.S. 130, 107 S. Ct. 1811, 85 L.Ed.2d 99 (1985). ...

*xi *United States v. Morales-Rosales*, 838 F.2d 1359 (5th Cir. 1988) ...

*United States v. Mosavi*, 138 F.3d 1365 (11th Cir. 1998) ...

*United States v. Munoz-Flores*, 495 US 385, 109 L.Ed.2d 384, 110 S. Ct. 1964 (1990) ...

*United States v. Murphy*, 762 F.2d 1151 (1st Cir. 1985) ...

*United States v. Neder*, 119 S. Ct. 1827, 527 U.S. 1, 144 L.Ed.2d 35 (1999) ...

*United States v. Olatunji*, 872 F.2d 1161 (3rd Cir. 1989) ...

*United States v. Peter*, 310 F.3d 709 (11th Cir. 2002.) ...

*United States v. Prentiss*, 256 F.3d 971 (10th Cir.

2001). ...

*United States v. Puentes*, 50 F.3d 1567 (11th Cir. 1995.) ...

*United States v. Pupo*, 841 F.2d 1235 (4th Cir. 1988), cert denied, 488 U.S. 842 (1988) ...

*United States v. Richardson*, 418 US 166, 41 L.Ed.2d 678, 94 S. Ct. 2940 (1974) ...

*United States v. Rivero*, 532 F.2d 450 (5th Cir. 1976). ...

*United States v. Spinner*, 180 F.3d 514 (3rd Cir. 1999). ...

*United States v. Spruill*, 118 F.3d 221 (4th Cir. 1997) ...

*United States v. Timmons*, 672 F.2d 1373 (11th Cir. 1982) ...

*United States v. Tomasetta*, 429 F.2d 978 (1st Cir. 1970) ...

*United States v. Welden*, 377 U.S. 95, 12 L.Ed.2d 152, 84 S. Ct. 1082 (1964) ...

*United States v. Write*, 258 F.3d 374 (5th Cir. 2001) ...

*United States v. Yefsky*, 994 F.2d 885 (1st Cir. 1993) . ...

*United States v. Verdugo-Urquidez*, 494 US 259, 110 S. Ct. 1056, 108 L.Ed.2d 222 (1990) ...

*United States v. Zuger*, 602 F.Supp 889 (M.D. Tenn. 1984) ...

*xii *Van Liew v. United States*, 321 F.2d 664 (5th Cir. 1963.)

*VTA, Inc. v. Airco, Inc.* 587 F.2d 220 (10th Cir. 1979.) ...

*Walnut v. Wade*, 103 US 683, 26 L.Ed. 526 (1881) ..

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                                        Page 7

**(Cite as: 2004 WL 1904401)**

*Williams v. New Orleans Public Service, Inc.*, 728 F.2d 730 (5th Cir. 1984) ...

*Yates v. United States*, 354 US 298, 755 S. Ct. 1064, 1 L.Ed.2d 1356 (1957) ...

   **\*xiii Statutes and Rule**

18 U.S.C § 20 ...

18 U.S.C. § 371 ...

18 U.S.C. § 1343 ...

18 U.S.C. § 2314 ...

Rule 6 Federal Rules of Criminal Procedure ...

Rule 7(c)(1) Federal Rules of Criminal Procedure ...

Rule 8 (d) Federal Rules of Criminal Procedure ...

Rule 60(b)(4)Federal Rules of Criminal Procedure ..
.

Rule 52 (a) Federal Rules of Criminal Procedure ...

   *Books and Treatises*

Black's Law Dictionary, Sixth Edition (1995) ...

Moore's Federal Practice (2.d Edition 1973) ...

The Federalist No. 46 ...

Wright & Miller, "Federal Practice and Procedure" .
..

3 AmJur.2d "Affidavits" § 20 ...

16 AmJur.2d "Constitutional Law" § 113 ...

59 AmJur.2d "Parliamentary Law" § 12 ...

73 AmJur.2d "Statutes" § 24 ...

32 AmJur.2d "Federal Court's 405 ...

46 AmJur.2d "Judgments" 3, 4, 8, 519 ...

Note: Table of Authorities page numbers missing in original document

   **\*1 STATEMENT OF THE ISSUES**

I. Whether the district court erred, abusing its discretion, by denying Appellant's Motion for Relief from Judgment Under Rule 60(b)(4), Federal Rules of Civil Procedure, which is a proper vehicle for any attack on a void judgment.

II. Whether the district court erred by not recognizing that subject matter jurisdiction is a threshold issue in any action before the court. Any judgment entered where the court lacked subject matter jurisdiction is void from its inception and remains void long after the defendant has fully suffered its direct force.

III. Whether the district court erred and abused its discretion in denying Appellant's Rule 60(b)(4) by not recognizing the court lacked subject matter jurisdiction in the instant case due to charges in the indictment based on statutes that have never been enacted into positive law; due to a fatally defective indictment, and due to the use of an unverified indictment.

   **\*2 STATEMENT OF THE CASE**

The indictment in this case was returned on May 30, 2000. (Exhibit A) Appellant was charged with one count of conspiracy, 18 U.S.Ci. § 371, four counts of wire fraud, 18 U.S.C. § 1343, and fourteen counts of National Stolen Property Act violations, 18 U.S.C. § 2314. Appellant was arrested and arraigned on June 20, 2000. Trial was set for July 31, 2000 and rescheduled for August 15th, 2000.

The trial of the case began on August 21, 2000, and the jury returned its guilty verdict September 6, 2000. Appellant was sentenced to one hundred twenty months imprisonment, a fine and restitution. Appellant began serving his sentence on May 21, 2001, and is presently incarcerated at the Federal Correctional Institution, Seagoville, Texas.

Appellant's counsel filed a Notice of Appeal on December 13, 2000. The case was argued before the Court of Appeals for the Eleventh Circuit on January 15, 2002, and the conviction affirmed in an

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                        Page 8

**(Cite as: 2004 WL 1904401)**

unpublished opinion on May 9, 2002. (Case No. 00-16492-B).

Appellant filed his Pro Se Motion for Relief from Judgment on July 17, 2003. It was denied on July 25, 2003.

The Notice of Appeal was field in a timely manner on August 3, 2003.

### *3 STATEMENT OF THE FACTS

The text of the indictment (Appendix A) is the focus of review in this case.

Several issues in the indictment deprived the district court of subject matter jurisdiction.

The crimes charged in the indictment are all under Title 18 United States Code which has never been enacted into positive law.

The indictment was fatally defective in four areas each of which deprived the court of the subject matter jurisdiction. It was defective in that it failed to provide an underlying scheme in 14 of the counts as has been declared essential by the Eleventh Circuit Court. It alleged crimes in the conjunctive that the statutes allege in the disjunctive making the crimes alleged impossible to carry out. It failed to provide the necessary "materiality" as required in the wire fraud charges and it failed to provide the elements of the crimes charged in 18 of the counts.

That the court relied on an indictment that it had not verified as to the sufficiency of the votes of the grand jurors as required by Rule 6 of the Federal Rules of the Criminal Procedure.

A Judgment entered by a Court lacking subject matter jurisdiction is void as a matter of law.

### *4 STANDARD OF REVIEW

"The district court's application of law is subject to de novo review, while its findings of fact are subject to a clearly erroneous standard of review under Fed.R.Civ.P. 52(a). *Manning V. School Bd. Of Hillsborough County, Fl,* 244 F.3d 927, 940 (11th Cir. 2001)

"Subject matter jurisdiction of the district court is a legal question that we review de novo." *Bishop v. Reno,* 210 F.3d 1295 (1 llh Cir 2000)

"The Court of Appeals reviews de novo a district court's ruling on motion for relief from judgment on ground that judgment was void, since it is per se abuse of discretion for district court to deny motion to vacate a void judgment. *Jackson v. FIE Corp.,* 302 F.3d 515 (5th Cir. 2002)

### *5 SUMMARY OF ARGUMENT

The appellant has completed 34 months of an illegal sentence that was ordered by a court with complete want of jurisdiction in his case. It is a pattern of jurisdictional abuse by this same court that began with what the Eleventh Circuit Court called a "flight without wings". (See *United States v. Adkinson,* 135 F.3d 1363, 1369 (11th Cir. 1998).)

The District Judge denied a Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b)(4) which presented the courts total lack of jurisdiction over the subject matter and the subsequent void judgment which came as a result. The government conceded all of the issues of law in the motion and waived all argument on appeal on the merits presented by the appellant.

The court issued no findings of fact and conclusions of law as required by Rule 52(a) Federal Rules of Civil Procedure to properly establish the parameters for appeal. The district court was wrong in its denial of the motion and wrong in its failure to provide the findings of fact and conclusions of law.

The lack of subject matter jurisdiction, which voids the judgment, began with an indictment which relied upon Title 18 U.S.C. which has never been enacted into positive law. It continued by charging crimes that are not crimes as defined by the United States Constitution; by the use of an unverified indictment; and by the use of the indictment so fatally defective on its face as to not charge a crime at all further depriving the court of subject matter jurisdiction, creating a void judgment.

### *6 ARGUMENT AND CITATIONS OF AUTHORITY

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## AFFIDAVIT OF RUSSELL KAEMMERLING

Russell Kaemmerling, pro se, in want of counsel, appeals the denial of his Motion for Relief from Judgment under Rule 60(b)(4), Federal Rules of Civil Procedure (Fed.R.Civ.P.). A denial that is part of jurisdictional abuse by the United States District Court for the Northern District of Florida, beginning with that court's ruling and the Eleventh Circuit Court's reversals in *United States v. Adkinson*, 135 F.3d 1363 (11th Cir. 1998.)
Mr. Kaemmerling avers each of the following statements.

Although Mr. Kaemmerling has been incarcerated for over two years, incarceration was ordered by a court with no subject matter jurisdiction over the issues adjudicated. The court lacked subject matter jurisdiction due to the fact that the laws under which Mr. Kaemmerling was charged were never enacted into positive law; due to a fatally defective indictment, fatally defective in four specific aspects, which failed to charge a crime; and due to the use of an unverified indictment as a charging document.

These issues were presented to the United States District Court for the Northern District of Florida by means of a Rule 60(b)(4), Fed.R.Civ.P. Motion for Relief from Judgment filed July 17, 2003. (Doc 462) (See Exhibit B.)

The government responded to the motion addressing only the appropriateness of the use of Rule 60 (b)(4) to collaterally attack a criminal judgment. It failed to address the merits of the case, conceding the issues addressed and waiving all arguments in future actions on the merits. (See Exhibit C.)

*7 On July 25, 2003, only one day after it went to the judge's chambers for review and ruling, the district court issued a one word ruling - "denied." (Doc 474) Mr. Kaemmerling comes to the Honorable Eleventh Circuit Court to appeal that ruling.

The court committed manifest error and violated Mr. Kaemmerling's Due Process rights by failing to

make special findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a), providing proper notice of the basis for the denial of his Motion. (See Exhibit D.) See Fed.R.Civ.P. 52(a); *Gupta v. East Texas State University*, 654 F.2d 411, 415 (5th Cir. August 20th, 1981)(the requirement that the trial court find facts specially and state separately its conclusions of law thereon has a two-fold purpose of engendering care on the part of the trial judge in ascertaining and making possible meaningful review of appellate courts); *In re Incident Abord D/B Ocean King*, 758 F.2d 1063, 1072 (5th Cir. 1985)(where the district court fails to prepare findings of fact and conclusions of law, proper procedure is to vacate the judgment and remand the case for such findings); *Acme Boat Rentals, Inc. v. J. Ray McDermott & Co.*, 407 F.2d 1324, 1325 (5th Cir. 1969)(the findings of fact and conclusions " must be sufficient in detail and exactness to indicate the factual basis for the ultimate conclusions reached by the court.") Since the court orders were not supported, were directly contrary to the evidence of record attested to and verified by Mr. Kaemmerling, and directly contrary to the law, the failure to make findings of fact and conclusions of law created manifest error and violated Mr. Kaemmerling's Due Process rights and his right of Meaningful Access to the Courts.

The Honorable Eleventh Circuit Court ruled under similar circumstances in *Chandler v. United States*, 218 F.3d 1305, 1332 FN.7 (11th Cir. 2000),
*8 Absent findings of fact by the district court this court is in the same position it would occupy in reviewing a summary judgment, a judgment as a matter of law, or a judgment entered following bench trial without the findings of fact and conclusions of law required by Fed.R.Civ.P. 52(a) (as occurred in the instant case). In conducting such reviews, we consider the evidence, and the inferences it yields in the light most favorable to the nonmovant. In the case at hand, petitioner is, for our purposes the nonmovant.

It is from this denial that Mr. Kaemmerling brings the appeal addressing first the appropriateness of a Rule 60(b)(4) Fed.R.Civ.P. motion and then addressing the issues.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                                                 Page 10

(Cite as: 2004 WL 1904401)

## I. IS A MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(B)(4) FEDERAL RULES OF CIVIL PROCEDURE AN APPROPRIATE VEHICLE FOR ATTACKING A JUDGMENT THAT IS VOID AS A MATTER OF LAW

The government, in its response to the Motion for Relief from Judgment stated, "The Federal Rules of Civil Procedure are not intended to apply to criminal cases." (See Exhibit C.) it cited two cases, *United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003) and *United States v. Mosavi*, 138 F.3d 1365 (11th Cir. 1998). Both of these cases deal with issues of forfeiture and sentencing as an aspect of sentencing. Issues of forfeiture do not meet any of the six prongs of Rule 60(b) and are clearly not issues to be addressed by a Rule 60(b) motion. These cases simply do not apply to this case.

The issue in this case is one of a void judgment. It is void due to the Court's lack of subject matter jurisdiction. "The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned there under may obtain release... " *Johnson v. Zerbst*, 304 US 458, 457 (1938). The motion under Rule 60(b)(4) Fed.R.Civ.P. is a collateral attack on the judgment seeking to redress a wrong. It is not a continuation of the criminal proceedings. Though the ruling may impeach the underlying conviction, the motion's purpose is to gain relief from a judgment void as a matter of law, imposed in violation of the Constitution and laws of the United States.
*9 Ballentine's Law Dictionary, Third Edition, 1969, defines the following terms:
JUDGMENT - In criminal case the action of a court of criminal jurisdiction formally declaring to the accused the legal consequences of the guilt which he has confessed or of which he has been convicted.
COLLATERAL ATTACK - Attempting to impeach or challenging the integrity of judgment, decree, or order in an action or proceeding other than that in which the judgment, decree, or order was rendered, other than by appeal from or review of the judgment, decree, or order and other than an action or proceeding instituted for the express purpose of annulling, correcting, or modifying the judgment, decree, or order enjoining its execution.

Rule 60(b) provides in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representatives from a final judgment, order, or proceeding for the following reasons:... (4) the judgment is void..." See Federal Rules of Civil Procedure 60(b). Rule 60(b)(4) is the appropriate vehicle by which to attack jurisdictional defects of purported judgments. 11 Wright and Miller, " Federal Practice and Procedure" § 2862 @200 (1973.) *Hertz Corp. v. Alamo Rent-A-Car Inc.*, 16 F.3d 1126 (11th Cir. 1994.)

[T]he Federal rules of Civil Procedure are applicable in suits of a civil nature. Generally speaking, a "suit" is any proceeding in a court of justice whereby a plaintiff pursues his remedy to enforce his demand; an "action" refers to any legal proceeding in a court of justice having for its purpose the enforcement of right to the redress of a wrong...." 32 AmJur.2d, "Federal Courts", § 405.

[T]he doctrine of collateral attack is concerned with the circumstance under which and the extent to which an earlier judgment may be impeached and shown to be invalid." 46 AmJur.2d "Judgments", § 519.

A judgment is a judicial action of the court and for the purpose of the Federal Rules of Civil Procedure judgment includes a decree and any order from which an appeal lies." The "Judgment" in a criminal case, no less that the judgment in a civil case, falls within this *10 definition, qualifying a motion under Rule 60(b)(4) appropriate to collaterally attack the voidness of the judgment in this case.

Judgments in Federal Courts are governed largely by the Federal Rules of Civil Procedure. 46 AmJur.2d, "Judgments", § 8 and under modern practice, statutes or rules in most jurisdictions, there is but one form of action for the enforcement of both legal and equitable causes of action, so that, in those jurisdictions, relief in all actions, whether of a legal or an equitable character, is obtained by a judgment in the "civil action." 46 AmJur.2d, " Judgments", § 3.

The term 'civil action', then, embraces from its natural import, every species of suit not of a criminal kind and comprehends every conceivable

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

cause of action, whether legal or equitable." 32 AmJur.2d, "Federal Courts", § 405.

In contrast a criminal proceeding is defined by Ballentine's Law Dictionary, supra, as "A proceeding in court in the prosecution of a person charged or to be charged with the commission of a crime, contemplating the conviction and punishment of the person charge or to be charged."

"Rule 60(b) empowers a federal court, upon motion of a party, to withdraw, or amend, a final order for ' any... reason justifying relief from the operation of the judgment." *Kirby Forest Indus, v. U.S.* 467 US 1 (1984).

The Supreme Court asserted the right of collateral attack on a void judgment in 1874 in *Thompson v. Whitman*, 85 US (19 Wall) 457 (1874), when it said, "It is well settled in U.S. jurisprudence that a void act or judgment may be attacked in any judicial tribunal, in any other cause, at any time the question arises."

**\*11** The Eleventh Circuit set out clearly the appropriateness of a Rule 60(b) motion in a criminal case.
Federal Rule of Civil Procedure 60(b) sets forth possible basis for relief from judgment or order.... Rule 60(b)(6) is an extraordinary remedy, but it is within the district court's discretion to grant it in order to do justice.... The Eleventh Circuit has recognized that Rule 60(b) can be used to remedy a mistake in the application of the law. *Ritter v. Smith* , 811 F.2d 1398 (11th Cir. 1987):(indented cites omitted.)

And in *U.S. v. Timmons*, 672 F.2d 1373, another criminal case, the Eleventh Circuit ruled, "... a judgment, rendered by a court without jurisdiction, is void and subject to collateral or direct attack."

This is consistent with the Supreme Court case in *Klapprott v. U.S.*, 335 U.S. 601 (1949) and in keeping with the Supreme Court in *Browder v. Director III. Department of Corrections*, 434 U.S. 257, when it said, "Thus, while the District Court lost jurisdiction 10 days after entry of the October 21 judgment... its power to grant relief from

judgment under Rule 60(b) still existed...."

When the motion is based on a void judgment under rule 60(b)(4), the district court has no discretion - the judgment is either void, or it is not." *Recreational Properties v. Southwest Mortgage Service*, 804 F.2d 311, 313 (5th Cir. 1986.)

It is the rule of law in the Eleventh Circuit that jurisdictional error is properly addressed by collateral attack. "One type of claim that has historically been recognized as fundamental, and for which **collateral relief** has accordingly been available is that of 'jurisdictional error'" *U.S. v. Peter*, 310 F.3d, 710, 712. The *Peter* case was one of a criminal nature in which the sentence had been served and Peter filed a motion for a Writ of Coram Nobis, which was recognized by the Court, even though Rule 60(b) Fed.R.Civ.P. clearly and unambiguously states that the Rule replaces a Writ of Coram Nobis, which is now abolished and "any relief **\*12** from a judgment shall be by motion as prescribed in these rules or by an independent action." See Rule 60(b) Fed.R.Civ.P.

To refuse to address the jurisdictional claims in the motion in the district Court was a per se abuse of discretion in the Eleventh Circuit. See *Alikhani v.U.S.*, 200 F.3d 732, 734 (11th Cir. 2000).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.... The requirement that jurisdiction be established as a threshold matter ' springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.' *Steel Co. v. Citizens for Better Environment*, 523 US 83 (1998)(internal cites omitted.)

A Rule 60(b)(4) motion is the appropriate vehicle for attacking a void judgment which is a judgment entered by a court with no subject matter jurisdiction.

## II. Issues Settled in Previous Actions.

### A. ISSUES NOT CONTESTED ARE CONCEDED.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                    Page 12

(Cite as: 2004 WL 1904401)

In Mr. Kaemmerling's Motion for Relief from Judgment, several issues were averred that the government made no effort to refute or challenge. The established fact that a Rule 60(b)(4) motion is an appropriate vehicle for attacking a void judgment required the government to respond to the issues at law raised in the motion or concede the validity. Failure to object waived any and all future objections, which has been the position of the United States Supreme Court for over 100 years. See *Shepherd v. Baltimore & O. R. Co.*, 130 U.S. 429 (1889).

**\*13** "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading." See Fed.R.Civ.P. 8(d).

In *In re Bouchie*, 324 F.3d 780 (5th Cir. 2003), the court ruled, "As... cites no authority for this proposition, it is not adequately briefed and is therefore waived." And"... cites no authority in its... argument..., and we consider the challenge abandoned for being inadequately briefed." *L&A Contracting Co. v. Southern Concrete Servs.*, 17 F.3d 106, 113 (5l Cir. 1994).

"When the States return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations." *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1474 (9th Cir. 1994). "A party 'may' file objections within ten days, or he may not as he chooses, but he 'shall' do so if he wishes further consideration." *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). "The defendant, by his default, admits the Plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Mishimatsu Construction Co. Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) . "Findings of fact which are accepted and adopted by the district court without objection by either party become the findings of the district itself and, on appeal, the parties may not challenge these findings except for plain error, or manifest injustice. " *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**B. ISSUES PREVIOUSLY UNCONTESTED AND CONCEDED.**

The government has conceded, waived all arguments and is barred from contesting on appeal that

**\*14** • (See Exhibits B & C.) The government lacked subject matter jurisdiction to put Mr. Kaemmerling on trial and that the judgment should be voided, the indictment dismissed and given him his immediate and unconditional release.

• Mr. Kaemmerling is being unlawfully incarcerated in violation of the Constitution and laws of the United States.

• Title 18 U.S.C. was never enacted into positive law depriving the Court of subject matter jurisdiction.

• A judgment entered by a court lacking subject matter jurisdiction is void and is without legal effect.

• Fourteen of the counts in Mr. Kaemmerling's indictment under Title 18 U.S.C. § 2314, lacked the necessary elements to state a charge and suffered from multiple defects. The government brought these charges even though the Eleventh Circuit Court ruled previously that these counts as stated do not charge a crime. These counts are not salvageable, and they do not state an offense, depriving the Court of subject matter jurisdiction making the judgment void.

• Count 1 of Mr. Kaemmerling's indictment, has multiple failings which makes the entire indictment defective, depriving the Court of subject matter jurisdiction, making the judgment void.

• Mr. Kaemmerling's indictment lacked "materiality" , an essential element in wire fraud, making the indictment fatally defective depriving the Court of subject matter jurisdiction.

• Stating the elements in the conjunctive, which the statute states in the disjunctive, made the indictment fatally defective and deprived the Court of subject matter jurisdiction making the judgment void.

• Failing to add the elements of Title 18 U.S.C. § 2, Principals, made the indictment fatally defective by failing to charge a crime, depriving the Court of subject matter jurisdiction making the judgment void.

• Failure to state an offense in an indictment deprives the Court of subject matter jurisdiction requiring reversal *per se*. The decision must be made from the face of the indictment, unaffected by

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

evidence at trial, or a conviction. Harmless error, or plain error review, is inappropriate. The government did not challenge Mr. Kaemmerling's position, agreeing that the standard for review is to review the indictment *de novo*.

**\*15** • The trial was conducted relying on an indictment without verifying that at least twelve grand jurors had voted on the indictment as presented depriving the Court of subject matter jurisdiction making the judgment void. The government has conceded this violation of Federal Rules of Criminal Procedure 6(c).

• Mr. Kaemmerling's Due Process rights under the 6th Amendment of the United States Constitution were violated in this action.

## II. ARGUMENT

### A. THE COURT LACKED SUBJECT MATTER JURISDICTION, A THRESHOLD ISSUE IN ANY ACTION

Subject matter jurisdiction may be raised at any time and the issue was raised for the first time on oral arguments before the Supreme Court. ("At the outset we must deal with the question whether we have jurisdiction... this fact did not appear in the record....") *Sibron v. New York*, 392 U.S. 40 (1968).

The court must satisfy itself on subject matter jurisdiction before it considers the merits of a case. Subject matter jurisdiction is a threshold matter. *Steel Co. v. Citizens for a Better Environment*, supra.

"Federal Courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). See *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995)(stating that the jurisdiction of 'federal courts... is grounded in, and limited by, statute.") "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, @377 (internal cites omitted). "As courts of limited jurisdiction, the federal district court possesses no warrant to create jurisdictional law of their own."

*Insurance Corp. of Ireland, Ltd. v. Compaigne des Bauxites de Guinee*, 456 U.S. 694 (1982). *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000).

**\*16** Therefore a presumption exists that a Federal Court lacks jurisdiction until it has been demonstrated. See *Turner v. President, Directors and Co. of the Bank of North America*, 4 U.S. Dall, 8, 1 L.Ed 718 (1799); *LeMieia Bros., Inc. v. Tremont Lumber Co., Ltd., supra Insurance Corp. of Ireland v. Compaigne des Bauxites de Guinee, supra* @702 (the subject matter jurisdiction of a federal court, which is a statutory as well as an Article III requirement – functions as a restriction on federal power, and contributes to the characterization of the federal sovereign; consequently, no action of the parties can confer subject matter jurisdiction upon a federal court, their consent is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge the jurisdiction early in the proceedings.)

Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. See *Bingham v. Cabot*, 3 U.S. 382 (3 Dall 382) (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. See *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1935).

A federal court is further obliged to note lack of subject matter jurisdiction *SUA SPONTE*. "The rule, springing from the nature and limits of the judicial power of the United States is inflexible and without exception, which requires the court of its own motion, to deny its jurisdiction, and in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record." *Mansfield C & LM.R. Co. v. Swan*, 111 U.S. 379, 382 (1884). See *Louisville & Nashville R. Co. v. Motley*, 211 U.S. 149 (1908); *Sumner v. Mata* , 449 U.S. 538, N.2 (1981); *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 376 (1940); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986.)

**\*17** "A litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)

(Cite as: 2004 WL 1904401)

Page 14

" *Torress v. Oakland Scavenger Co.*, 487 U.S. 312 (1988).

"A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Tuck v. United States*, 859 F.2d 842, 844 (10th Cir. 1988) quoting *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) cert, denied, 489 U.S. 1080 (1989).

"Since jurisdictional error implicates a court's power to adjudicate the matter before it, such error can never be waived by parties to litigation, (ordering case dismissed for lack of jurisdiction despite absence of objection from either party to trial court's previous adjudication of merits.)" *United States v. Peter*, supra (internal cites omitted).

When reviewing a dismissal for lack of subject matter jurisdiction, we note that a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Development Corp.*, 182 F.3d 548 (7th Cir. 1999). "This principle has a long lineage in our jurisprudence." See *Chicago Life Ins. Co. v. Cherry*, 244 U.S. 25, 29 (1917). (' There is no doubt of the general proposition that in a suit upon a judgment the jurisdiction of the court rendering it over the person of the defendant may be inquired into.'); *Hall v. Lanning*, 91 U.S. 160, 165 (1875) ('[T]he jurisdiction of a foreign court over the person or the subject matter embraced in the judgment of decree of such court is always open to inquiry[.]')

## B. A JUDGMENT ENTERED WHERE THE COURT LACKED SUBJECT MATTER JURISDICTION IS VOID.

If the rendering court did not have such jurisdiction, its judgment is void. See *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) ('A judgment is void only if the court *18 that rendered it lacked jurisdiction of the subject matter, or of the parties...[.] (Emphasis added.)

A void judgment is from the beginning a complete nullity and without any legal effect. *Hobbs v. United States Office of Personal Management*, 485

F.Supp 456 (M.D. Fla. 1980). See *Jordan v. Gilligan*, 500 F.2D 701, 704 (6th Cir. 1974); " Moore's Federal Practice," ¶60.24[2] at 301 (2d ed. 1973.)

For a judgment to be void it must be determined that the rendering court was powerless to enter it. Voidness usually arises from lack of subject matter jurisdiction over the parties. *VTA Inc. v. Airco, Inc.* 587 F.2d 220 (10th Cir. 1979.) If a judgment is void it is a nullity from the outset and any motion to set it aside is filed within a reasonable time. Id.; Wright & A. Miller, "Federal Practice and Procedure," § 2866.

A void judgment, which includes judgment entered by a court which lacks jurisdiction over the parties, or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. See *Long v. Shorebank Development Corp.*, Supra.

A judgment is void if the court lacked subject matter jurisdiction or if it was entered in violation of the due process of law, (emphases added) See *Williams v. New Orleans Public Service, Inc.*, 728 F.2d 730, 735 (5th Cir. 1984); *Schwartz v. United States*, 976 F.2d 213 (4th Cir. 1992); Wright & Miller, "Federal Practice and Procedure," civil, § 2862 @198-200 (1973).

The District court has no discretion regarding a void judgment. *Recreational Properties v. Southwest Mortgage Services*, 804 F.2d 311, 314 (5th Cir. 1986). No distinction exists between a case in which the court wrongly decided that it has jurisdiction and a case in which *19 court's action is void because it lacks jurisdiction. See *Faysound Ltd. v. Walter Fuller Aircraft Sales. Inc.*, 952 F.2d 980, 981 (8th Cir. 1991.)

"Where there is clearly no jurisdiction over the matter, any authority exercised is usurped authority and for the exercising of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible." *Bradley v. Fisher*, 80 U.S. (13 Wall) 335, 351-352, 20 L.Ed 646 (1872).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                          Page 15

**(Cite as: 2004 WL 1904401)**

*"When a court without jurisdiction convicts and sentences a defendant, the conviction and sentence are void from their inception and remain void long after the defendant has fully suffered their direct force." United States v. Peter,* supra (emphasis added)

The Court of Appeals reviews de novo a district court's ruling on motion for relief from judgment on ground that judgment was void, since it is per se abuse of discretion for district court to deny motion to vacate a void judgment. See *Jackson v. FIE Corp.*, 302 F.3d 515 (5th Cir. 2002)

**1. The Court Lacked Subject Matter Jurisdiction Due to the Fact That Title 18 U.S.C. and Its Sections 2, 371 and 2314 are VOID AB Initio.**

Mr. Kaemmerling avers that the statutes, under which he was convicted were never enacted into positive law and that he is currently incarcerated in violation of the Constitution and laws of the United States, depriving the Court of subject matter jurisdiction.

On June 2003, Mr. Kaemmerling obtained the evidence from a group of Constitutional attorneys, that Title 18 of the United States Code was never enacted into law as **required** by the Constitution of the United States.[FN1] Working with Tony Davis, Mr. Kaemmerling then *20 began a further search of records and obtained, through correspondence with official governmental agencies, evidence that: a) No **recorded vote exists** in the House of Representatives for the passage of Title 18 and **no voting journal entry exists**; b) the "enrolled bill" presented to the President for his signature in June, 1948 is based on passage of an "engrossed bill" passed by the House in May of 1947, which is invalid as a matter of law, as Congress **adjourned sine die** (without day) on July 27, 1947, thereby killing any unfinished bills; c) the Senate amended the House version of the bill, yet the House of Representatives **never voted** on the amended bill; and d) the "bill" was signed by the Speaker of the House of Representatives and the President pro tempore of the Senate on June 25, 1948, **not in open session** as required by law, again rendering the "bill" invalid.

FN1. "The question is not how long the parties assumed a certain state of law, but whether that state of the law is merely an assumption. The passage of time, the acquiescence of the parties, the assumptions of officials, even all taken together cannot enact a statute. Legislation only comes into existence through bicameral **enactment** and presentment to the President of the United States." Independent Ins. Agents of America. Inc. v. Clarke, 965 F.2d 1077, 1078 (D.C. Cir. 1992)

"The Constitution of the United States is the supreme law of the land, and all executive, judicial and legislative officers of the United States and the several States and all the people are bound thereby." *Dodge v. Woolsey,* 59 U.S. 331 (1855.) See also *Ex Parte Siebold,* 100 U.S. 371 (1880) *Cook v. Moffat & Curtis,* 46 U.S. 295 (1847.).

The United States Constitution is said to be a law for the rulers and the people, equally in war and in peace, and to cover with its shield of protection all classes of persons, at all times, and under all circumstances. See *Kennedy v. Mendoza-Martinez,* 372 US 144 (1963).

Mr. Kaemmerling has obtained the evidence that Title 18 of the United States Code, the statutes used to imprison him in 2001 and to keep him imprisoned to date are not valid law as required by the Constitution of the United States and are **VOID AB INITIO.**[FN2]

FN2. "If construction [of a section of the United States Code which has not been enacted into positive law] is necessary, recourse must be had to the original statutes themselves." Murrell v. Western Union Tel. Co., 160 F.2d 787, 788 quoted in United States v. Welden, 377 US 95, 12 L.Ed.2d 152, 157 n.4, 84 S. Ct. 1082. Since public law 80-772, the revisions in the codification of Title 18U.S.C. is void as a matter of law, Title 18 then reverts to the codification of 1940. The 1940 edition had no sections 371, 2314, 1343 or 2 as

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                                                    Page 16

**(Cite as: 2004 WL 1904401)**

appears in the indictment against Mr. Kaemmerlings making the indictment a nullity as a matter of law.

**\*21** A primary function of the constitution is to protect the people against arbitrary actions by their own government *United States v. Verdugo-Urquidez* , 494 US 259 (1990). reh'g denied, 494 US 1092 (1990) and on remand to 902 F.2d 773 (9th Cir. 1990), or by the events thereof. *Dallas v. Dallas Independent School District*, 701 F.Supp. 594 (N.D. Tex 1988)(A judge cannot operate beyond the requirement of the United States Constitution by claiming discretionary authority); *Lilburn v. Racicot* , 855 F.Supp 327 (D. Mont. 1991) Aff d, 967 F.2d 587 (9th Cir. 1992.)

· **a. Separation of Powers Doctrine.**

Penal laws are constructed strictly because **legislatures, not courts**, define crimes and establish punishments. See *Yates v. United States*, 354 US 298, 304 (1957), overruled on other grounds, *Burks v. United States*, 437 US 1, 98 S. Ct. 2141, 57 L.Ed.2d 1 (1978).

Since the Constitution must be obeyed by the judiciary and judges are sworn to support its provisions, (See *United States v. Fisher, 6 US* 358 (1805)) courts are not at liberty to overlook or disregard its commands, (See *Trustees of Dartmouth College v. Woodard*, 17 US 518 (1819) or countenance evasions thereof.

"It cannot be too often emphasized that as basic a difference as any between our notions of law and those of legal systems not founded on Anglo-American conceptions of liberty is that crimes must be defined by the legislature." *Screws v. United States*, 324 U.S. 91 (1945); see also *United States v. Lanier*, 73 F.3d 1380, 1391 (6th Cir. 1996.) The Constitution divides the National Government into three branches - Legislative, Executive and Judicial. This 'separation of powers' was obviously not instituted with the idea that it would promote governmental efficiency. It was, on the contrary, looked to as a bulwark against tyranny. For if governmental power is fractionalized, if a given **\*22** policy can be implemented only by a combination

of legislative enactment, judicial application, and executive implementation, no man or group of men will be able to impose its unchecked will. *United States v. Brown*, 381 US 437, 14 L.Ed.2d 484, 85 S. Ct. 1701.

"... a vital component of the Constitution's overall scheme of separation of powers, a scheme designed to protect individual liberty by preventing excessive concentration of powers in any one governmental organ." See *San Diego Building Trades Council v. Garmon*, 359 US 236, 243 (1959.); The Federalist No. 46 (J. Madison); *State of Texas v. U.S.*, 730 F.2d 339 (5th Cir. 1984.)

In a very fundamental sense, separation of powers is designed to secure individual liberty. *Dennis v. Higgins*, 498 U.S. 439, 112 L.Ed.2d 969, 988, 111 S. Ct. 865 (1991.)

**b. The House of Representatives Never Voted on Title 18, Public Law 80-772, or Sections 2, 371, or 2314 and No Voting Record Exists.**

On November 21, 2003, after several letters from Mr. Tony Davis[FN3] to Jeff Trandahl, Clerk of the U. S. House of Representatives, (See Exhibit G & H) Mr. Trandahl acknowledged a letter asking for a "certified" copy of the voting record at the time of the bill's passage. Mr. Trandahl replied, "There is no recorded vote for this Act." (See Exhibit H).

FN3. See Exhibit M, Affidavit of Tony Robert Davis.

The letter to Mr. Davis signed by Jeff Trandahl is in addition to the letter received from Mr. Trandahl acknowledging that no vote was taken by the House on Title 18 in June 1948, the month the "bill" was " passed" into law. (See Exhibit G)

The Constitution requires that each House **must** pass a bill prior to it being signed into law by the President. See Article I, § 7, cl 2, U.S. Constitution; *National Bank of Oregon v. INS Agents*, 124 L.Ed.2d 402, 418, FN7 (1993).

**\*23** In *Field v. Clarke*, 143, US 649 (1892), the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Supreme Court addressed and resolved the question that:
a bill signed by the Speaker of the House of Representatives and by the President of the Senate, presented to and approved by the President of the United States, and delivered by the letter to the Secretary of State, as an act passed by Congress, does not become law of the United States if it had not in fact been passed by Congress...
... we cannot be unmindful of the consequences that must result if this court should feel obliged, in fidelity to the Constitution, to declare that an enrolled bill, on which depend public and private interests of vast magnitude, and which has been... deposited in the public archives, **as an act of Congress**... did not become law. Id. @669-670 (emphasis in orginal.)

The Constitution also requires that each House keep a Journal of its proceedings, which would show any vote on Title 18.[FN4] See Article I, § 5, cl 3 of the U.S. Constitution; *United States v. Richardson*, 418 US 166, 198 (1974); *Gravel v. United States*, 408 US 606, 626-27, FN 16 (1972).

> FN4. If the legislative journals **do not** contain the requisite evidence of the passage of a law, **it is no law.** See *Amoskeag Nat. Bank v. Ottawa (Post v. Kendall County)*, 105 US 667, (1881); *Walnut v. Wade*, 103 US 683 (188 l)(The journals of the legislature may be resorted to for the purpose of overthrowing the prima facie evidence of the constitutional enactment of the law, furnished by the signatures of the presiding officers of the two Houses.)

To sustain a crime the statute alleged to have been violated **must** have been duly enacted by the legislation.
Under our system of law, no act is punishable as a crime unless it specifically condemned by the common law, or by a statutory enactment of the legislature.... While ignorance of the law is no defense, it is conversely true that a law which has not been duly enacted is not a law, and therefore a person who does not comply with its provisions

cannot be guilty of any crime.
The passage of time, the acquiescence of the parties, the assumption of officials, even all taken together cannot enact a statute. Legislation only comes into existence through bicameral Congressional enactment and presentment to the President of the United States. *Hotch v. United States*, 212 F.2d 283, 284 (9th Cir. 1954.); See also *Independent Ins. Agents of America, Inc. v. Clarke* supra.

The Court has an affirmative duty to refuse to sustain that which is repugnant to the Constitution and to supporting, protecting and defending the Constitution by giving effect to *24 the provision of the Constitution, even if in so doing a statute is held to be inoperative. The duty to maintain the Constitution as fundamental cannot be evaded. 16 AmJur.2d "Constitutional Law", § 113.

With no recorded vote and no journal entry supporting a vote by the House of Representatives on Title 18, Public Law 80-772 with the sections 2, 371 and 2314, the proceedings of the House lack validity and are in violation of the Constitution of the United States, rendering Public Law 80-772, Title 18, void.

### c. The House Resolution 3190, Used to Pass Public Law 80-772, Title 18, Died a Sine Die Death.

On November 3, 2003, Mr. Davis received from the National Archives a copy of the "Enrolled Bill" for Title 18, United States Code, House Resolution 3190, which was signed by the Speaker of the House, the President, pro tempore of the Senate, and the President of the United States. (See Exhibit J).

The passage of Title 18, is dependent on the validity of House Resolutions 3190, introduced in the House of Representatives in April of 1947, the first session of the 80th Congress. (See Exhibit F).

A copy of the engrossed bill received by Mr. Davis from the National Archives and Records Administration, on December 1, 2003 shows that the "passage" of the House version of Title 18, HR

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(Cite as: 2004 WL 1904401)**

3190, occurred on May 12, 1947. (See Exhibit K).

The "Index Key and History of Bill" provided by Jeff Trandahl, Clerk, U.S. House of Representatives, as the Senate Report gives the same date. (See Exhibit I) However, if the Senate Report is correct, Title 18, was never enacted into law because it is based on HR 3190, *25 which **died a sine die** death when Congress adjourned under a " conditional final adjournment" on July 27, 1947. (See Exhibit E).

The **sine die** (without day) adjournment of the First session of the 80th Congress can be verified as follows:[FN5]

> FN5. "A legislature's failure to act on a pending bill or other matters needing legislative approval, before the legislature adjourns sine die, effectively kills that bill or matter." See 73 AmJur.2d, "Statutes", § 24;..." when a meeting is adjourned before the business is finished, and that meeting closes the session, the unfinished business may be introduced at the next session as new business on the same footing as if it had never been before the assembly. Ordinarily, in the absence of any provision for stated meetings, an adjournment without day is notice to all concerned that matters which have been under consideration will not again be taken up unless initiated under the procedure established for new business." 59 AmJur.2d, 12, "Parliamentary Law" § 12.

a) The Congressional Record, as supported, shows the **sine die** dismissal of Congress. (See Appendix E); *Kennedy v. Sampson*, 511 F.2d 430, 444, Appendix (D.C. Cir. 1974).
b) President Truman exercised 19 pocket vetoes after the dismissal of the 80th Congress on July 27, 1947. (See Exhibit E);. A pocket veto is only possible after a final adjournment. See *Kennedy v. Sampson*, Supra.

Furthermore, the Congressional records show **no reintroduction** of HR 3190, Title 18, in the House

of Representatives in the second session of the 80th Congress, which started in January, 1948. (See Exhibit I)

Without the validity of House Resolution 3190, which forms the basis of the House passage of Title 18, which **died sine die** on July 27, 1947, with no reintroduction and passage by the House in the Second Session, Title 18, is a **nullity, void as a matter of law.** (See Exhibit F)

**d.) The Amendments to House Resolution 3190 in the Senate Were Never Revoted in the House of Representatives.**

"An amendment to a motion or resolution takes precedence over the original motion and the original motion cannot be disposed of until the proposed amendment has been disposed of, unless the amendment is clearly a substitute for the original motion. Passage of an amendment *26 to a motion only has the effect of amending the original motion; therefore, unless it is a substitute for the original motion, the amended motion **must** be put to a vote." 59 AmJur.2d, "Parliamentary Law, Amendments", § 19.

On December 5, 2003, Mr. Davis received a copy of the "engrossed bill" on Title 18, HR 3190, from the National Archives which shows that the U.S. Senate amended House Resolution 3190 on **June 18, 1948,** and the **"Amendments"** were approved by the House on June 18, 1948, the same day. (See Exhibit K) The fact that the engrossed bill shows a typed memo stating simply "House agrees to Senate Amendments" is verification that the House never voted on the bill as amended.

Further, Jeff Trandahl has affirmed twice that " **There is no recorded vote for this Act."** (See Exhibit G and Exhibit H).

A "bill signed by the Speaker of the House of Representatives and by the President of the Senate, presented to and approved by the President of the United States, and delivered by the letter to the Secretary of State, as an act of Congress, **does not become a law of the United States if it had not in fact been passed by Congress...."** *Field v. Clarke*, Supra: See *Mistretta v. United States*, 488 US 361,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                          Page 19

(Cite as: 2004 WL 1904401)

381 (1989) (Congress may not control execution of laws except through Article I procedures.)

Without the passage of the "amended version" of Title 18, by the House after it had been approved by the Senate, no validity attaches to the passage of Public Law 80-772, Title 18, and the statutes §§ 2, 371 and 2314 are **VOID AB INITIO.**

### *27 e. The Bill was Not Signed in Open Session by the President of the Senate and Speaker of the House.

The Constitution requires every bill to pass both Houses of Congress, to be signed by the Speaker of the House and the President of the Senate in **open session,** and to be sent to the President of the United States for his signature prior to becoming a law. See Article I, § 7, Cl. 2, U.S. Constitution; *Field v. Clarke,* Supra; *National Bank of Oregon v. Ins. Agents,* supra.

On November 3, 2003, Mr, Davis received from the National Archives the evidence that, Public Law 80-772, was signed by the President of the United States, the Speaker of the House of Representatives and President pro tempore of the Senate, **all on June 25, 1948.** (See Exhibit J).

However, Congress adjourned *sine die* on June 20, 1948, **and was not in session on June 25, 1948.** (See Exhibit E). *See Kennedy v. Sampson.* Supra.

Without the signatures of the officers of the House and Senate properly affixed to an "approved bill" in **open session,** the signatures of the parties to Public Law 80-772, Title 18, **mean nothing.** The parties do not have the authority to usurp the mandate of the Constitution of the United States.
[T]his court has the duty to review the constitutionality of Congressional enactments. As we have said in rejecting a claim identical to the one the Government makes here: "Our system of government requires that federal courts on occasion interpret the Constitution in a manner at variance with the construction given the document by another branch. The alleged conflict that such an adjudication may cause cannot justify the courts' avoiding their constitutional responsibility." *United States v. Munoz-Flores,* 495 US 385, 391 (1990)

(quoting *Powell v. McCormack,* 395 US 486, 549 (1969).

It is the duty of the court to give effect to the existing constitution and to obey all constitutional provisions irrespective of their opinion as to the wisdom or desirability of such *28 provisions and irrespective of the consequences. *Lake Country v. Rollins,* 130 US 662 (1889); 16 AmJur.2d, " Constitutional Law" § 113.

"..., the fact that a given law or procedure is efficient convenient and useful in facilitating functions of government, standing alone, will not save it if it is contrary to the Constitution, *INS v. Chadha,* 462 US 919.

"... even the will of the majority does not become law unless it follows the path chartered in Art. I, § 7, cl.2 of the Constitution." *Landgraf v. USI Film Products,* 511 US 244 (1994).

### f. Since Public Law 80-772 is Void, the Underlying Acts Used to Indict and Convict Mr. Kaemmerling are Void.

Mr. Kaemmerling was charged with violations of 18 U.S.C. §§ 2, 371, 1343 and 2314. (See Exhibit A)

The evidence obtained and presented here establishes that Public Law 80-772, as derived from HR 3190 was never legally enacted into law. Sections 2, 371 and 2314 **were created by amendments to prior statutes as part of the 1948 "Act"** and part of House Report No. 304 HR 3190. (See U.S.C. Annotated).

Section 371, the modern conspiracy statute, was formulated by combining, revising and adding to § 88 and § 294 of the **1940 edition** of Title 18, creating a new section in Public Law 80-772 with an enhanced penalty of 5 years (versus the previous 2). But the passage of § 371 was inextricably intertwined with House Report No. 304, and Public Law 80-772. No vote on the Title 18 codification translates to no vote on the new 18 U.S.C. § 371 making the section void as a matter of law.

*29 Section 2314 was formulated in 1948 by

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                    Page 20

**(Cite as: 2004 WL 1904401)**

combining sections 413, 415, 418, 418a and 419 of the 1940 edition of Title 18, which were based on chapters from 1934 and 1939 Acts. These combinations of prior statutes were again designed to create a new section in Public Law 80-772, but the passage of § 2314 was again interwoven with House Report No. 304, and Public Law 80-772. Like § 371, no vote was taken on § 2314 and it is void as a matter of law. (See U.S.C. Annotated)

Title 18 U.S.C. § 2, the modern aiding and abetting statute, was formulated in 1948 by combining parts of sections 550 and 332 of the 1940 Edition of Title 18, once again creating a new section in Public Law 80-772. The Act is again part of House Report No. 304, HR 3190 and Public Law 80-772. Since no vote on Public Law 80-772 means no vote on 18 U.S.C. § 2, the statute is void as a matter of law.

"Certainly, as here, the 'change of arrangement' was made by a codifier without the approval of Congress, it should be given **no weight.**" *U.S. v. Welden*, 377 US 95, 12 L.Ed.2d 152, 157 FN4, 87 S. Ct. 1082 (1964).

"[A] piece of legislation takes effect according to its terms when Congress **properly** approves a bill and the President either signs it, fails to object within 10 days, or vetoes it but Congress overrides the veto. **This, and only this** is legislation or statutory law." *U.S. v. Zuger*, 602 F.Supp 889 (M.D. Tenn, 1984) (emphasis added).

As the indictment in Mr. Kaemmerling's case made no reference to the underlying statutes at large **prior** to House Report No. 304, and Public Law 80-772, which is void as a matter of law as regards 18 U.S.C. §§ 2, 371 and 2314, those portions of Mr. Kaemmerling's indictment are fatally defective and void. As the counts under 18 U.S.C. 1343 depend on the *30 count under § 371 and it is void as a matter of law, his entire indictment is void, fatally defective and must be dismissed.

**g. Title 18, Public Law 80-772, is a Fraud on Its Face and Sections 2, 371 and 2314 are VOID AB INITIO.**

Public Law 80-772, the revision and codification of Title 18 is a fraud on its face. The use of an "

engrossed bill", that was dead sine die in 1947 to obtain an "enrolled bill" in 1948 and the "signatures " of the President and Speaker of the House and President pro tempore of the Senate while knowingly disdaining the Constitutional requirements to pass legislation, constituted a fraud on the American people and produced a Title and many statutes that are fraudulent on its face and are void as a matter of law.

With no recorded vote, with a sine die dead bill, with no approval for the amended bill, with no open session signatures, no validity attaches to Public Law 80-772, Title 18, or the new statutes it proposes. A statute that violates the United States Constitution is VOID regardless of the purpose of its recitals. See *Brimmer v. Rebman*, 138 US 78 (1892); *Cooper v. Telfair*, 4 Dall 14, 1 L.Ed 721 (1800); *Marbury v. Madison*, 1 Cranch 137, 2 L.Ed 60 (1803).

[T]he judiciary has always borne the basic responsibility for protecting individuals against unconstitutional invasions of their rights by all branches of the Government. Therefore, in the rare situation in which the decision to prosecute is so abusive of this discretion as to encroach on constitutionally protected rights, the judiciary must protect against unconstitutional deprivation. *U.S. v. Johnson*, 577 F.2d 1304 (5th Cir. 1978)(internal cites omitted).

The court lacked subject matter jurisdiction to put Mr. Kaemmerling on trial, based on void statutes therefore judgment is void.

**\*31 2. A Defective Indictment That Failed to Charge A Crime Created the Absence of Subject Matter Jurisdiction.**

The Eleventh Circuit Court has been clear on the issue that failure to charge a crime in the indictment is a jurisdictional issue.
Since Meacham *(United States v. Meacham*, 626 F.2d 503 (5th Cir. 1980)) was decided, several decisions of this Court have reaffirmed its validity. In *United States v. Tomeny*, 144 F.3d 749 (11th Cir. 1998) "we cited Meacham for the proposition that ' a claim that the indictment failed to charge an offense is a **jurisdictional claim** not waived by the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                                      Page 21

(Cite as: 2004 WL 1904401)

entry of guilty plea.'" Id. At 751. *Tomney* further clarified that a claim is "jurisdictional" if it "can be resolved by examining the face of the indictment or the record at the time of the plea without requiring further proceedings." Id. (quoting *United States v. Caperell*, 938 F.2d 975, 977-78 (9th Cir. 1991))…. See also *United States v. Harper*, 901 F.2d 471, 472 (5th Cir. 1990) (entertaining post-conviction challenge under 18 U.S.C. § 2255 based on indictment's failure to charge offense because such error "divests the sentencing court of jurisdiction.) *U.S. v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002.)

**a. Charging as Crimes Previously Ruled as Non-Crimes by the Eleventh Circuit Court Made the Indictment Fatally Defective, Depriving the Court of Subject Matter Jurisdiction.**

In a 1998 ruling, the Eleventh Circuit Court referred to the action of the District court as "having taken off in a plane with no wings." *U.S. v. Adkinson*, supra @ 1370 (11th Cir. 1998). This court's quote in *Adkinson* is referenced because the instant case came from the same district court, from the same judge, the Honorable Roger Vinson, from the same prosecuting attorney, Assistant United States Attorney, Benjamin Beard and from the same issue of law as the *Adkinson* case. The Eleventh Circuit Court reversed the *Adkinson* conviction based in part on the same issues Mr. Kaemmerling presents to the court. The Government has twice concurred that the fourteen counts of the indictment discussed in this section cannot sustain a conviction, are fatally defective, depriving the-court of jurisdiction and should be dismissed. (See Exhibits B & C)

**\*32** The *Adkinson* court clearly established, where interstate transportation of funds "knowingly taken by fraud" is alleged, that material to that accusation is the establishing of an underlying scheme, which constitutes the crime. The *Adkinson* court stated:
All of these offenses require allegations of an underlying scheme. (Offense of interstate transportation of money taken by fraud is meant to reach the fraudulent scheme whereby the criminal is the effectual cause of the interstate transportation. Id. @1378

The scheme must be clearly established, related to the specific charges in the indictment and must demonstrate what exactly constituted the crime.

Each count of an indictment must stand-alone and be sufficient in and of itself to charge a crime. "As further criterion of sufficiency, this court has recognized that each count of an indictment is separate and must stand on its own." *United States v. Olatunji*, 872 F.2d 1161, 1166 (3rd Cir. 1989) and the Ninth Circuit followed by stating, " Accordingly, it has been held that each count in an indictment must stand on its own, and cannot base its validity on the allegations of any other count not specifically incorporated." *United States v. LeCoe*, 936 F.2d 398, 403 (9th Cir. 1991).

If each count in an indictment must stand alone, the indictment in Mr. Kaemmerling's case should be examined to determine the sufficiency of each count. It is readily seen that in counts 2-5, 8-10, 12-17 & 18, each dealing with the interstate transportation of funds, that the factual, material elements of an underlying scheme that makes the action a crime, are missing. The indictment states that money was transported "knowing that these funds had been stolen." Missing is any statement of facts that would cause that conclusion to be drawn, making the indictment defective and depriving the court of jurisdiction. See *United States v. Peter*, Supra. By comparison counts 6, 7, 11 & 19 each incorporate all of the facts of Count 1.

**\*33** When an indictment says, "knowing" it"… requires a showing that the defendant 'knowingly converted… (government must show knowledge when it says 'knowingly') *United States v. Hughes*, 626 F.2d 619, 624 (9th cir. 1980). The interstate transportation charges cannot absorb by osmosis the allegations of the conspiracy Count in Count 1. The Counts in question must at minimum each incorporate the facts of Count 1, specifically, and state materiality for them to apply. Crucial to each count of the indictment are the material facts of a scheme that supports the charge that a crime was committed.

It is not sufficient for the government to assume that the allegations missing in the referenced counts can be read into the indictment from another count

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                          Page 22

**(Cite as: 2004 WL 1904401)**

when that count is not incorporated by reference. It is particularly fatal when it is apparent that the Grand Jury knew how to incorporate by reference if it so chose, having done so in Counts 6, 7, 11 & 19. See *United States v. Hooker*, 841 F.2d 1225, 1234 (4th Cir. 1988).

The indictment in Mr. Kaemmerling's case contained no assurance that the grand jury deliberated on any particular offense. The indictment in the 14 counts referenced even lacked a description of the activities forming the basis for a criminal charge. **The fact of transporting funds could be admitted as to the charge made without it being a criminal act.**

"To convict someone of a crime on the basis of conduct that does not constitute a crime offends the basic notion of justice and fair play embodied in the Constitution." *United States v. Briggs*, 939 F.2d 222, 228 (5th Cir. 1991) and "The prosecution's failure to provide minimal evidence of any other element, of course, raises a question of 'law' that warrants dismissal." *United States v. Gaudin*, 515 U.S. 506 (1995)

The absence of the essential elements of a scheme could mean that the jurors who voted for Mr. Kaemmerling's indictment may not have agreed on the nature of the scheme to defraud *34 in which the defendant allegedly engaged, or that they may have voted the indictment on the basis of some scheme other than what is alleged in Count 1. Due to the absence of any facts supporting the indictment it is speculative at best as to what trier of facts was used to determine the legitimacy of the charge.

The court may order a separate trial on any, or all, counts in an indictment, Rule 14 Fed.R.Crim.P; the jury must consider the evidence separately as to each count and reach a separate verdict as to each one. The court, as a matter of law, must decide if the evidence is sufficient to support a guilty verdict on each count independently, Rule 20 Fed.R.Crim.P. In considering a motion to dismiss for failure to adequately allege a criminal offense, the Court must direct its attention to the language of each count separately, including matters from other counts expressly incorporated into the counts under

consideration. *United States v. Fulcher*, 626 F.2d 985, 988 (D.C. Cir. 1980).

Simply put, for the indictment to be sufficient and thereby confer jurisdiction "... each count must be sufficient without reference to other counts unless the allegation of those counts expressly are incorporated." *United States v. Yefsky*, 994 F.2d 885, 894 (1st Cir. 1993).

The Supreme Court made it clear that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. U.S.*, 361 U.S. 212, 217 (1960).

As the Fifth Circuit ruled, "An indictment that fails to allege each material element of an offense fails to charge that offense." *United States v. London*, 550 F.2d 206, 211 (5th Cir. 1977). It deprives the court of jurisdiction. "It is fundamental of the law that an indictment must set forth each component of the offense charged and that there must be proof of each *35 element. Failure both to allege and prove each element vitiates a conviction." *United States v. Halperin*, 441 F.2d 612, 620 (5th Cir. 1971).

The *Adkinson* case involved multiple counts of bank fraud, mail fraud, wire fraud and interstate transportation of money taken by fraud, Title 18 U.S.C. § 2314. Like Mr. Kaemmerling's case, the first count in *Adkinson* was a very lengthy conspiracy count containing many factual allegations. The "facts" in the conspiracy count were specifically incorporated into the § 2314 count in *Adkinson*, by reference to the conspiracy count. In *Adkinson* the factual-laden conspiracy count was generally dismissed and most of the language redacted. Applying the law that a count under Title 18 U.S.C. § 2314 requires proof of the underlying crime, the Eleventh Circuit Court said:
...defendant's conviction on these counts must be reversed. All of these offenses require allegations of an underlying scheme.(offense of interstate transportation of money taken by fraud is meant "to reach the fraudulent scheme whereby the criminal is the efficient cause of the interstate transportation.) These counts originally incorporated by reference the description of the bank fraud scheme found in Count 1. The redaction completely eliminated this scheme. **The counts, therefore, all must be**

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**reversed for failure to allege an essential element of these offense.** *Adkinson* at 1378 (emphasis added)

In *Meacham* the Fifth Circuit said, "The violation of *Meacham 's* right to be free of prosecution for a non-offense would bar his conviction even if his " factual guilt" had been established validly." *United States v. Meacham*, 626 F.2d 503 (5th Cir. Sept. 261 " 1980).

It is an undisputed fact in Mr. Kaemmerling's case that the indictment fails to charge a crime by failing to include the material elements of a scheme that made the action a criminal offense. Fourteen of the nineteen counts in the indictment dealt with the interstate transportation of fraudulently obtained funds. In those counts the Government made no material allegations of facts representing the underlying scheme that would establish the funds *36 were "knowingly taken by fraud", an essential element in such a charge. The indictment is therefore fatally defective, depriving the court of jurisdiction. The judgment is void.

### b. The Absence of Materiality Prevented the Chargingfa Crime Depriving the Court of Subject Matter Jurisdiction.

Decisions in the cases of *U.S. v. DuBo*, 186 F.3d 1177 (9th Cir. 1999), and *Neder v. United States*, 527 U.S. 1 (1999), the Supreme Court, and the Ninth Circuit, determined that the indictment must plead to specific statutory language in each of the charges filed against the defendant. As such, there is specific language in each statute that must be identified to put a defendant on proper notice of what constitutes the charge of a Grand Jury.

All precedents agree that failure to allege an essential element of offense in an indictment is a jurisdictional issue and calls for reversal *per se*. Judge Barkett, in her concurrence in *McCoy v. United States*, 266 F.3d 1245, 1263 (lllh Cir. 2001), described this result as "the ordinary consequences established by precedent for an indictment's failure to allege an element." In *United States v. Cina*, 699 F.2d 853, 853, 859(7th Cir. 1983) "An 'essential' or 'material' element of a crime is one whose

specification with precise accuracy is necessary to establish the very eligibility of the behavior and thus the Court's jurisdiction."

To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge the offense, which constitutes a jurisdictional defect. See *U.S. v. Cabrera-Teran*, 168 F.3d 141, 143 (5th Cir. 1999); *United States v. Hughey*, 147 F.3d 423, 436 (5th Cir. 1998), cert denied 142 L.Ed.2d 474 (1998); See also *United States v. Morales-Rosales*, 838 F.2d 1359, 1361 (5th Cir. 1988) which is not subject to plain error review. See *United States v. Fitzgerald*, 89 F.3d 218, 221 (5th Cir. 1996). The ordinary consequence is reversal, *per se*. "Happily, the rule that the indictment, to be sufficient, must contain all the elements of *37 a crime...is still a vital part of our Federal jurisprudence." *United States v. Spinner*, 180 F.3d 514, 515 (3rd Cir. 1999)."...[F]ailure of an indictment sufficiently to state an offense is a fundamental defect...Id. @516. "The inclusion of all elements...derives from the Fifth Amendment, which requires that the Grand Jury have considered and found all elements to be present. *United States v. Hooker*, supra @ 1230.

Harmless error review is not allowed, because, as found by the Supreme Court in *Stirone v. U.S.*, supra, a reviewing court is not authorized to examine the evidence presented at trial to determine whether the indictments omission of an essential element constitutes error.

*Post-Neder* cases agree. "In contrast to the error in *Neder*, the error at issue in this case - an indictment's failure to allege an essential element of an offense - is being characterized as a 'defect affecting the framework within which the trial proceeds', it is not simply an error in the trial process itself." *United States v. Prentiss*, 256 F.3d 971, 991 (10th Cir. 2001) (dissent).

Until the Court applies *Neder's* holding to the Grand Jury context, or otherwise alters its grand jury jurisprudence, the rule that a timely challenged indictment that fails to contain elements of a crime requires reversal *per se* shall remain a vital part of the Federal criminal jurisprudence. *United States v. DuBo*, supra.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                                                          Page 24

**(Cite as: 2004 WL 1904401)**

Controlling case law in the Eleventh Circuit is in accord.

The Fifth Amendment to the Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous crime unless on a presentment or indictment of a Grand Jury."... A fundamental principle stemming from this amendment is that a defendant can only be convicted for a crime charged in the indictment... When a defendant is convicted of charges not included in the indictment, an amendment to the indictment has occurred.... An amendment is *per se* reversible error. *United States v. Keller*, 916 F.2d 628, 633 (11th Cir. 1990)

**\*38** In *United States* v. *Adkinson*, supra, reversal of certain counts was required for failure to allege an essential element of the offenses. *Adkinson* @1378. No harmless error analysis was required in *Adkinson* , nor is it appropriate in the instant case.

The *Adkinson* Court also stated, "The failure to allege the element which establishes the very illegality of the behavior and the court's jurisdiction is fatal to the indictment." *Adkinson* @1375Fn.37.

A court simply "cannot permit a defendant to be tried on charges that are not made against him." *Stirone v. United States*, supra.

"... An essential of the due process guarantee by the 14th Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof-defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense. It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process... Accordingly, we held in the *Thompson* case that a conviction based upon a record wholly devoid of any evidence of a crucial element of the offense charged is constitutionally inform." *Jackson v. Virginia*, 443 U.S. 307 (1999); See also *United States v. Cruikshank*, 92 U.S. 524.

"A criminal conviction will not be upheld if the indictment upon which it is based does not set forth the essential elements of the offense. This rule serves two purposes. First, it informs the defendant

of the nature and cause of the accusation as required by the Sixth Amendment of the Constitution. Second, it fulfills the Fifth Amendments' indictment requirement ensuring that a grand jury return an indictment when it finds probable cause to support all the necessary elements of the crime. *United States v. Gayle*, 967 F.2d 483 (11th Cir. 1992). See *United States v. Italiano*, 837 F.2d 1480, 1482 (11th Cir. 1988).

**\*39** The Sixth Amendment States: "In all criminal prosecution, the accused shall enjoy the right...to be informed of the nature and cause of the accusation."

A conviction by a trial jury based on an indictment that contains insufficient grounds cannot stand, because such a verdict rests on insufficient grounds. *Adkinson, Supra* @1369. Therefore, if an essential element is missing from the charge the indictment is defective, the Court lacks subject matter jurisdiction and nothing that happens thereafter can result in a conviction and any judgment entered is void.

The controlling case on the indictments is *Russell v. United States*, 369 U.S. 749 (1962). *Russell* states that the words of the indictment must "fully, directly and expressly, without any uncertainty or ambiguity set forth all the elements necessary to constitute the offense intended to be punished. The court held that pleading in generic terms was not sufficient. In pleading the elements, it must state the specifics, as the Court said, "it must descend to particulars." Id @ 765.

In a 1999 ruling the United States Supreme Court clearly stated that materiality is an element of the crime of wire fraud. In *Neder v. U.S.*, supra @ 144, the Court said,"...we hold that materiality is an element of the federal mail fraud, wire fraud and bank fraud statutes." The Court thereby established materiality as an essential element of the federal fraud statutes, even though the statues do not mention the element of materiality in their tests. The Court reasoned that Congress' use of the common law term "fraud" interred the inclusion of certain elements of fraud at common law, particularly materiality.

In Mr. Kaemmerling's case the Grand Jury returned the indictment almost a year after the *Neder*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                              Page 25

**(Cite as: 2004 WL 1904401)**

decision. The indictment attempted to charge him in various counts with mere fraud, interstate transportation of goods, securities and money, stolen, converted and obtained by *40 fraud, and conspiracy to commit wire fraud, interstate transportation and money laundering. All of the counts of the indictment failed to include in any form the element of materiality as required by *Neder*. The indictment fails to allege the essential element of the offense and it does not fairly inform the charges he must defend, since the indictment does not identify which, if any, misrepresentations alleged were deemed to be "material" by the Grand Jury. This is an undisputed fact in the case.

*Neder* made "materiality" an essential element of wire fraud because traditional concepts of fraud, even when altered by statutory enactment, must still require more than a simple misrepresentation allegation. The requirement that the essential elements must be in the indictment is "to insure that the grand jury finds probable cause that the defendant committed each element of the offense, hence justifying a trial, as required by the Fifth Amendment." *United States v. Wliite*, F.3d 374, 381 (5th Cir. 2001). Due to the absence of the materiality element from the indictment in question it is logical to conclude that the Grand Jury failed completely to address "materiality" in its investigation and deliberations.

The government cannot after-the-fact "create" the material misrepresentation required. As the Supreme Court said in *Russell* neither a prosecutor, nor a court can "make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment...." *Russell* @770. Nor can " materiality" in Mr. Kaemmerling's indictment be discovered by liberal rules of construction. To find " materiality" in his indictment would be to create it out of thin air. Such a "creation" by the court would be nothing less than an amendment to the indictment by adding new allegations, which is not permissible. *United States v. Miller*, 471 U.S. 130, 107 S. Ct. 1811,85L. Ed.2d99(1985).

*41 The indictment in this case is fatally defective, lacking materiality, it fails to charge a crime depriving the court of subject matter jurisdiction. The Judgment is void. This is an undisputed fact in

this case.

**c. Stating Elements of the Statute Conjunctively that the Statute States Disjunctively and Failing to Support with Factual Allegations Made the Indictment Defective, Depriving the Court of Jurisdiction.**

For some unexplained reason, the indictment takes language of the statute that reads in the disjunctive and alleges it in the conjunctive, broadening the language of the counts beyond the language of statute, making convictions on these counts unsustainable.

The counts read what was transported was "goods, securities and money", rather than referring to the statutory language that includes, among other items "goods, securities or money." Rather than supporting the allegation, which would require transportation of all three items, it only factually identifies money. Internally, the language is in conflict, making the indictment defective, depriving the court of subject matter jurisdiction making the judgment void.

"While there was a variation in the sense of a variation between pleading and proof, that variation here destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a Grand Jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed." *Stirone* v. *U.S.*; See also *Blitz v. United States* 150 U.S. 308.

However, the more severe problem is created in the next major change from the statute, when the indictment says that the funds were "stolen, converted and taken by fraud." Rather than referring to the statutory language that states " stolen, converted or taken by fraud." Although these crimes (stealing, conversion and fraud) may share some elements, each is made *42 up of a distinct set of essential elements. The three classes of property protected by § 2314 are each separated by the conjunction "or." Rules of construction indicate that terms connected in the disjunctive in this manner be given separate meanings. *Garcia v. United States*, 469 U.S. 70, 73, (1984); See *FCC v. Pacifica Foundation*, 438 US 726, (1978). ("The

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

words...are written in the disjunctive, implying that each has separate meaning").

"Black's Law Dictionary, Sixth Edition (1995) supplies the following definitions:
**Stolen** - Acquired or possessed, as a result of some wrongful or dishonest act or taking, whereby a person willfully obtains or retains possession of property which belongs to another, without or beyond any permission given and with the intent to deprive the owner of the benefit of ownership (or possession) permanently.
**Conversion** - An unauthorized assumption and exercise of the right of ownership aver goods or personal chattels belonging to another to the alteration of their condition or the exclusion of the owner's rights.
**Fraud** - An intentional perversion of the truth for the purposes of inducing another in reliance upon it to part with some valuable thing belonging to him....

Thus, in two words and a short phrase, Congress engrafted into the federal statutes these three distinct common law crimes, each consisting of differing elements.

To allege the three elements in "the conjunctive" would require the proof of all the elements of all three crimes. The word "and" is always employed to express the relation of addition 221 U.S. 452, (1911). Since it would be impossible for the same act, or acts, to so violate all three common law elements, due to distinctive elements of each, pleading the statute in the conjunctive makes it impossible to find an individual guilty under this count as alleged. This fatal error involves counts 1-5, 8-10, 12-17, & 19. Since counts 6, 7, 11 & 18 depend on count 1 constructively, when count 1 is voided they fail as well making the entire indictment fatally defective depriving the court of jurisdiction. "If the offense is not plainly stated and is made so only by a process of interpretation, there is no *43 assurance that the Grand Jury would have charged such an offense." *Van Liew* v. *United States* , 321 F.2d 664, 669 (5th Cir. 1963).

"... [W]here a statute contains two clauses that prescribe its applicability, and clauses are connected by a disjunctive, the application of the

statute is not limited to cases falling within both charges, but will apply to cases falling within either of them. "If 'and' is used, such portions of the sentence are to be considered jointly." 73 Am Jur 2d "statutes".

Furthermore, there are no "essential facts" of any of the three common law crimes alleged, a violation of Rule 7 of the Federal Rules of Criminal Procedure. The common law crime of either stealing, conversion nor fraud, is not "fully, directly and expressly" set forth. Nothing more than the words, " stolen, converted and taken by fraud", are expressed in the counts. A trial jury would not know the "legal meaning" of those terms and no one would be able to prepare a defense to all three of these common law crimes without any facts that constitute the crimes set out in the indictment under consideration. "The statutory language must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Handing* v. *U.S.*, 418 U.S. 87, 117-118, (1974) quoting *U.S.* v. *Hess*, 124 U.S. 483, (1888)) (internal quotation marks omitted)

When an indictment contains none of the facts that establish the alleged offense, the prosecutor is left in the unfettered control of the case, and the defendant is left exposed to complete trial by ambush. In the Eleventh Circuit, such is not allowed. The exercise of federal government power to criminalize conduct and thereby to coerce and deprive persons, by government action, of their liberty, reputation and property must be watched carefully in a country that values the liberties of its private citizens. Never can we allow federal prosecutors to make up the law as they go along. *United States* v. *Brown, 19* F.3d 1550, 1562 (11th Cir. 1996).

**\*44** The indictment is fatally defective. Its failure to provide factual support for the charges made failed to provide the jury with a proper indictment to ratify. A fatally defective indictment, one that omitted essential elements, deprived the court of subject matter jurisdiction. A judgment entered by a court lacking jurisdiction is void. The conviction of Mr. Kaemmerling should be declared a nullity, Mr.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)

(Cite as: 2004 WL 1904401)

Kaemmerling should be immediately released and the indictment should be dismissed. This is an undisputed fact in this case.

### d. Failing to Add the Elements of Aiding and Abetting Made the Indictment Fatally Defective and Deprived the Court of Subject Matter Jurisdiction.

In Mr. Kaemmerling's indictment he is charged with Interstate Transportation of goods, securities and money stolen, converted and taken by fraud. In each of the Counts 2-5, 8-10, 12-17 & 19, the final sentence in the count States, "All violation of Title 18, United States Code, Section 2314 and 2."

In Counts 6, 7, 11 & 18 Mr. Kaemmerling was charged with wire fraud. The last sentence in each of those Counts states: "All violation of Title 18, United States Code, Section 2314 and 2."

Though the statutory language of sections 2314 and 1343 is used in part in the appropriate counts, in no count is any of the statutory language of section 2 mentioned in any way, nor is any element of the crime of aiding and abetting stated in any count of the indictment. Thus, the indictment is defective, which deprives the court of subject matter jurisdiction and the judgment rendered is void.

The indictment is defective on its face. In the cases of *United States v. DuBo*, supra and *United States v. Neder*, supra the Supreme Court and the Ninth Circuit determined that the indictment must plead to specific statutory language in each of the charges filed against the *45 defendant. As such, there is specific language in each statute that must be identified to put a defendant on proper notice of what constitutes the charge of the grand jury.

Pursuant to Title 18 U.S.C. § 2, the language in the indictment specifically states under section 2(a) and (b):
(a) Whoever commits an offense against the Unites States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is

punishable as a principal.

There are two separate sections describing different acts and elements of the offense charged. Nothing in the indictment puts the defendant on proper notice of the charges against him. Nothing states what act, or acts, constitutes the crime in order to prepare and present a proper defense.

In *United States v. DuBo, supra*, the indictment completely failed to allege an essential element of the charged offense. The Court stated this was not a minor technical flaw subject to harmless analysis, but a fatal flaw requiring dismissal of the entire indictment.

The Fifth Circuit held in *United States v. Cabrera-Terran*, supra, that the failure of the indictment to charge each and every essential element of an offense is a serious constitutional violation. See also *United States v. Morales-Resales*, supra, "that criminal Information... does not charge ... the second element of the offense...the failure of an Information to charge an offense is a jurisdictional defect that is not waived by a guilty plea." See also *United States v. Eldrington*, 726 F.2d 1029, 1031 (5th Cir. 1984). As such, because Mr. Kaemmerling's indictment fails to identify essential elements of the charges brought against him, that creates a defective indictment in violation of his constitutional rights. This fatal flaw deprives the Court *46 of jurisdiction. Title 18 U.S.C. § 2 is a separate charge and requires identification of its essential elements in the indictment.

The failure to include the element of willfulness (or aiding and abetting), by charging a defendant with violating Title 18 U.S.C. § 2 renders an indictment constitutionally defective. See *United States v. Kurka*, 818 F.2d 1427, 1431 (9th Cir. 1987); *Hagner v. United States* 285 U.S. 427. It is not amenable to harmless error review. See *United States v. Spruill*, 118 F.3d 221, 227 (4th Cir. 1997). The failure to charge an essential element of crime is by no means a mere technicality. See *United States v. King*, 587 F.2d 956, 963 (9th Cir. 1978).

"Such a failure 'generally constitutes a fatal defect' that cannot be cured through jury instructions,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                                                    Page 28

**(Cite as: 2004 WL 1904401)**

because a 'completely missing essential element' leaves 'nothing for a petit jury to ratify.' Specifically the 'failure to include the element of willfulness...renders [an] indictment constitutionally defective." *United States v. Dubo,* supra (internal cites omitted.)

Failure to plead with specificity all of the charges against Mr. Kaemmerling created a defective indictment which failed to put him on proper notice of the charges against him. See also *United States v. Pupo,* 841 F.2d 1235 (4th Cir. 1988), cert. denied, 488 U.S. 842 (1988) (a defective indictment could not be saved by reference to a particular statute. Here the indictment failed to allege the words ' knowing and intentionally'. In this case, reference to Title 18 U.S.C. § 2 is not enough. The indictment fails to mention the words "aiding and abetting" ( Title 18 U.S.C. 2(a) or "willful" (Title 18 U.S.C. § 2(b)).

A vital function of an indictment is to provide "such description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation...." This principle is derived directly from the Sixth Amendment's guarantee of the right of an accused " to be informed of the nature and cause of the accusation..." and is *47 basic to the proper Functioning of our adversary system of justice. Without sufficient information to identify that conduct which the Grand Jury has deemed adequate to support an indictment, Mr. Kaemmerling is at a material disadvantage in meeting the charge against him. See *United States v. Tomasetta,* 429 F.2d 978 (1st Cir. 1970) and *United States v. Murphy,* 762 F.2d 1151 (1st Cir. 1985); Fed.R.Cri.P. 7(c)(l); *and Russell v. United States,* supra.

By not identifying the specific language of Title 18 U.S.C. § 2, Mr. Kaemmerling was not on notice that he was also being charged with "aiding and abetting. " It is common practice to attach Title 18 U.S.C. § 2 to conspiracy charges and substantive charges, where an aider and abettor charge is an active element of the case. However, the government's use of this is also without tracking the language of the indictment and not putting him on notice that he was also charged as an aider and abettor.

It is an undisputed fact that elements of Title 18 U.S.C. § 2 were omitted and the indictment is fatally defective on its face. This deprives the court of subject matter jurisdiction. The judgment is void.

### 3. THE COURT LACKED SUBJECT MATTER JURISDICTION DUE TO AN UNVERIFIED INDICTMENT

To have a valid indictment pursuant to the Fifth Amendment and the Federal Rules of Criminal Procedure: a) the grand jury returning the indictment must consist of between 16-23 jurors; b) every grand jury session was attended by at least 16 jurors; and c) at least 12 grand jurors voted to indict. (See Fed.R.Crim.P.6(a-f); U.S. Constitution, Amendment 5; *United States v. Leverage Funding Systems, Inc.* 637 F.2d 645, 649 (9th Cir. 1980), cert. Denied, 452 U.S. 961(1981).

*48 The filing of the indictment requires a certification as to how the jurors voted. (See, e.g., Advisory Committee Notes to Rule 6, Rule 6, Fed.R.Crim.P., 1999 Amendments; "having all of the jurors present can be unnecessarily cumbersome in light of the fact that filing of the indictment **requires** a certification as to how the jurors voted")

The defendant is entitled to assurance by the district judge that the judge inspected the report and it contains twelve or more votes to indict. See *United States v. Deffenbaugh Industries, Inc.,* 957 F.2d 749, 757 (10th Cir. 1992.)

The foreman of the grand jury, or some other juror designated by him, must keep a record of the number of jurors concurring in the findings of the indictment and must file such a record with the Clerk of the Court. *See United States v. Bullock,* 448 F.2d 728, 729 (5th Cir. 1971); Fed.R.Crim.P. 6(c).

In correspondence from William McCool, Clerk of the United States District Court, Northern District of Florida, it was stated that in this case there was no grand jury verification record. (See Exhibit N)

The signature of the foreman of the Grand Jury himself is insufficient to bring a valid indictment in this case. See *Gaither v. United States,* 413 F.2d

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1904401 (C.A.11)                                                                Page 29

(Cite as: 2004 WL 1904401)

1061, 1071 (D.C. Cir. 1969). The Grand Jury as a body must pass on the actual terms of an indictment. Id.; *Stirone v. United States*, supra; Constitutional Amendment V.

Without a properly verified indictment executed by at least 12 grand jurors, the trial court lacks personal jurisdiction of Mr. Kaemmerling to summons him into court, to try him, to convict him, and to imprison him. If a court lacks personal jurisdiction over a party then it lacks all jurisdiction to adjudicate a party's rights whether or not subject matter is properly before it. See *United States v. Puentes*, 50 F.3d 1567 (11th Cir. 1995.)

**\*49** It is an undisputed fact that one of the required prongs for the courts to have subject matter jurisdiction, a Grand Jury verification form signed by at least 12 voting members. It is not part of the record and the Court does not have subject matter jurisdiction. The judgment entered by the Court is void.

### III. CONCLUSION

"The Law is a fact and the court is presumed to know the law or find it." *United States v. Rivero*, 532 F.2d 450 (5th Cir. 1976).

The Court lacked subject matter jurisdiction in Mr. Kaemmerling's case. The Court failed to establish subject matter jurisdiction prior to trial as required by law. Subject matter jurisdiction is a threshold issue.

A judgment entered where no jurisdiction exists is void, is a complete nullity and is without legal effect.

The statutes under which Mr. Kaemmerling was indicted, tried, convicted and imprisoned have never been enacted into positive law and as a result the Court lacked jurisdiction to proceed upon the indictment.

The indictment failed to charge a crime due to several fatally defective errors. It lacked any reference to materiality, a necessary element of the crimes charged. The indictment stated elements of the statute conjunctively that the statute presents

disjunctively creating an impossibility of proof that could not be cured. The indictment failed to add the elements of aiding and abetting, which further corrupted the indictment creating more fatal defects. The indictment had further error when it charged 14 counts of Title 18 U.S.C. § 2314 that had previously been settled in the Eleventh Circuit Court in a manner that should have had the Court dismiss them at the outset. The Court was aware of the fatal error since it came from a **\*50** case presided over by the same judge and prosecuted by the same Assistant United States Attorney as Mr. Kaemmerling's case. The indictment is fatally defective and the court lacked subject matter jurisdiction.

Finally, the Court failed in the fundamental first step of verifying the vote of the Grand Jury to determine if it, the Court, had personal jurisdiction, which it did not. The Court lacked personal jurisdiction, depriving it of all jurisdiction.

These are the facts and these facts are undisputed.

For these reasons, Mr. Kaemmerling prays the Court will vacate the judgment, dismiss the indictment and issue appropriate orders giving Mr. Kaemmerling his immediate and unconditional release.

"The Courts must accept an affidavit as true if it is uncontradicted by a counter affidavit or other evidentiary materials." 3 AmJur.2d, 404 "Affidavits " § 20. Further Affiant sayeth not.

Russell KAEMMERLING, Appellant, v. UNITED STATES OF AMERICA, Appellee.
2004 WL 1904401 (C.A.11)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Exhibit 4



**United States Court of Appeals
for the Eleventh Circuit**
56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 03-14190-SS
# USA v. Russell Elroy Kaemmerling

## Closed

**Docket #:** 03-14190-SS
**Short Style:** USA v. Russell Elroy Kaemmerling
**Docket Date:** 08/19/2003
**Lead Case:**
**Agency:**
**Nature of Suit:**
**Misc. Type:**
**Clerk:** McConnell, Brenda
**Clerk Phone:** (404) 335-6209

### District Information

**Docket #:** 00-00045-CR-3-RV    **Judge:** Roger Vinson
**Dkt Date:** 05/31/2000    **District:** Florida-Northern
**NOA Date:** 08/13/2003    **Office:** NFL-Pensacola

### Secondary Case Information

**Docket #:**    **Judge:**
**Dkt Date:** / /

### Case Relationships

| Docket # | Short Style | Relation | Status |
|---|---|---|---|
| 07-13390-I | Louis Romain v. USA | Related | Open |
| 00-16492-BB | USA v. James H. Furgeson | Related | Closed |
| 00-16559-BB | USA v. Russell Elroy Kaemmerling | Related | Closed |
| 00-16560-BB | USA v. Ray P. Pope | Related | Closed |
| 00-16561-BB | USA v. Kevin Michael Kelly | Related | Closed |
| 01-10182-BB | USA v. Louis Romain | Related | Closed |

| 01-10654-BB | USA v. Scott J. Hamilton | Related | Closed |
|---|---|---|---|
| 02-16410-JJ | USA v. Ray P. Pope | Related | Closed |
| 03-12374-J | USA v. Russell Elroy Kaemmerling | Related | Closed |
| 03-12611-J | USA v. Russell Elroy Kaemmerling | Related | Closed |
| 03-12613-J | USA v. Russell Elroy Kaemmerling | Related | Closed |
| 03-12614-J | USA v. Russell Elroy Kaemmerling | Related | Closed |
| 03-12615-J | USA v. Russell Elroy Kaemmerling | Related | Closed |
| 03-15379-JJ | USA v. Russell Elroy Kaemmerling | Related | Closed |
| 05-11056-F | Russell Elroy Kaemmerling v. USA | Related | Closed |
| 05-14238-I | In Re: Ray P. Pope | Related | Closed |

## Pending Motions

No Pending Motions

---



**United States Court of Appeals
for the Eleventh Circuit**
56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 03-14190-SS
# USA v. Russell Elroy Kaemmerling

UNITED STATES OF AMERICA,


Plaintiff-Appellee,


versus


RUSSELL ELROY KAEMMERLING,


Defendant-Appellant.



**United States Court OF Appeals**
**FOR the Eleventh Circuit**
56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 03-14190-SS
# USA v. Russell Elroy Kaemmerling

| Appellant | Appellant Attorney |
|---|---|
| *PRO SE*<br>**Russell Elroy Kaemmerling (04899-017)**<br>PO BOX 9000<br>SEAGOVILLE, TX 75159-9000<br>*Appellant Brief Filed filed on 04.19.2004*<br>*Reply Brief Filed filed on 06.01.2004*<br>*Fees: Paid on 12.30.2003* | |

| Appellee | Appellee Attorney |
|---|---|
| **United States of America**<br>Address Not On File | **Benjamin W. Beard**<br>U.S. Attorney's Office<br>21 E GARDEN ST STE 400<br>PENSACOLA, FL 32502-5675<br>(850) 444-4000<br>Fax: (850) 434-9050<br>Benjamin.Beard@usdoj.gov<br>*E-Brief Tendered: Appellee filed on 05.14.2004*<br>*Appellee Brief Filed filed on 05.17.2004* |
| | **Nancy J. Hess**<br>United States Attorney's Office<br>21 E GARDEN ST STE 400<br>PENSACOLA, FL 32502-5675<br>(850) 444-4000<br>Fax: (850) 434-9050<br>nancy.j.hess@usdoj.gov<br>*No Briefing Information Found.* |
| | **E. Bryan Wilson**<br>111 N ADAMS ST STE 4<br>TALLAHASSEE, FL 32301-7730<br>(850) 942-8430<br>Fax: (850) 942-8448<br>bryan.wilson@usdoj.gov<br>*No Briefing Information Found.* |

| Initial Service | |
|---|---|
| **Gregory Robert Miller**<br>U.S. Attorney<br>111 N ADAMS ST STE 4<br>TALLAHASSEE, FL 32301-7730<br>(850) 942-8430<br>Fax: (850) 942-8424<br>gregory.miller@usdoj.gov | |



**United States Court of Appeals
for the Eleventh Circuit**
56 Forsyth Street, N.W.
Atlanta, GA 30303-2289
(404) 335-6100

# 03-14190-SS
# USA v. Russell Elroy Kaemmerling

| | File Date | Entry | Party | Pending |
|---|---|---|---|---|
| | 08/19/2003 | Motion for Certificate of Appealability Construed from the Notice of Appeal: (ProSe) | Russell Elroy Kaemmerling | No |
| | 08/20/2003 | HAB-1 (State Habeas/2255 - docketing notice) issued. To: Kaemmerling, Russell Elroy cc: William McCool cc: Miller, Gregory Robert cc: Beard, Benjamin W. | | No |
| | 08/20/2003 | No Hearings to be Transcribed. | | No |
| | 08/21/2003 | Probable Jurisdiction Noted: (ProSe) | Russell Elroy Kaemmerling | No |
| | 08/26/2003 | MOT2 (Motion - Court Action) issued sending Motion for Rule 11 Sanctions addressed to USDC. To: William McCool | | No |
| | 08/27/2003 | Appearance Form Submitted: Nancy J. Hess | Nancy J. Hess | No |
| | 08/27/2003 | Appearance Form Submitted: Pamela A. Moine | Pamela A. Moine | No |
| | 08/28/2003 | Appearance Form Submitted: Benjamin W. Beard | Benjamin W. Beard | No |
| | 08/28/2003 | Notice of Filing - Affidavit of Russell Kaemmerling: (ProSe) | Russell Elroy Kaemmerling | No |
| | 09/02/2003 | DC Order: COA Denied - This is not a final order denying 2255 relief, and in fact, no such motion has yet been filed. Therefore no certificate of appealability is warranted. No motion for IFP has been filed. Defendant shall pay the $105 filing fee...: | Russell Elroy Kaemmerling | No |

| | 09/05/2003 | MOT2 (Motion - Court Action) issued sending motion for IFP to USDC. To: William McCool | | No |
|---|---|---|---|---|
| | 09/05/2003 | Motion for Release Pending Appeal (no CIP): (ProSe) | Russell Elroy Kaemmerling | No |
| | 09/05/2003 | Certificate of Readiness | | No |
| | 09/08/2003 | MOT9 (Motion - No CIP) issued. To: Kaemmerling, Russell Elroy | | No |
| | 09/12/2003 | Response to Motion For Release Pending Appeal (CIP included): (Atty: Benjamin W. Beard) | United States of America | No |
| | 09/15/2003 | Certificate of Interested Persons: (ProSe) | Russell Elroy Kaemmerling | No |
| | 09/18/2003 | DC Order: IFP Denied: (ProSe) | Russell Elroy Kaemmerling | No |
| | 09/19/2003 | HAB-5 (State Habeas - after docketing) issued. To: Kaemmerling, Russell Elroy cc: Beard, Benjamin W. cc: Hess, Nancy J. cc: Moine, Pamela A. cc: William McCool cc: Miller, Gregory Robert | | No |
| | 10/01/2003 | Motion to Proceed IFP (construed from Notice of Appeal of District Court order denying IFP): (ProSe) | Russell Elroy Kaemmerling | No |
| | 10/03/2003 | MOT5 (Motion - Notice of Appeal / IFP) issued (USCA IFP form & CIP enclosed). To: Kaemmerling, Russell Elroy cc: Beard, Benjamin W. cc: Hess, Nancy J. cc: Moine, Pamela A. cc: William McCool cc: Miller, Gregory Robert | | No |
| | 10/14/2003 | Motion to Proceed IFP (with CIP): (ProSe) | Russell Elroy Kaemmerling | No |
| | 10/15/2003 | CLK1 (Letter to District Court) issued. To: William McCool | | No |
| | 10/23/2003 | Appearance Form Submitted: E. Bryan Wilson | | No |
| | 11/06/2003 | Original Papers received: 2 Boxes | | No |
| | 12/12/2003 | Appellant's motions for leave to proceed IFP are DENIED because the appeal is frivolous. Motion for COA is DENIED AS UNNECESSARY. Motion for Immediate Release on Personal Recognizance Bond... is DENIED. (JFD) | | No |
| | 12/12/2003 | MOT2 (Notice of court action) issued. c:Beard, Benjamin W.; c:Hess, Nancy J.; c:Kaemmerling, Russell Elroy; c:Miller, Gregory Robert; c:William McCool; c:Wilson, E. Bryan | | No |
| | 12/31/2003 | DIS-2 (Letter to district court enclosing dismissal order) issued. To:William McCool; c:Beard, Benjamin W.; c:Hess, Nancy J.; c:Kaemmerling, Russell Elroy; c:Miller, Gregory Robert; c:Wilson, E. Bryan | | No |
| | | Pursuant to the 11th Cir.R.42-1(b), this appeal is dismissed for want of prosecution because the appellant | | |

| | 12/31/2003 | failed to pay the docketing and filing fees to the district court clerk within the time fixed by the rules. | | No |
|---|---|---|---|---|
| | 01/09/2004 | PRO1 (Letter to pro se) issued returning "Motification of Bond Decree..."; document may be resubmitted after fees are paid & appeal reinstated. To:Kaemmerling, Russell Elroy | | No |
| | 01/13/2004 | Motion to Reinstate Appeal: (ProSe) | Russell Elroy Kaemmerling | No |
| | 01/15/2004 | Motion to Reinstate Appeal is GRANTED. (WL) | | No |
| | 01/15/2004 | REINST-1 (Reinstatement letter) issued. To:William McCool; c:Beard, Benjamin W.; c:Hess, Nancy J.; c:Kaemmerling, Russell Elroy; c:Miller, Gregory Robert; c:Wilson, E. Bryan | | No |
| | 01/16/2004 | Briefing Notice Issued | | No |
| | 01/16/2004 | BR1CIV (Letter confirming brief due date) issued. c:Beard, Benjamin W.; c:Hess, Nancy J.; c:Kaemmerling, Russell Elroy; c:Miller, Gregory Robert; c:Wilson, E. Bryan | | No |
| | 01/16/2004 | Motion for Reconsideration of Single Judge's Order of 12/12/03 (ProSe) | Russell Elroy Kaemmerling | No |
| | 02/09/2004 | APPT has filed a motion for "Modification of Bond Decree Based on Newly Acquired Substantive Evidence," which is construed as a motion for reconsideration of this Court's 12/12/03 order..APPT's motion for release is DENIED... (SFB, JFD) see f/f for text | | No |
| | 02/09/2004 | MOT2 (Notice of court action) issued. c:Beard, Benjamin W.; c:Hess, Nancy J.; c:Kaemmerling, Russell Elroy; c:Wilson, E. Bryan | | No |
| | 02/24/2004 | Motion to File Excess Pages: (ProSe) | Russell Elroy Kaemmerling | No |
| | 02/27/2004 | Appellant's motion for leave to file a brief of up to 15,147 words is DENIED. Appellant may file a brief of up to 14, 000 words...within 21 days of the date of this Order. (JFD) Please see ff for complete text | | No |
| | 02/27/2004 | MOT2 (Notice of court action) issued. c:Beard, Benjamin W.; c:Hess, Nancy J.; c:Kaemmerling, Russell Elroy; c:Wilson, E. Bryan | | No |
| | 03/12/2004 | MOT2 (Notice of court action) issued. To:Kaemmerling, Russell Elroy; c:Beard, Benjamin W.; c:Hess, Nancy J.; c:Wilson, E. Bryan | | No |
| | 03/25/2004 | Motion for Extension to File Corrected Appellant Brief: (ProSe) | Russell Elroy Kaemmerling | No |
| | 03/30/2004 | Appellant's motion for a 13 day extension of time in which to file initial brief, up to and including April 15, | | No |

| | | | | |
|---|---|---|---|---|
| | | 2004, is GRANTED. (FMH) | | |
| | 03/30/2004 | MOT2 (Notice of court action) issued. To:Kaemmerling, Russell Elroy | | No |
| | 03/30/2004 | MOT2 (Notice of court action) issued. c:Beard, Benjamin W.; c:Hess, Nancy J.; c:Kaemmerling, Russell Elroy; c:Wilson, E. Bryan | | No |
| | 04/19/2004 | Appellant Brief Filed: (ProSe) | Russell Elroy Kaemmerling | No |
| | 04/21/2004 | BR10 (Letter to appellee confirming brief due date) issued. To:Beard, Benjamin W.; c:Hess, Nancy J.; c:Kaemmerling, Russell Elroy; c:Wilson, E. Bryan | | No |
| | 04/26/2004 | MOT2 (Notice of court action) issued. To:Kaemmerling, Russell Elroy; c:Beard, Benjamin W.; c:Hess, Nancy J.; c:Wilson, E. Bryan | | No |
| | 05/13/2004 | Renewed Motion for Release Pending Appeal: (ProSe) | Russell Elroy Kaemmerling | No |
| 20pages | 05/14/2004 | E-Brief Tendered: Appellee by Nancy J. Hess for United States of America | United States of America | No |
| | 05/17/2004 | Appellee Brief Filed: (Atty: Benjamin W. Beard) | United States of America | No |
| | 06/01/2004 | Reply Brief Filed: (ProSe) | Russell Elroy Kaemmerling | No |
| | 06/04/2004 | On its own motion, the Court DISMISSES this appeal AS FRIVOLOUS. All remaining pending motions are DENIED AS MOOT. (RLA, SFB, CRW) see f/f for complete text. | | No |
| | 06/04/2004 | DIS-4 (Letter to district court enclosing court order) issued. To:William McCool; c:Beard, Benjamin W.; c:Hess, Nancy J.; c:Kaemmerling, Russell Elroy; c:Wilson, E. Bryan | | No |
| | 06/04/2004 | CASE CLOSED | | No |
| | 06/21/2004 | Motion for Reconsideration of Panel Order: (ProSe) | Russell Elroy Kaemmerling | No |
| | 07/23/2004 | Appellant's motion for reconsideration of this Court's June 4, 2004, Order dismissing this appeal as frivolous is DENIED. | | No |
| | 07/23/2004 | MOT2 (Notice of court action) issued. c:Beard, Benjamin W.; c:Hess, Nancy J.; c:Kaemmerling, Russell Elroy; c:Wilson, E. Bryan | | No |
| | 01/18/2005 | Certiorari Denied: (ProSe) (SC# 04-7397) | Russell Elroy Kaemmerling | No |
| | 01/21/2005 | Notice of cert filing #04-7397 dated 11/24/04 was downloaded from Sup. Ct. website on 1/21/05. | | No |
| | 01/21/2005 | Notice of Filing Certiorari: (ProSe) (SC# 04-7397) | Russell Elroy | No |

Kaemmerling



| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/23/2007 12:08:28 | | |
| **PACER Login:** | us8525 | **Client Code:** | |
| **Description:** | docket sheet | **Case Number:** | 03-14190-SS |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |

**Send Comment**      **Change Client Code**      **View Billing History**      **Search**

# Exhibit 5

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

3:00CR45/RV

No. 03-14190-JJ

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUN 0 4 2004

THOMAS K. KAHN
CLER.
```

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL ELROY KAEMMERLING,

Defendant-Appellant.

_____

On Appeal from the United States District Court for the
Northern District of Florida

_____

BEFORE: ANDERSON, BIRCH and WILSON, Circuit Judges.

BY THE COURT:

On its own motion, the Court DISMISSES this appeal AS FRIVOLOUS.

See Eleventh Circuit Rule 42-4; see also U.S. v. Fair, 326 F.3d 1317 (11th Cir.

2003); U.S. v. Mosavi, 138 F.3d 1365 (11th Cir. 1998).

All remaining pending motions are DENIED AS MOOT.

OFFICE OF CLERK
U.S. DISTRICT CT
NORTHERN DIST. FLA.
PENSACOLA, FLA.

04 JUN -7 AM II: 12

FILED



A True Copy - Attested
Clerk, U.S. Court of Appeals,
Eleventh Circuit

Deputy Clerk
Atlanta, Georgia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RUSSELL KAEMMERLING** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Civil Action No. 07-1046 (RBW)** |
| | ) |
| **ALBERTO GONZALES, <u>et</u> <u>al.</u>,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**ORDER**

UPON CONSIDERATION of Defendants' motion to dismiss, and the entire record

herein, it is this ___ day of _____, 2007, hereby

ORDERED, that Defendants' motion to dismiss is hereby GRANTED; and it is

FURTHER ORDERED, that this case is dismissed as frivolous with prejudice.


_____
UNITED STATES DISTRICT JUDGE

Copies of this Order to:

Karen L. Melnik
Assistant U.S. Attorney
Judiciary Building
555 Fourth Street, N.W., Rm. E-4112
Washington, D.C.  20530

Russell Kaemmerling
Reg. No. 04899-017
P.O. Box 9000
Seagoville, TX 75159-9000